1  MATTHEW RAFAT (in pro per)
   PO BOX 111351
2  CAMPBELL, CA 95011-1351
   408-871-2899
3

4  Attorney for Ben Silva, Steve Wang,
   and Matthew McKee
5

6

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10                 **SAN JOSE DIVISION**

11

12
   TVIA, INC,                          )    CASE No.:
13                                      )
                                        )    NOTICE TO ADVERSE PARTY OF REMOVAL
14              Plaintiff,              )    TO FEDERAL COURT
                                        )
15                                      )    **(DIVERSITY JURISDICTION AND**
        vs.                             )    **PREEMPTION UNDER SECURITIES LAWS)**
16                                      )
   BENJAMIN SILVA, an individuall TSU   )    **DEMAND FOR JURY TRIAL**
17 HSIEN "STEVE WANG", an individual;   )
   MATTHEW MCKEE, an individual;        )
18 DIANE BJORKSTROM, an individual;     )
   MICHAEL BUTTRICK, an individual;     )
19 YK SYNNET, a Japanese Corporation;   )
   AND DOES 1 to 50, inclusive          )
20                                      )
              Defendant.                )
21 _____     )

22

23

24

25

26

27

28

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2      PLEASE TAKE NOTICE that Defendant(s) BENJAMIN SILVA, TZU HSIEN "STEVE"

3  WANG, and MATTHEW MCKEE hereby remove to this Court the state court action described

4  below.

5      On February 8, 2008, 2006 an action was commenced in the Superior Court of the State of

6  California in and for the County of Santa Clara, with the same heading as see in the caption above.

7  See attached Complaint, case number 1-08-CV104728 as Exhibit "A."

8      Plaintiff claims to have served Steve Wang, a resident of China, by substitute service in

9  California.  However, Steve Wang is a resident of China and lives in China.  Plaintiff knew that Mr.

10 Wang resided in China, because a declaration had been served on Plaintiff before.  See Exhibit "B."

11     This action is a civil action of which this Court has jurisdiction under the pre-emption

12 doctrine as well as diversity jurisdiction (through Steve Wang) and as a result, is one which may be

13 removed to this Court by defendant(s) pursuant to the provisions of in that it arises under SLUSA

14 and PSLRA (federal statutes).

15     To defendants' knowledge, no other defendant has answered this complaint and/or been

16 properly served.  The appropriate joinders will be filed if necessary at a later date.

17                         **DEMAND FOR JURY TRIAL**

18     Defendants SILVA, WANG, AND MCKEE demand a trial by jury on all claims alleged

19 above.

20

21 Dated: April 9, 2008            _____

22                              MATTHEW RAFAT, Esq.

23

24

25

26

27

28

1 **CERTIFICATE OF SERVICE**

2 I declare that:

3      I am and was at the time of service of the papers herein a resident of the State of California and over the age of eighteen years and am not a party to this action; my business address is PO Box

4 111351, Campbell, California 95011.  On **April 9, 2008**, I caused to be served the following documents(s):

5

      **1.**         NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

6

[X  ] BY MAIL: (CCP 1013 and 1013a)

7

8      [ X]  By placing the documents(s) listed above for **FIRST CLASS MAIL** delivery in a sealed envelope, addressed as set forth below, and placing the envelope for collection and mailing in the place designated for such in our offices, following ordinary business practices thereof to:

9

Jefferson Stamp (Counsel for TVIA)

10 15650-A Vineyard Blvd.
#146

11 Morgan Hill, CA 95037

12 I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with

13 postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more

14 than one day after date of deposit for mailing in affidavit.

15      [ ]      By placing a copy thereof for delivery by **OVERNIGHT EXPRESS** (CCP 1013c and d)

16

[  ]    BY FACSIMILE: (CCP 1013e and f): from fax number 619-238-8707 to the fax numbers

17      listed on the attached mailing list.  The facsimile machine I used complied with Rule 2008 and no error was reported by the machine.

18

[ ]      BY PERSONAL SERVICE: I hand-delivered the documents described above to Adam

19      Wang, attorney for Plaintiff, 12 S. First St., Suite 613, San Jose, CA 95113 on September 1, 2006 at approximately _____.

20

21 I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on April 9, 2008 at San Jose, California.

22

23 _____

Matthew Rafat

24

25

26

27

28

Notice of Removal                                                                                           3

# EXHIBIT A

(Complaint; already on file with state court)

# EXHIBIT B

The undersigned, TZU HSIEN "STEVEN" WANG, being first duly sworn, declares as follows:

1.    I am over 18 years old, am competent to testify, am basing my statements on personal knowledge, and if called to testify, I will do so willingly.

2.    Although I have a local address in the caption, that address is not my current location. I am currently in China. I have not authorized anyone to accept service on my behalf locally.

3.    At no time have I been served with either a summons or complaint in the above-captioned action. No one representing themselves as an agent of plaintiff has handed me a summons and complaint in this action or mailed the summons and complaint to my home or business address.

4.    I have not authorized anyone to accept service in this case on my behalf.

5.    I found out about the complaint because I had hired and/or consulted with an attorney to defend me in a related matter.

6.    I have no papers in my possession on the above-captioned case.

The undersigned hereby declares under penalty of perjury that the foregoing is true and correct under the laws of the State of California and executes this Declaration on October 27, 2007 in ShenZhen City, GuangDong Province, China.

TZU HSIEN "STEVEN" WANG

1   CERTIFICATE OF SERVICE

2   I declare that:

3

4   I am and was at the time of service of the papers herein a resident of the State of California and
    over the age of eighteen years and am not a party to this action; my business address is PO Box 111351,
5   Campbell, California 95011. On **October 29, 2007**, I caused to be served the following document(s):

6

7   1.    DECLARATION OF TZU HSIEN "STEVEN" WANG IN SUPPORT OF MOTION TO
          QUASH

8

9         [ X ] BY MAIL: (CCP 1013 and 1013a)

10           [ X ]  By placing the documents(s) listed above for **OVERNIGHT MAIL** delivery in a

11    sealed envelope, addressed as set forth below, and placing the envelope for collection and

12    mailing in the place designated for such in our offices, following ordinary business practices

13    thereof to:

14         Gregory Charles, Esq.
           Campeau, Goodsell, Smith
15         440 North First Street, Ste 100
           San Jose, CA 95112

16

17         I am "readily familiar" with the firm's practice of collection and processing
    correspondence for mailing. Under that practice, it would be deposited with U.S. postal service
18    on that same day with postage thereon fully prepaid in the ordinary course of business. I am
    aware that on motion of the party served, service is presumed invalid if postal cancellation date
19    or postage meter date is more than one day after date of deposit for mailing in affidavit.

20         [ ]    personal delivery to the address above:

21         I declare under the penalty of perjury under the laws of the State of California that the
    foregoing is true and correct. Executed on **October 29, 2007** at San Jose, California.

22

23  _____
    Matthew Rafat

24

25

26

27

28

---

Declaration of Wang re: Motion to Quash                    Page 3 of 3