1  GREGORY CHARLES, ESQ., BAR NO. 208583
   CAMPEAU GOODSELL SMITH
2  440 North First Street, Ste. 100
   San Jose, California 95112
3  Telephone: 408.295.9555
   Facsimile: 408.852.0233
4  gcharles@campeaulaw.com

5  *Counsel for Tvia, Inc.*

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TVIA, INC. | Case No. 08-cv-01908-SC |
| Plaintiff, | **ADMINISTRATIVE MOTION TO CONTINUE HEARING REGARING MOTION TO DISMISS (DOC. NOS. 6-7) AND LIMITED OPPOSITION TO "DEFENDANTS' NOTICE OF INTENT TO REMAND TO STATE COURT AND REQUEST FOR STAY OF ALL FEDERAL COURT PROCEEDINGS"** |
| vs. | |
| BENJAMIN SILVA, TSU HSIEN "STEVE" WANG, MATTHEW MCKEE, DIANE BJORKSTROM MICHAEL BUTTRICK, YK SYNNET, A JAPANESE CORPORATION AND DOES 1 TO 100, INCLUSIVE | No Hearing |

**MOTION**

Tvia, Inc.("Tvia") hereby moves to continues the Motion to Dismiss filed by Defendants Benjamin Silva ("Silva"), Tsu Hsien "Steve" Wang, and Matthew McKee ("Mckee") currently scheduled for June 6, 2008 to July 11, 2008 (Doc. Nos. 6-7). This motion is predicated upon the following considerations:

1. Silva, Wang, and McKee ("Defendants") removed this case from the Superior Court for the State of California on April 9, 2008.

2. The Defendants filed a Motion to Dismiss ("Motion") on April 25, 2008 (Doc. Nos. 6-7) and noticed the Motion for hearing on June 6, 2008, and the opposition is due on May 16, 2008.

3. Every aspect of the Notice of Removal (Doc. No.1) is completely defective.

4. Procedural Objections notwithstanding, this Court lacks subject matter jurisdiction as the parties are not diverse, and the causes of action plead by Tvia arise under state law.

5. Tvia raised these considerations in correspondence to Counsel for Silva, Wang, and McKee on May 2, 2008, but Counsel for the Defendants insists that unreasonable and improper terms be included in a stipulation for an order remanding the case to the Superior Court.

6. Assuming that the Court does not remand the matter *sua sponte*, continuing the hearing until July 11, 2008 will allow Tvia to file a motion to remand the case.

For the foregoing reasons this motion should be granted, and the Motion should be continued from June 6, 2008 to July 11, 2008.

## POINTS AND AUTHORITIES

**A. The Motion should be continued to July 11, 2008.**

Tvia filed this case in the Superior Court on February 1, 2008. The Plaintiff is a Delaware Corporation that maintains its principal place of business in Santa Clara County, California (Charles Dec., ¶2). Tvia served defendants Silva, Wang, and Bjorkstrom at their residences in California more than thirty days ago (Charles Dec., Ex. 1). The Defendants removed this case on April 9, 2008 and filed the Motion seeking dismissal pursuant to Rule 12(b)(6) on April 25, 2008.

The Motion is both sloppy and incomprehensible. For example, the Defendants attached a declaration of their Counsel to the Motion who purportedly offers percipient testimony. While the Motion does not mention standards governing summary judgment, the Defendants have implicated Rule 56. Rule 12(d)(1).

Since this Court does not have subject matter jurisdiction, however, it cannot rule on the Motion. In advance of its motion to remand the case, which will be filed in the very near future, the Plaintiff submits the following offer of proof (1) justifying a continuance of the Motion, (2) demonstrating the procedural defects in the Notice of Removal, and (3) establishing that the Court does not have subject matter jurisdiction.

\\

1. Counsel did not sign the Notice of Removal which is a requirement under Rule 11. 28 U.S.C. § 1446(a) (Doc. No. 1).
2. The Notice of Removal cites diversity of citizenship as a basis for jurisdiction but fails to state the residency of each party.  Diversity jurisdiction is conferred on a federal court only if there is complete diversity.  Complete diversity requires that none of the defendants be a citizen of the same state as the plaintiff.  If the plaintiff and any defendant share citizenship of the same state, diversity is incomplete, and the federal court lacks jurisdiction. *Inecon Agricorporation v. Tribal Farms, Inc.*, 656 F.2d 498, 500 (9th Cir. 1981); *China Basin Props., Ltd. v. Allendale Mut. Ins. Co.*, 818 F. Supp. 1301, 1303 (N.D. Cal. 1992).  Tvia, Silva, Wang, Mckee, and Bjorkstom are residents of the State of California. (Charles Dec., Ex. 1).  Diversity in this case does not exist.
3. Even if there were diversity, a defendant cannot remove a case in his or her home state.
4. Counsel filed the notice on behalf of three defendants.  All defendants must join in the notice of removal. *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998).
5. "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file ... all process, pleadings, and orders served upon such defendant or defendants in such action." 28 USCS § 1446.  Counsel did not attach "all process, pleadings, and orders" served on the defendants to the Notice of Removal.  *In fact, he did not even attach the complaint that is the subject matter of the Motion.*
6. With respect to Federal Question Jurisdiction, the Defendants have the burden to demonstrate subject matter jurisdiction.  The removal right is strictly construed. *California v. United States*, 215 F.3d 1005, 1010-1014 (9th Cir. 2000); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir. 1984).  A strong presumption exists against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only if a federal question is affirmatively and distinctly presented on the face of the plaintiff's properly pleaded complaint. *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*,

