1  MATTHEW RAFAT (SBN 221577)
   PO Box 111351
2  Campbell, CA 95011-1351
   408-871-2899
3
4  Attorney for Defendants
   Benjamin Silva, Matthew McKee,
5  and Tsu Hsien "Steve" Wang

6

7              NORTHERN DISTRICT OF CALIFORNIA

8                  SAN FRANCISCO DIVISION

9  TVIA, INC., a Delaware Corporation,    | CASE NO: C 08 01908 SC
10         Plaintiff,
11  vs.                                    | DEFENDANTS' SILVA, MCKEE, AND
                                           | WANG's LIMITED OPPOSITION TO
12  BENJAMIN SILVA, an individual TSU      | REMAND OF CASE AND ORDER
    HSIEN "STEVE WANG", an individual;     | LENGTHENING TIME AND REQUEST
13  MATTHEW MCKEE, an individual;          | FOR REMAND
    DIANE BJORKSTROM, an individual;
14  MICHAEL BUTTRICK, an individual;
15  YK SYNNET, a Japanese Corporation;
    AND DOES 1 to 50, inclusive,
16
           Defendants.
17

18  The undersigned, Matthew Rafat, being first duly sworn, declares as follows:

19     1.  I am over 18 years old, am competent to testify, am basing my statements on personal
20         knowledge, and if called to testify, I will do so willingly.
21
       2.  My business address is PO Box 111351, Campbell, CA 95011-1351.
22
       3.  I am filing this limited opposition to demonstrate my firm's good faith and also to request
23
           that the Court issue an order to remand the case to state court, each side to bear his own
24
           costs and fees.  My firm only opposes Plaintiff's motions to the extent that they have been
25
26         unnecessary because of my firm's acceptance of Plaintiff's TVIA's counsel's offer to
27         stipulate to a remand on May 1, 2008.
28

1
Notice of Limited Opposition                                TVIA, Inc. v. Silva., et al.

4. Plaintiff TVIA has filed several unnecessary motions for the sole purpose of asking this court, at a later date, for a reimbursement of its attorneys' fees. None of the motions filed today were necessary. See <u>Exhibit 1</u>, which is a true and accurate copy of my email to TVIA's counsel, Mr. Charles, dated May 2, 2008:

> I am happy to sign anything you want; however, I have already requested that the judge remand the case voluntarily…It seems that the appropriate action for Mr. Stamp [TVIA's former counsel of record] to take is to e-file a non-opposition to my request to remand back to state court.

5. On May 2, 2008, Mr. Charles responded, "Thank you." See <u>Exhibit 1</u>. But at no time did he ever forward a stipulation for my firm to sign. When I received Mr. Charles' email, I was hopeful that we would be able to stipulate to a remand back to state court without the need for any unnecessary motions. After Mr. Charles indicated that the court could not issue a stay of the federal action, I revised the original stipulation per his request. See <u>Exhibit 2</u>, attached, for a true and accurate copy of the proposed order and stipulation.

6. On May 5, 2008, after having sent the stipulation and proposed order, I asked Mr. Charles and Mr. Stamp, "Who is going to sign the stip to remand to state court?" See true and accurate copy of emailed, attached as <u>Exhibit 3</u>.

7. On May 6, 2008, Mr. Charles suddenly changed his demeanor and wrote back, saying, "We are tired of your constant posturing. We will not agree to a remand to state court…my client has incurred over a [sic] $1,000.00 in fees…" See <u>Exhibit 3</u>.

8. The motions before the court are surprising not only for the sudden adversarial stance, but because Mr. Charles is reneging on his own offer to agree to a remand to state court.

9. On May 1, 2008, Mr. Charles sent me a short email requesting that I remand the case to state court. See <u>Exhibit 4</u>, attached for a true and accurate copy of the email. Mr. Charles wrote,

> Unless you stipulate to a remand, we will be forced to file a motion which will subject you to costs and attorneys fees.

That same day, as I stated above, I agreed to a remand. I interpreted Mr. Charles' statement as a unilateral offer: if I agreed to the remand, my clients and I would <u>not</u> be subject to "costs and attorneys' fees." A reasonable person would interpret Mr. Charles' email as a request for a stipulation ("Unless you stipulate to a remand…") and an agreement not to seek fees and costs as long as the request was agreed to.

10. While I believed, and continue to believe that because Plaintiff's complaint deals with actions pre-empted by the federal securities laws, I did not want to risk having my firm or clients sanctioned if the case was remanded to state court. Therefore, within a few hours of receiving Mr. Charles' email, I wrote back, stating, "Also, please provide me with case law relating to why the federal Securities Acts do not pre-empt TVIA's claims for securities fraud…Also, **please email me the stipulation and [proposed] order to remand so I can sign it** if my clients agree to the remand. **I am also happy to stipulate to any motion to change time, but it may not be necessary once you forward me the stipulation to amend**." See <u>Exhibit 5</u> for a true and accurate copy of this email.

