1  MATTHEW RAFAT (SBN 221577)
   PO Box 111351
2  Campbell, CA 95011-1351
   408-871-2899
3
4  Attorney for Defendants
   Benjamin Silva, Matthew McKee,
5  and Tsu Hsien "Steve" Wang

6

7                    NORTHERN DISTRICT OF CALIFORNIA

8                         SAN FRANCISCO DIVISION

9  TVIA, INC., a Delaware Corporation,         CASE NO: C 08 01908 SC

10       Plaintiff,

11                                              SUPPLEMENTAL DEFENDANTS' SILVA,
   vs.                                          MCKEE, AND WANG's LIMITED
12                                              OPPOSITION TO REMAND OF CASE AND
   BENJAMIN SILVA, an individual TSU           ORDER LENGTHENING TIME AND
13 HSIEN "STEVE WANG", an individual;           REQUEST FOR REMAND
   MATTHEW MCKEE, an individual;
14 DIANE BJORKSTROM, an individual;
   MICHAEL BUTTRICK, an individual;
15 YK SYNNET, a Japanese Corporation;
   AND DOES 1 to 50, inclusive,
16
         Defendants.
17

18
   The undersigned, Matthew Rafat, being first duly sworn, declares as follows:
19
       1.  On May 6, 2008, at around 11:30PM, Mr. Charles emailed me that he wanted "no
20
           conditions regarding attorney's fees or your clients' ability to file a demurrer in state
21
           court." Mr. Charles indicated in his email that he would file a motion to remand to state
22
           court.
23
       2.  I continue to be perplexed by Gregory Charles' refusal to stipulate to a remand to state
24
           court. I am filing this supplemental declaration to attempt to resolve any differences.
25

26

27

28
                                              1

3. I will be flying to Pasadena today at around 7AM, and will be in depositions in a separate case filed by Plaintiff in state court against the same defendants they are suing here on Thursday. I will therefore be mostly unavailable on May 7 and May 8, 2008.

4. I file this supplemental declaration around 1:00AM on May 7, 2008, in the hopes that the federal court can enter an order on these matters, thereby avoiding the need for motions.

5. I want to be clear: I am <u>not</u> asking the Court to waive anyone's rights to attorneys' fees or costs in the underlying action once the complaint is remanded to state court. The stipulation dealt only with the federal court awarding fees and costs related to any remand. I am merely ensuring that my clients do not have to pay for any fees or costs associated with the remand ordered by the federal court. I indicated this to Mr. Charles at around 12:40AM on May 7, 2008 in an email.

6. I also want to ensure that my clients are not at risk for a default once the action is remanded to state court. As a result, the proposed stipulation and order requested a reasonable time wherein my clients would be able to file a responsive pleading, either a demurrer or an answer, in state court. If the demurrer is somehow defective, either procedurally or substantively, my firm has no objection to Plaintiff filing a motion in state court opposing the demurrer. But as it stands, Plaintiff appears to be demanding that defendants be subject to either a default, or arguing that they can dictate what kind of responsive pleading can be filed by defendants in state court (apparently, an answer would be okay, but not a demurrer).

7. Defendants continue to be amenable to an order by this court remanding the action to state court based on the papers already filed by plaintiff and defendants.

8. In case an unnecessary motion to remand is filed by Plaintiff, we note that defendants' notice of removal clearly named securities fraud as one basis for pre-emption.

9. The very caption of the removal notice stated, "PREEMPTION UNDER SECURITIES LAWS." The notice itself specified the exact statutes that allowed this court subject matter jurisdiction: "This action is a civil action of which this Court has jurisdiction under the pre-emption doctrine...and as a result, is one which may be removed to this Court by defendant(s) pursuant to the provisions of in that it arises under SLUSA and PSLRA (federal statutes)."

10. More specifically, 15 U.S.C. Ch 2B, § 78bb(f)(5)(B)(II) appears to grant this Court subject matter jurisdiction. A "covered class action" may be an action by only one party, as the statute states. The class action mechanism is similar to California's B&P 17200, which also allows a class action of one.

11. I have not charged my clients for any of the work related to offering and/or drafting a stipulation to remand this action to state court. My clients and my firm have only asked that they be allowed to file a responsive pleading once the action is remanded to state court. That does not seem like an unreasonable request. If Plaintiff believes that such a responsive filing is improper, it is free to file an opposition in state court once this Court remands the action. The proposed stipulation merely requested a reasonable time where some responsive pleading could be filed in state court to prevent a default, and does not prevent Plaintiff from filing an opposition to any demurrer.

12. If Plaintiff's counsel disliked my proposed stipulation and order, he was free to send me his own stipulation and proposed order. He has been free to do so since May 1, 2008, when I filed a notice of intent to remand to state court to demonstrate my good faith. Yet, Mr. Gregory Charles has never sent me a proposed stipulation, leading me to believe he is focused on generating legal fees rather than acting in good faith.

The undersigned hereby declares under penalty of perjury that the foregoing is true and correct under the laws of the State of California and executes this Declaration on May 7, 2008 in San Jose, CA.

/sd/ Matthew Rafat

I declare that:

I am and was at the time of service of the papers herein a resident of the State of California and over the age of eighteen years and am not a party to this action; my business address is PO Box 111351, Campbell, California 95011. On **May 7, 2008**, I caused to be served the following document(s):

1. SUPPLEMENTAL DEFENDANTS' SILVA, MCKEE, AND WANG's LIMITED OPPOSITION TO REMAND OF CASE OR ORDER LENGTHENING TIME AND REQUEST FOR REMAND

[X] **BY EMAIL**

Stephanie O. Sparks
60 South Market Street, Suite 1400
San Jose, CA  95113-2396
SOS@hogefenton.com

Brad Jones, Esq.
Needham, Davis, Kepner & Young, LLP
1960 THE ALAMEDA STE 210
SAN JOSE CA  95126-1451
bjones@ndkylaw.com

[X]    **BY E-FILING**

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **May 7, 2008** at San Jose, California.

/sd/ Matthew Rafat
Matthew Rafat