1 | GREGORY CHARLES, ESQ., BAR NO. 208583
2 | CAMPEAU GOODSELL SMITH
3 | 440 North First Street, Ste. 100
4 | San Jose, California 95112
    | Telephone: 408.295.9555
    | Facsimile: 408.852.0233
    | gcharles@campeaulaw.com

*Counsel for Tvia, Inc.*

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TVIA, INC. | Case No. 08-cv-01908-SC |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO REMAND** |
| vs. | |
| BENJAMIN SILVA, TSU HSIEN "STEVE" WANG, MATTHEW MCKEE, DIANE BJORKSTROM MICHAEL BUTTRICK, YK SYNNET, A JAPANESE CORPORATION AND DOES 1 TO 100, INCLUSIVE | Judge: Hon. Samuel Conti<br>Hearing: July 11, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 1 |

**NOTICE OF MOTION AND MOTION**

TO THE HONORABLE SAMUEL CONTI AND BENJAMIN SILVA, TSU HSIEN "STEVE" WANG, AND MATTHEW MCKEE AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on July 11, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California, Plaintiff Tvia, Inc. ("Tvia") will and hereby moves to remand this case to the Superior Court of California. This motion is predicated upon the following considerations:

1. Silva, Wang, and McKee ("Defendants") removed this case from the Superior Court for the State of California on April 9, 2008 citing "Diversity Jurisdiction and Preemption Under Securities Laws" as a bases for subject matter jurisdiction;

MOTION TO REMAND
1

2. Tvia and at least three of the Defendants are residents of the State of California;

3. Even if there were diversity, a defendant cannot remove a case in his or her home state;

4. The First Amended Complaint, which the Defendants did not attach to the Notice of Removal, only asserts causes of action arising under state law;

5. Only three of the Defendants joined in the Notice of Removal;

6. The Defendants did not attach "all process, pleadings, and orders" served on the Defendants to the Notice of Removal; and

7. The Defendants were served with process more than 30 days ago. Therefore, the time to correct the technical defects noted herein has lapsed. The substantive considerations, however, cannot be corrected.

This Motion to Remand is based on this Notice of Motion, the following Memorandum of Points and Authorities, the accompanying Declaration of Gregory J. Charles, Esq. and its exhibits, the Request for Judicial Notice, the pleadings and evidence on file in this action, and on such other evidence and argument as may be presented by Tvia at the hearing on the motions.

## POINTS AND AUTHORITIES

**A. Procedural History.**

Tvia filed this case in the Superior Court on February 1, 2008. The Plaintiff is a Delaware Corporation that maintains its principal place of business in Santa Clara County, California (R.J.N., Ex. 1).[1] Tvia served defendants Silva, Wang, and Bjorkstrom at their residences in California more than thirty days ago (Charles Dec., Ex. 1). The Defendants removed this case on April 9, 2008 and filed a motion seeking dismissal pursuant to Rule 12(b)(6) on April 25, 2008. The motion is currently set for hearing on July 11, 2008.

**B. The Burden of Establishing Removal Jurisdiction is On the Party Seeking Removal, Not the Party Seeking Remand to State Court.**

The removal statute is strictly construed against removal and the burden of establishing

---

[1] Incredibly, the Defendants did not attach the First Amended Complaint to the Notice of Removal, so the Court has nothing before it indicating subject matter jurisdiction. Tvia attached the First Amended Complaint to a Request for Judicial Notice for the convenience of the Court but reserves all substantive and procedural objections regarding the Defendant's non-compliance with 28 U.S.C. 1446(a).

federal jurisdiction falls to the party invoking the statute. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).  When there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D.Tex.1992).  Here, the Defendants cannot meet this burden.

### C. **Since a Federal Question Does Not Appear on the Face of the First Amended Complaint, the Court does not have Jurisdiction Pursuant to 28 U.S.C. §1331.**

When federal question is cited as a basis of removal, the question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112-13, 81 L. Ed. 70, 57 S. Ct. 96 (1936) (noting that the federal question cannot be "merely a possible or conjectural one").  Thus, the rule enables the plaintiff, as "master of the complaint," to "choose to have the cause heard in state court" by eschewing claims based on federal law. *Calif. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 839 (9th Cir. 2004).  The well-pleaded complaint rule requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint. *Columbia Gas Transmission Corp. v. Drain*, 237 F.3d 366, 369-70 (4th Cir. 2001), citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986).  The First Amend Complaint in this matter asserts no federal claims (R.J.N., Ex. 1).  In *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996), the Ninth Circuit wrote:

> Rains chose to bring a state claim rather than a Title VII claim, and was entitled to do so. See *Pan American Petro. Corp. v. Superior Court*, 366 U.S. 656, 662-63, 81 S.Ct. 1303, 1307-08, 6 L.Ed.2d 584 (1961) (stating that "the party who brings a suit is master to decide what law he will rely upon") (quoting *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411-12, 57 L.Ed. 716 (1913)).  A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); see also *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1395 (9th Cir.1988) ("If the plaintiff may sue on either state or federal grounds, the plaintiff may avoid removal simply by relying exclusively on the state law claim").

