GREGORY CHARLES, ESQ., BAR NO. 208583
CAMPEAU GOODSELL SMITH
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408.295.9555
Facsimile: 408.852.0233
gcharles@campeaulaw.com
*Counsel for Tvia, Inc.*

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TVIA, INC.<br><br>        Plaintiff,<br><br>vs.<br><br>BENJAMIN SILVA, TSU HSIEN "STEVE" WANG, MATTHEW MCKEE, DIANE BJORKSTROM MICHAEL BUTTRICK, YK SYNNET, A JAPANESE CORPORATION AND DOES 1 TO 100, INCLUSIVE | Case No. 08-cv-01908-SC<br><br>**NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. §§ 1927 AND 1446(a), FRCP 11, AND, LR7-8**<br><br>Judge: Hon. Samuel Conti<br>Hearing: July 11, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 1 |

**NOTICE OF MOTION AND MOTION**

TO THE HONORABLE SAMUEL CONTI AND BENJAMIN SILVA, TSU HSIEN "STEVE" WANG, MATTHEW MCKEE, AND MATTHEW RAFAT, ESQ. AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on July 11, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California, Plaintiff Tvia, Inc. ("Tvia") will and hereby moves to sanction Benjamin Silva ("Silva"), Tsu Hsien "Steve" Wang, Matthew McKee ("Mckee"), and Matthew Rafat, Esq. in the amount of $8,172.50. This motion is predicated upon fact that the Defendants and Mr. Rafat lacked any objectively reasonable basis to remove this case to federal court based upon the following considerations.

1. Silva, Wang, and McKee ("Defendants") removed this case from the Superior Court for the State of California on April 9, 2008 citing "Diversity Jurisdiction and Preemption Under Securities Laws" as a bases for subject matter jurisdiction;

2. Tvia and at least three of the Defendants are residents of the State of California;

3. Mr. Rafat deliberately misrepresented Wang's residency in the Notice of Removal ("NOR");

MOTION FOR SANCTIONS
1

4. Even if there were diversity, a defendant cannot remove a case in his or her home state;

5. The First Amended Complaint ("FAC"), which the Defendants did not attach to the NOR, only asserts causes of action arising under state law;

6. Only three of the Defendants joined in the NOR;

7. The Defendants did not attach "all process, pleadings, and orders" served on the Defendants to the NOR;

8. The Defendants and their Counsel insist that Tvia waive any right to seek costs and attorney's fees and this Court enter an order scheduling deadlines in state court as a condition to a stipulation for an order of remand;

9. Mr. Rafat has acted in subjective bad faith and taken frivolous positions.

This Motion for Sanctions is based on this Notice of Motion, the following Memorandum of Points and Authorities, the accompanying Declaration of Gregory J. Charles, Esq. and its exhibits, the Request for Judicial Notice, the pleadings and evidence on file in this action, and on such other evidence and argument as may be presented by Tvia at the hearing on the motion.

## POINTS AND AUTHORITIES

### A. Procedural History.

Tvia filed this case in the Superior Court on February 1, 2008. The Plaintiff is a Delaware Corporation that maintains its principal place of business in Santa Clara County, California (R.J.N., Ex. 1).[1] Tvia served Silva, Wang, and Bjorkstrom more than thirty days ago (Charles Dec., Ex. 1). The Defendants removed this case on April 9, 2008 (Doc. No. 1).

### B. Sanctions are appropriate when the removing party lacked an objectively reasonable basis for seeking removal.

The Supreme Court settled the standard for awarding attorney's fees when remanding a case to state court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). The Court held that "the standard for awarding fees should turn on the reasonableness of the removal" *Id*. at 141. Sanctions are available, "where the removing party lacked an objectively reasonable basis for seeking

---

[1] Incredibly, the Defendants did not attach the FAC to the Notice of Removal, so the Court has nothing before it indicating subject matter jurisdiction. Tvia attached the First Amended Complaint to a request for Judicial Notice for the convenience of the Court but reserves all substantive and procedural remedies regarding the Defendant's non-compliance with 28 U.S.C. 1446(a).