1  992 F.2d 932, 934, 937 (9th Cir. 1993); *Clorox Co. v. United States Dist. Ct. for N.*
2  *Dist.of Cal.*, 779 F.2d 517, 521 (9th Cir. 1985). Since Counsel for the Defendants did
3  not attach the complaint to the Notice of Removal, there is nothing before the Court
4  indicating subject matter jurisdiction.

5  7. The Defendants were served with process more than 30 days ago (Charles Dec., Ex. 1).
6  Therefore, the time to correct the technical defects noted herein has lapsed. The
7  substantive considerations, however, cannot be corrected.

Tvia attempted to resolve this matter amicably and sent correspondence to Counsel for the Defendants on May 2, 2008 noting each of the aforementioned considerations (Charles Dec., Ex. 2). Counsel for the Defendants has insisted that a stipulation for an order of remand include unsatisfactory conditions such as Tvia waiving any right to seek attorney's fees relating to this blatantly improper removal of a case from the Superior Court. The Defendants also demand an order from this Court preserving their right to file a demurrer in the Superior Court after the case is remanded.

### B. Tvia's limited opposition to "Defendants' Notice of Intent to Remand to State Court and Request for Stay of All Federal Court Proceedings."

While Tvia does not oppose remand of this case, it notes that Counsel for the Defendants is engaging in gamesmanship with the Plaintiff and this Court. As noted, Tvia will not stipulate to a remand of this case without reserving its right to seek attorney's fees for the blatantly improper removal. Additionally, it objected to the Defendant's efforts to have this Court enter an order preserving the Defendants' right to file a demurrer in state court. In response, Counsel for the Defendants filed a "Notice of Intent to Remand to State Court and Request for Stay of All Federal Court Proceedings." (Doc. 9). In this document, which has no basis under the Federal Rules of Civil Procedure, Counsel for the Defendants failed to advise the Court that Tvia objected to Counsel's inappropriate conditions regarding a stipulation for an order remanding the case, yet Counsel attached to the document a proposed order with the following language.

> IT IS ORDERED that this case be remanded to Santa Clara County Superior Court, where DEFENDANTS will file a demurrer or an answer to the Complaint and that no further action be taken by this Court. Each side is to bear his/her/its attorneys' fees and

costs.

While this Court respectfully does not have authority to direct the course of proceedings in state court after remand, the proposed order is an obvious ploy by the Defendants to later argue that they can file a demurrer after the case is remanded. The Defendants' efforts to obtain an *ex parte* order adjudicating Tvia's statutory right to seek costs and attorney's fees are simply unconscionable.

The Defendants' gamesmanship, however, continues. Instead of re-noticing the Motion pursuant to LR 7-7, the Defendants left it on the docket, and Tvia's opposition is still due next Friday. While the Defendants and their Counsel have heretofore demonstrated either complete ignorance or total disregard of the Federal Rules of Civil Procedure and the Local Rules, their conduct is this regard is deliberate as Tvia specifically advised the Defendants that they could re-notice the Motion to avoid this administrative motion. The May 2, 2008 correspondence stated, "If you need more time to confer, then I suggest that you re-notice the Rule 12(b)(6) Motion hearing for a later date pursuant to LR 7-7" (Charles Dec., Ex. 2). Obviously, the Defendants are intentionally forcing Tvia to incur additional attorney's fees while wasting this Court's time.

## CONCLUSION

Assuming that the Court does not *sua sponte* remand the case to state court, Tvia respectfully asks that the Motion be continued from June 6, 2008 until July 11, 2008 which will allow Tvia to have its motion to remand heard on thirty-five days notice in accordance with the Local Rules. In the event that this Court remands the case *sua sponte* or pursuant to a motion filed by the Defendants, Tvia asks that the Court specifically retain jurisdiction to entertain a motion pursuant to LR 7-8 and 28 U.S.C. § 1447(c).

Dated: May 2, 2008                                    CAMPEAU GOODSELL SMITH
                                                                       A Law Corporation


                                                                       By:   /Gregory J. Charles
                                                                                GREGORY J. CHARLES
                                                                                Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Campeau Goodsell Smith
A Law Corporation
San Jose, California

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
1