11. Yet, at no point in time have any of TVIA's attorneys sent me any stipulation or any reason why this court does not have subject matter jurisdiction under the PSLRA.

12. Because my firm stipulated to any motion to change time, and also to the request to remand the action per Mr. Charles' May 1, 2008 email, the motions TVIA filed on May 6, 2008 were completely unnecessary.

13. The reason these motions were filed was for the sole purpose of generating fees. Plaintiff is not requesting any legally-allowable action from this Court that they could not have received by stipulation. Plaintiff's motive for fees is transparent. On May 6, 2008, Mr. Charles wrote to me,

> Your continued gamesmanship is only increasing the amount of attorney's fees that Tvia will seek from you and your clients...It [TVIA] will seek fees associated with this motion.

14. I responded to this email again requesting a stipulation to remand this case to state court:

> **Please send me a stipulation remanding the matter** to state court. The judge's courtroom clerk called me this week asking for a stipulation so that the judge could remand the case to state court. There is no need for further motions, but if you desire to file unnecessary motions, there is nothing I can do to stop you.

15. I had also requested and agreed to a stipulation based on a message received from Judge Conti's (courtroom?) clerk indicating that a stipulation would be an acceptable method of remanding the case to state court. I acted accordingly, and even today, have continued to request a stipulation to save the court time.

16. Apparently, the sticking point is that Plaintiff does not believe my clients can file a demurrer in state court once the action is remanded. However, no defendant has answered the complaint, and several defendants have not been served. Plaintiff has never stated why defendants would not be able to file a demurrer once this action is remanded to state court, given that the only pleadings in state court has been Plaintiff's complaint and the notice of removal. In addition, any arguments made about the procedural issues of filing a demurrer rather than an answer can be made at the state court level; therefore, there is no prejudice to Plaintiff if it remands the case to state court.

17. Plaintiff TVIA and Jeff Stamp, its in-house counsel, have a pattern of filing cases to harass their ex-employees, and then dismissing cases without paying costs. See Santa Clara County Cases No. 07-CV-084211 and 1-07-CV-089862 (one of which was dismissed).

18. My firm had and continues to have a good faith belief that federal securities laws pre-empt a state court complaint that alleges securities fraud based on shareholder diminution in value.

19. The Defendants that requested removal are individuals being sued by a corporation. Given the good faith demonstrated by my firm, we are requesting that no attorneys' fees or costs be awarded to either side. We also request that this Court *sua sponte* remand the action to state court and allow the state court action to proceed.

20. If the Court does not remand this case, Plaintiff had told me it will file motions requesting attorneys' fees by this Friday. This will cause my firm to oppose Plaintiff's motion to remand in good faith. Plaintiff's Complaint alleges securities law violations and shareholder loss based on insider trading. Its complaint alleges that the stock price of TVIA decreased as a result of insider trading and fraud. Thus, Section 10(b) of the 1934 Act may pre-empt California Corporations Code 25502.5, because the Corporations Code allows a lower standard of pleading than what is allowed under the PSLRA. As such, there may be a direct conflict between federal and state securities law. However, my firm has done extensive research, and we have not found any case on point relating to this pre-emption. For this reason, while we believe we are correct in our analysis, we have been willing since May 1, 2008 to remand the case to state court, where we plan on filing a demurrer, to ensure that my clients are not subject to attorneys' fees in case this Court does not agree with our analysis.

The undersigned hereby declares under penalty of perjury that the foregoing is true and correct under the laws of the State of California and executes this Declaration on May 6, 2008 in San Jose, CA.

/sd/ Matthew Rafat
Matthew Rafat, Esq.

I declare that:

I am and was at the time of service of the papers herein a resident of the State of California and over the age of eighteen years and am not a party to this action; my business address is PO Box 111351, Campbell, California 95011.  On **May 6, 2008**, I caused to be served the following document(s):

1. DEFENDANTS' SILVA, MCKEE, AND WANG's LIMITED OPPOSITION TO REMAND OF CASE OR ORDER LENGTHENING TIME AND REQUEST FOR REMAND

[X] **BY EMAIL**

Stephanie O. Sparks
60 South Market Street, Suite 1400
San Jose, CA  95113-2396
SOS@hogefenton.com

Brad Jones, Esq.
Needham, Davis, Kepner & Young, LLP
1960 THE ALAMEDA STE 210
SAN JOSE CA  95126-1451
bjones@ndkylaw.com

[X]     **BY E-FILING**

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **May 6, 2008** at San Jose, California.