Here, Tvia did just that.  While the case involves insider trading, the Plaintiff only asserts causes of action under state law.  Ironically, the Defendants admit that remedies are available under federal and state law and Tvia only alleged causes of action under California law.  Further, the Defendants could not find a single case supporting their unfounded notion that subject matter jurisdiction is

1  somehow established by "a good faith belief that federal securities laws pre-empt a state court

2  complaint that alleges securities fraud based on shareholder diminution in value" (Doc. No. 17,

3  ¶18). The admission is telling.

> Plaintiff's Complaint alleges securities law violations and shareholder loss based on insider trading. Its complaint alleges that the stock price of TVIA decreased as a result of insider trading and fraud. Thus, Section 10(b) of the 1934 Act may pre-empt California Corporations Code 25502.5, because the Corporations Code allows a lower standard of pleading than what is allowed under the PSLRA. As such, there may be a direct conflict between federal and state securities law. **However, my firm has done extensive research, and we have not found any case on point relating to this pre-emption** (emphasis added) (Doc. No. 17, ¶20).

In any event, the allegations of the First Amended Complaint do not disclose a federal question.

   D. **Since the Parties are not diverse, the Court does not have Jurisdiction Pursuant to 28 U.S.C. §1332.**

The Notice of Removal cites diversity of citizenship as a basis for jurisdiction but fails to state the residency of each party. Diversity jurisdiction is conferred on a federal court only if there is complete diversity. Complete diversity requires that none of the defendants be a citizen of the same state as the plaintiff. If the plaintiff and any defendant share citizenship of the same state, diversity is incomplete, and the federal court lacks jurisdiction. *Inecon Agricorporation v. Tribal Farms, Inc.*, 656 F.2d 498, 500 (9th Cir. 1981). Tvia, Silva, Wang, Mckee, and Bjorkstom are residents of the State of California (R.J..N., Ex. 1 & Charles Dec., Ex. 1).[2]  Finally, the Defendants

---

[2] Notably, Counsel for the Defendants made a deliberate misrepresentation to this Court in the Notice of Removal when he stated.

> Plaintiff claims to have served Steve Wang, a resident of China, by substitute service in California. However, Steve Wang is a resident of China and lives in China. Plaintiff knew that Mr. Wang resided in China, because a declaration had been served on Plaintiff before. See Exhibit "B" (Doc. 1).

Wang submitted this declaration in opposition to a Motion to Compel his deposition in those proceedings entitled *Tvia, Inc. v. NBG, et al.* Case No. 1-07-CV-084211 pending in the Superior Court. Wang is a party, and Mr. Rafat is his counsel. In those proceedings, the Court ordered Wang's deposition based upon this specific finding of fact on January 11, 2008, "The Court accordingly finds that Wang is a resident of Saratoga and Santa Clara County" (R.J.N., Ex. 2, p. 4). Following entry of this order, Wang, with Mr. Rafat as his Counsel, even petitioned the Court of Appeal for a Writ of Mandamus which was summarily denied on January 25, 2008. *Silva, et al. v. The Superior Court of Santa Clara County* (Case No. H032493). Thus, Mr. Rafat's misrepresentation was deliberate.

MOTION TO REMAND
4

concede the point.  On May 6, 2008, their Counsel stated, "I do not contest that (sic) defendants lack diversity jurisdiction" (Charles Dec., Ex. 2).

### E. Tvia has preserved its procedural objections.

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). 28 U.S.C. § 1447.  Since the Notice of Removal was filed on April 9, 2008, Tvia's procedural objections are timely.  The following defects require little discussion.

1. Even if there were diversity, which there is not, a defendant cannot remove a case in his or her home state. 28 U.S.C. 1441(b).  Wang, Silva, and Mckee are California residents.  Therefore, removal based upon diversity was improper.

2. All defendants must join in the notice of removal. *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998).  Although Defendant Bjorkstom was served with process on March 10, 2008 (Charles Dec., Ex. 1), she did not join in the Notice of Removal.

3. "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file ... all process, pleadings, and orders served upon such defendant or defendants in such action." 28 USCS § 1446.  The Defendants did not attach "all process, pleadings, and orders" served on the defendants to the Notice of Removal.  In fact, they did not even attach the First Amended Complaint.

The Defendants were served with process more than 30 days ago (Charles Dec., Ex. 1). Therefore, the time to correct the technical defects noted herein has lapsed.  The substantive considerations, however, cannot be corrected.

## CONCLUSION

For the foregoing reasons, this matter should be remanded to the Superior Court.

Dated: May 8, 2008                                CAMPEAU GOODSELL SMITH
                                                  A Law Corporation


                                                  By:   /Gregory J. Charles
                                                        GREGORY J. CHARLES
                                                        Attorneys for Plaintif