MOTION FOR SANCTIONS
2

1  removal" *Id*. "Bad faith need not be demonstrated" to award fees. *Moore v. Permanente Med.*

2  *Group, Inc*., 981 F.2d 443, 448 (9th Cir. 1992).

### C. Since Tvia, Wang, Silva, & Mckee are residents of the State of California, the Defendants could not objectively assert that the parties are diverse.

The NOR cites diversity of citizenship as a basis for jurisdiction but fails to state the residency of each party.  If the plaintiff and any defendant share citizenship of the same state, diversity is incomplete, and the federal court lacks jurisdiction. *Inecon Agricorporation v. Tribal Farms, Inc.*, 656 F.2d 498, 500 (9th Cir. 1981).  Tvia, Silva, Wang, and Mckee are residents of California (R.J.N., Ex. 1 & Charles Dec., Ex. 1).[2]

### D. Since a federal question does not appear on the face of the FAC, the Defendants could not objectively remove this case pursuant to 28 U.S.C. §1331.

When federal question is cited as a basis of removal, the question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112-13 (1936).  Thus, the rule enables the plaintiff, as "master of the complaint," to "choose to have the cause heard in state court" by eschewing claims based on federal law. *Calif. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 839 (9th Cir. 2004).  Here, the Defendants did not attach the FAC to the NOR.  Therefore, nothing before the Court indicates a federal question.  Moreover, the FAC asserts no federal claims (R.J.N., Ex. 1).  In *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996), the Ninth Circuit wrote:

> Rains chose to bring a state claim rather than a Title VII claim, and was entitled to do so … A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); see also *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1395 (9th Cir.1988) ("If the plaintiff may sue on either state or federal grounds, the plaintiff may avoid removal simply by relying exclusively on the state law claim").

Here, Tvia did just that.  While the case involves insider trading, the Plaintiff only asserts causes of action under state law, and the allegations of the FAC do not disclose a federal question.  Thus, the Defendants acted in an objectively unreasonable manner.

---

[2] The Defendants concede the point.  On May 6, 2008, their Counsel stated, "I do not contest that (sic) defendants lack diversity jurisdiction" (Charles Dec., Ex. 2).

Campeau Goodsell Smith
A Law Corporation
San Jose, California

**E. Reliance on the Doctrine of Complete Preemption is objectively unreasonable.**

In the present matter, the Defendants do not assert an objectively reasonable basis for asserting complete preemption as a basis for subject matter jurisdiction.[3] In fact, the Defendants' Counsel admits that he did "extensive research" but could not find a single case "relating to this pre-emption." Despite finding no authority, the Defendants and their Counsel assert that subject matter jurisdiction is somehow established by "a good faith belief that federal securities laws pre-empt a state court complaint that alleges securities fraud based on shareholder diminution in value" (Doc. No. 17, ¶18).[4]

While the Defendants could not find a single case supporting their position, the Supreme Court directly addressed this issue in 2006. The holding demonstrates that the Defendants' "good faith belief" is not objectively reasonable. Specifically, the Defendants rely on the Private Securities Litigation Reform Act of 1995 (PSLRA) as a basis for complete preemption, but the assertion is specious. In fact, the 9th Circuit expressly noted that "class action attorneys avoided its reach by filing their securities class actions in state court under state and common law." *U.S. Mortg., Inc. v. Jensen,* 494 F.3d 833, 841 (9th Cir. 2007). The fact that the PSLRA addresses <u>federal securities claims</u> further demonstrates the Defendants' bad faith.

---

[3] The notion of complete preemption is an exception to the well pleaded complaint rule, but the doctrine is rarely invoked and carefully limited.

> The jurisdictional doctrine of complete preemption serves as an exception to the well-pleaded complaint rule. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000). It provides that, in some instances, "the preemptive force of [federal statutes] is so strong that they completely preempt an area of state law. In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." … Complete preemption, however, arises only in "extraordinary" situations. *Id.* at 1183-84 … The United States Supreme Court has identified only three federal statutes that satisfy this test: (1) Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185; (2) Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132; and (3) the usury provisions of the National Bank Act, 12 U.S.C. §§ 85, 86. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 156 L. Ed. 2d 1, 123 S. Ct. 2058, 2062-64 (2003). *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 862 (9th Cal. 2003).