/sd/ Matthew Rafat
Matthew Rafat

Yahoo! Mail - willworkforjustice@yahoo.com                        http://us.f326.mail.yahoo.com/ym/ShowLetter?box=Inbox&MsgId=.

## YAHOO! MAIL Classic

Print - Close Window

| | |
|---|---|
| From: | "Greg Charles" <gcharles@campeaulaw.com> |
| To: | "'Matthew Rafat'" <willworkforjustice@yahoo.com> |
| Subject: | RE: Tvia v. Silva |
| Date: | Fri, 2 May 2008 13:32:32 -0700 |

Thank You.

-----Original Message-----
From: Matthew Rafat [mailto:willworkforjustice@yahoo.com]
Sent: Friday, May 02, 2008 11:31 AM
To: Greg Charles
Subject: RE: Tvia v. Silva

Mr. Charles:

I am happy to sign anything you want; however, I have already requested that
the judge remand the case voluntarily. All papers were e-filed last
night.
Mr.
Stamp, who is counsel of record, has copies of all filings, including
the
proposed order to remand back to state court.

It seems that the appropriate action for Mr. Stamp, who is attorney of
record, to take is to e-file a non-opposition to my request to remand
back
to state court. Then, my clients will file a demurrer in state court.
I
hope this resolves all outstanding issues.
I am merely waiting for the judge to sign off on the order so we can go
back
to state court. Once Mr.
Stamp files a non-opposition to the proposed order, the judge will most
likely sign the proposed order, and defendants will file a demurrer in
state
court.

I note again that Mr. Stamp is attorney of record, so he should be the
one
to file a non-opposition.

Sincerely,
Matthew Mehdi Rafat, Esq.
PO Box 111351
Campbell, CA 95011
t-408-295-3367
t-408-891-2899
www.rafatlaw.com

The information contained in this e-mail message is intended only for
the
personal and confidential use of the recipient(s) named above. This
message
may be an attorney-client communication and as such is privileged and
confidential. If you have received this communication in error, please
notify me immediately by e-mail and delete the original message. Please
note
that The Law Office of Matthew Rafat does NOT provide any tax advice.

If you have not signed a fee agreement with me, this email does not

1  MATTHEW RAFAT (SBN 221577)
   PO Box 111351
2  Campbell, CA 95011-1351
   408-871-2899
3
4  Attorney for Defendants
   Benjamin Silva, Matthew McKee,
5  and Tsu Hsien "Steve" Wang

6

7              NORTHERN DISTRICT OF CALIFORNIA

8              SAN FRANCISCO DIVISION

9  TVIA, INC., a Delaware Corporation,        CASE NO: C 08 01908 SC

10         Plaintiff,

11  vs.                                        STIPULATION AND [PROPOSED] ORDER
                                               REMANDING ACTION TO STATE COURT
12
   BENJAMIN SILVA, an individual TSU
13 HSIEN "STEVE WANG", an individual;
   MATTHEW MCKEE, an individual;
14 DIANE BJORKSTROM, an individual;
   MICHAEL BUTTRICK, an individual;
15 YK SYNNET, a Japanese Corporation;
   AND DOES 1 to 50, inclusive,
16
           Defendants.
17

18
   WHEREAS Plaintiff and Defendants' counsel, at this time, have agreed that federal court jurisdiction
19
   does not exist, they stipulate to the proposed order below, remanding the action to Santa Clara
20
   County Superior Court, where it is agreed that both parties will bear their own attorneys' fees and
21
   costs, and where Defendants will have 15 days from the date of the order to file a demurrer or other
22
   response to the Complaint.
23
   Dated: May ___, 2008                        _____
24                                              JEFF STAMP
25                                              Counsel for Plaintiff TVIA, Inc.

26 Dated: May ___, 2008                        _____
                                                MATTHEW RAFAT
27                                              Counsel for Defendants McKee, Silva,
                                                and Wang
28

1 | WHEREAS the Parties have stipulated to remand this action back to state court;

2 | IT IS ORDERED that this case be remanded to Santa Clara County Superior Court. Each Party is to bear his/her/its attorneys' fees and costs.

Dated: _____        _____
                                                                        HON. JUDGE CONTI

o! Mail - willworkforjustice@yahoo.com                    http://us.f326.mail.yahoo.com/ym/ShowLetter?box=Inbox&Msgid=...