[4] Mr. Rafat stated in a declaration under penalty of perjury.

> Plaintiff's Complaint alleges securities law violations and shareholder loss based on insider trading. Its complaint alleges that the stock price of TVIA decreased as a result of insider trading and fraud. Thus, Section 10(b) of the 1934 Act may pre-empt California Corporations Code 25502.5, because the Corporations Code allows a lower standard of pleading than what is allowed under the PSLRA. As such, there may be a direct conflict between federal and state securities law. **However, my firm has done extensive research, and we have not found any case on point relating to this pre-emption** (emphasis added) (Doc. No. 17, ¶20).

The Securities Litigation Uniform Standards Act of 1998 (SLUSA) was enacted in response to the migration of class actions to state court to avoid the PSLRA, but the statute only applies to class action lawsuits for securities fraud. Consequently, it cannot have an objectively reasonable application in a case in which a single plaintiff is suing six defendants. The Supreme Court specifically addressed this issue in *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit,* 126 S. Ct. 1503, 1514 (2006) and expressly held that SLUSA does not preempt *any* state law claims asserted by an individual plaintiff.[5] While conducting their "extensive research," the Defendants must have found this recent Supreme Court decision directly contrary to their "a good faith belief." Thus, the Defendants acted in bad faith and in an objectively unreasonable manner.

**F. Sanctions against Mr. Rafat are warranted pursuant to 28 U.S.C. §§ 1927 & 1446(a).**

28 U.S.C. §1446(a) expressly incorporates the Rule 11 standard. Further, §1927 authorizes sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously …"[6] Here, Mr. Rafat falsely certified that the parties are diverse. Although the FAC only asserts causes of action under state law, he falsely asserted that a federal question exists on the face of the pleading which Mr. Rafat did not attach to the NOR. Finally, recent 9th Circuit and Supreme Court cases demonstrate that complete preemption has no applicability to the instant matter. These facts are undisputed.

The deliberate misstatement regarding Wang's residency demonstrates that Counsel acted with subjective bad faith. Mr. Rafat stated in the NOR.

> Plaintiff claims to have served Steve Wang, a resident of China, by substitute service in California. However, Steve Wang is a resident of China and lives in China. Plaintiff

---

[5] The Court held, "SLUSA does not actually pre-empt any state cause of action. It simply denies plaintiffs the right to use the class-action device to vindicate certain claims. The Act does not deny any individual plaintiff, or indeed any group of fewer than 50 plaintiffs, the right to enforce any state-law cause of action that may exist."

[6] The standard is well defined in this circuit.
> [S]ection 1927 sanctions "must be supported by a finding of subjective bad faith." "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass. Thus, while it is true that reckless filings may be sanctioned, and nonfrivolous filings may also be sanctioned, reckless nonfrivolous filings, without more, may not be sanctioned. (internal citations omitted). *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 436 (9th Cir. 1996)

MOTION FOR SANCTIONS

5

knew that Mr. Wang resided in China, because a declaration had been served on Plaintiff before. See Exhibit "B." (Doc. No. 1).

Wang submitted the referenced declaration in opposition to a Motion to Compel his deposition in those proceedings entitled *Tvia, Inc. v. NBG, et al.* (Case No. 1-07-CV-084211) pending in the Superior Court. Wang is a party, and Mr. Rafat is his counsel. On January 11, 2008, the Court determined that Wang is a resident of Santa Clara County and ordered his deposition based upon that finding of fact.[7] Since this judicial determination occurred only three months before the removal of this case, Mr. Rafat's misrepresentation was deliberate, and he acted in subjective bad faith. Thus, the NOR is both reckless and frivolous.