Print - Close Window

**From:** "Greg Charles" <gcharles@campeaulaw.com>
**To:** "'Matthew Rafat'" <willworkforjustice@yahoo.com>, "'Jefferson Stamp'" <jtstamp2002@yahoo.com>
**Subject:** RE: Demurrer
**Date:** Tue, 6 May 2008 06:29:39 -0700

Mr. Rafat:

We are tired of your constant posturing. We will not agree to a remand order with any conditions regarding attorney's fees or deadlines in state court. My client has now incurred over a $1,000.00 in fees dealing with your patently improper removal of the case. You can either file your own motion to remand or send us a stipulation without conditions and a check made payable to Tvia for $1,000.00. Absent this, we will go forward with a motion to remand and a motion for sanctions which will involve significantly more attorney's fees.

-----Original Message-----
From: Matthew Rafat [mailto:willworkforjustice@yahoo.com]
Sent: Monday, May 05, 2008 12:12 PM
To: Jefferson Stamp
Cc: gcharles@campeaulaw.com
Subject: Re: Demurrer

Who is going to sign the stip to remand to state court?

Mr. Stamp is the attorney of record in the insider trading case. If Mr. Charles wants to sign for him, that's fine by me. Once I receive the signed stipulation in the mail, I'll sign it and then send it to the judge.

I haven't heard of any dates where either one of you are unavailable from June 17, 2008 or any Tuesdays and Thursdays thereafter for Defendants' state court demurrer. Let me know by 5PM today if there are any conflicts so we can reserve a date for the demurrer.

Sincerely,
Matthew Mehdi Rafat, Esq.
PO Box 111351
Campbell, CA 95011
c-408-295-3367
t-408-871-2899
www.rafatlaw.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If you have received this communication in error, please notify me immediately by e-mail and delete the original message. Please note that The Law Office of Matthew Rafat does NOT provide any tax advice.

If you have not signed a fee agreement with me, this email does not constitute an attorney-client relationship and should not create an



Print - Close Window

**From:** "Greg Charles" <gcharles@campeaulaw.com>
**To:** "'Matthew Rafat'" <willworkforjustice@yahoo.com>
**CC:** "'Jeff Stamp'" <jstamp@tvia.com>
**Subject:** Tvia v. Silva
**Date:** Thu, 1 May 2008 17:47:48 -0700

Mr. Rafat

I am enrolling as counsel of record in the above referenced matter. I write for several reasons. Initially your notice of removal is defective and reflects a disregard of both procedural and substantive requirements for removal . Unless you stipulate to a remand, we will be forced to file a motion which will subject you to costs and attorneys fees.

If you are unwilling to stipulate to remand, then I ask that you agree to continue your motion to dismiss until the remand motion is adjudicated. We can file the motion next week. When the court notices a lack of subject matter jurisdiction, it has no authority to dismiss the case 16-107 Moore's Federal Practice - Civil § 107.41.

If we no do not hear from you by noon on Monday, May 5, 2008, we will assume that you refuse to continue the motion to dismiss, and we will file a motion pursuant to LR 6-3 and 7-11. In that event, we will include in our request for fees the time associated with the aforementioned motion.
Gregory J. Charles, Esq.
Campeau Goodsell Smith
A Law Corporation
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: (408) 295-9555
Facsimile: (408) 852-0233
gcharles@campeaulaw.com

**YAHOO! MAIL** Classic

Print - Close Window

**Date:** Thu, 1 May 2008 18:25:39 -0700 (PDT)
**From:** "Matthew Rafat" <willworkforjustice@yahoo.com>
**Subject:** Re: Tvia v. Silva
**To:** "Greg Charles" <gcharles@campeaulaw.com>

Mr. Charles:

I just received this email, which was sent late today. You are requesting that I respond to you in less than 24 hours.

Let me talk with my clients to see if we can stipulate to a remand to state court. In the meantime, please provide me with case law relating to why the federal Securities Acts do not pre-empt TVIA's claims for securities fraud. I look forward to hearing from you by tomorrow at 9:00AM.

Also, please email me the stipulation and [proposed] order to remand so I can sign it if my clients agree to the remand. I am also happy to stipulate to any motion to change time, but it may not be necessary once you forward me the stipulation to remand.

Sincerely,
Matthew Mehdi Rafat, Esq.
PO Box 111351
Campbell, CA 95011
t-408-295-3367
t-408-871-2899
www.rafatlaw.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If you have received this communication in error, please notify me immediately by e-mail and delete the original message. Please note that The Law Office of Matthew Rafat does NOT provide any tax advice.

If you have not signed a fee agreement with me, this email does not constitute an attorney-client relationship and should not create an expectation of an attorney-client relationship in the future. An attorney-client relationship is formed with me only when you and I sign a written contract.