Moreover, Mr. Rafat is also counsel for Silva and Mckee in *Tvia, Inc. v. NBG, et al.* The Complaint alleges that the Defendants are residents of California (Charles Dec., Ex. 3, ¶¶3-5). The answer admits the allegations of residency (Charles Dec., Ex. 4, ¶3). Tvia's principal place of business is located in the State of California (R.J.N., Ex. 1, ¶3). Given this fact, an attorney admitted to practice in federal court cannot claim subjective good faith when he removed a case with actual knowledge that the parties are not diverse.[8] Finally, when pressed on this issue, Mr. Rafat conceded, "I do not contest that (sic) defendants lack diversity jurisdiction" (Charles Dec., Ex. 2). Consequently, subjective bad faith and frivolity are admitted.[9]

Mr. Rafat's bad faith conduct and gamesmanship continued after he removed the case. Tvia

---

[7] The Court wrote.

> In the instant case, although Wang maintains that he is currently in China, Plaintiff offers evidence that Wang maintains a residence in Saratoga ... This evidence includes Wang's admission to an allegation in Plaintiff's complaint that Wang resides in Saratoga. At this time, there is no evidence before the Court to contradict these assertions. Additionally, there is no evidence currently before the Court to suggest that Wang has permanently relocated to China and has no intent to return to Saratoga. **The Court accordingly finds that Wang is a resident of Saratoga and Santa Clara County** (emphasis added) (R.J.N., Ex. 2, p. 4).

[8] Even if Mr. Rafat somehow feigns ignorance regarding Tvia's residence, removal is precluded as this action is pending in the state of the Defendants' residency. 28 U.S.C. 1441(b).

[9] Two other considerations demonstrate that Mr. Rafat should be sanctioned pursuant to 28 U.S.C. §§ 1927 & 1446(a). All defendants must join an effort to remove a case. *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998). Although Defendant Bjorkstom was served with process on March 10, 2008 (Charles Dec., Ex. 1), Mr. Rafat did not obtain her approval to remove the case. Finally, "A defendant … desiring to remove any civil action … from a State court shall file ... all process, pleadings, and orders served upon such defendant …" 28 USCS § 1446. Mr. Rafat attached nothing to the NOR.

attempted to resolve this matter amicably and sent correspondence to him on May 2, 2008 noting each of the aforementioned considerations (Charles Dec., Ex. 5). Mr. Rafat, however, insisted that a stipulation for an order of remand include unsatisfactory conditions such as Tvia waiving any right to seek costs and attorney's fees and this Court entering an order managing the docket of the Superior Court after the case is remanded.[10]

Since the May 2, 2008 correspondence explained in detail why the removal was defective and this Court does not have subject matter jurisdiction, a reasonable attorney would have immediately advised his clients to stipulate to an order of remand. The logic is simple. At that point, the attorney's fees were insignificant as Tvia properly tried to resolve this issue without resort to expensive motion practice. Although advised in writing that he improperly removed the case, Mr. Rafat interposed unacceptable conditions and forced Tvia to file an administrative motion, a motion to remand, and a motion for sanctions.[11]

Moreover, his insistence upon an order from this Court regarding time to file responsive pleadings in state court is completely egregious. Tvia objected to the issue as it properly felt that this Court not should enter orders managing the docket of the Superior Court. Moreover, the confabulated "risk of default" is completely frivolous and represents subjective bad faith. A party has thirty days to file responsive pleadings after a case is remanded. Cal. Code Civ. Pro. §430.90. Since Mr. Rafat is admitted to practice law in California, he cannot feign ignorance with respect to this code section. Thus, he had no basis to condition voluntary remand upon a provision in the order setting deadlines to file responsive pleadings.

---

[10] As of May 7, 2008, Mr. Rafat continues to maintain this position.

I want to be clear: I am not asking the Court to waive anyone's rights to attorneys' fees or costs in the underlying action once the complaint is remanded to state court. The stipulation dealt only with the federal court awarding fees and costs related to any remand. I am merely ensuring that my clients do not have to pay for any fees or costs associated with the remand ordered by the federal court. I indicated this to Mr. Charles at around 12:40AM on May 7, 2008 in an email.

I also want to ensure that my clients are not at risk for a default once the action is remanded to state court. As a result, the proposed stipulation and order requested a reasonable time wherein my clients would be able to file a responsive pleading, either a demurrer or an answer, in state court (Doc. No. 18, ¶¶ 5-6).

[11] Tvia had to file the motion to remand by May 9, 2008 to preserve its procedural objections (Charles Dec., ¶8).

MOTION FOR SANCTIONS

7

Instead of moving to remand the case, Mr. Rafat filed a "Notice of Intent to Remand to State Court and Request for Stay of All Federal Court Proceedings." (Doc. No. 9). In this document, Mr. Rafat failed to advise the Court that Tvia objected to his inappropriate conditions regarding a stipulated remand, yet he attached to the document a proposed order with the following language.

> IT IS ORDERED that this case be remanded to Santa Clara County Superior Court, where DEFENDANTS will file a demurrer or an answer to the Complaint and that no further action be taken by this Court. Each side is to bear his/her/its attorneys' fees and costs.

This effort to obtain an *ex parte* order adjudicating Tvia's statutory right to seek costs and attorney's fees is simply unconscionable. Mr. Rafat's bad faith conduct continued. Instead of re-noticing the Motion to Dismiss pursuant to LR 7-7, he left it on the docket forcing Tvia to file an administrative motion as its opposition to the Motion to Dismiss was due in less than two weeks (Charles Dec., ¶8). In this context, Mr. Rafat cannot claim ignorance of the Local Rules. Counsel for Tvia specifically advised Mr. Rafat to re-notice the Motion to Dismiss to avoid the administrative motion.[12]

### G. Silva, Mckee, Wang, and Rafat should be sanctioned in the amount of $8,242.50.

The Defendants and Mr. Rafat are completely responsible for the circumstances in which they find themselves. Since parties cannot confer subject matter jurisdiction upon this Court, Tvia properly noted the jurisdictional issue (Charles Dec., ¶6). Although the Defendants and Mr. Rafat could have resolved this matter on May 2, 2008 without resort to expensive motion practice, they imposed impermissible and frivolous conditions upon a stipulation for order of remand. Since the NOR is based upon blatant misrepresentation of fact and has no basis in law, the Defendants and Mr. Rafat have no excuse for their conduct. Moreover, as late as May 7, 2008, the Defendants and Mr. Rafat still maintain that voluntary remand is subject to their frivolous conditions (Doc 18, ¶¶ 5-6). Given these considerations Tvia has incurred the following attorney's fees.

\\

\\

---

[12] The correspondence stated, "If you need more time to confer, then I suggest that you re-notice the Rule 12(b)(6) Motion hearing for a later date pursuant to LR 7-7" (Charles Dec., Ex. 2).

| Activity | Fees |
|---|---|
| Review of NOR and legal research regarding the defective NOR. | $1,085.00 |
| Drafted correspondence to opposing counsel regarding Defective NOR. | $630.00 |
| Preparation of Administrative Motion, points and authorities, supporting papers, Certificate of Service; and proposed order. | $875.00 |
| Preparation of Motion to Remand, points and authorities, supporting papers, Certificate of Service and proposed order. | $1,365.00 |
| Preparation of Motion for Sanctions, points and authorities, supporting papers, Certificate of Service and proposed order. | $1,487.50 |
| **Total** | **$5,442.50** |

The accompanying declaration of Counsel explains more fully the services that were performed, Counsel's experience, and his hourly rate. Further, Tvia expects to incur the following attorney's fees with respect to the pending Motion to Remand and Motion for Sanctions, and Counsel will file a supplemental declaration detailing the actual fees.

| Activity | Fees |
|---|---|
| Review and analysis of opposition papers. Preparation of reply papers regarding Motion to Remand. | $875.00 |
| Review and analysis of opposition papers. Preparation of reply papers regarding Motion for Sanctions. | $1,225.00 |
| Preparation for hearings and Court appearance for hearings. | $700.00 |
| **Total** | **$2,800.00** |
| **Grand Total** | **$8,242.50** |

## CONCLUSION

For the foregoing reasons, this motion should be granted. Defendants Silva, Mckee, and Wang and Mr. Rafat should be sanctioned $8,242.50.

Dated: May 8, 2008          CAMPEAU GOODSELL SMITH
                            A Law Corporation


                            By:   /Gregory J. Charles
                               GREGORY J. CHARLES
                               Attorneys for Plaintiff