GREGORY CHARLES, ESQ., BAR NO. 208583
CAMPEAU GOODSELL SMITH
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408.295.9555
Facsimile: 408.852.0233
gcharles@campeaulaw.com
*Counsel for Tvia, Inc.*

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TVIA, INC.

Plaintiff,

vs.

BENJAMIN SILVA, TSU HSIEN "STEVE" WANG, MATTHEW MCKEE, DIANE BJORKSTROM MICHAEL BUTTRICK, YK SYNNET, A JAPANESE CORPORATION AND DOES 1 TO 100, INCLUSIVE

Case No. 08-cv-01908-SC

**DECLARATION OF GREGORY J. CHARLES, ESQ. IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. §§ 1927 AND 1446(a), FRCP 11, AND, LR7-8**

Judge: Hon. Samuel Conti
Hearing: July 11, 2008
Time: 9:00 a.m.
Place: Courtroom 1

I, Gregory J. Charles, declare and say:

I am an attorney at law duly licensed to practice before this Court and all of the courts of the State of California. I am a partner in the law firm of Campeau Goodsell Smith which is counsel for Tvia, Inc., ("Tvia"), plaintiff in these proceedings. This declaration is made on my personal knowledge. If called as a witness, I would and could competently testify as follows.

1. Tvia filed this case in the Superior Court on February 1, 2008. The Plaintiff is a Delaware Corporation that maintains its principal place of business in Santa Clara County, California.

2. Tvia served defendants Silva, Wang, and Bjorkstrom in California more than thirty days ago. Copies of the proofs of service are attached hereto as Exhibit 1.

3. A copy of email from opposing counsel is attached hereto as Exhibit 2.

4. Attached hereto as Exhibit 3 is a copy of the Verified Complaint in those proceedings entitled *Tvia, Inc. v. NBG, et al.* (Case No. 1-07-CV-084211) pending in the Superior Court. Wang



Campeau Goodsell Smith
A Law Corporation
San Jose, California

is a party, and Mr. Rafat is his counsel.

5.      Attached hereto as Exhibit 4 is the answer filed by the defendants in *Tvia, Inc. v. NBG, et al.* where they admit California residency.

6.      When I began representation of Tvia in this matter, I immediately wanted to determine if this court has subject matter jurisdiction to avoid a possible *sua sponte* remand after months or years of litigation.

7.      Although I have been practicing law in federal court for almost 16 years, I have never seen a more defective notice of removal. Since I have represented Tvia in the past with Mr. Rafat as counsel for Silva and Wang, I am familiar with his litigation tactics. In an effort to resolve this matter amicably, I sent correspondence to Mr. Rafat on May 2, 2008 noting each aspect of the defective notice of removal. It is attached hereto as Exhibit 5. I specifically included this provision.

> Since I have taken the time to explain most, but not all, of your defective
> efforts to remove the case, I trust that you will promptly stipulate to remand of
> the matter. I will not go through the effort to prepare a stipulation absent your
> written representation that all parties agree to the remand. If you need more
> time to confer, then I suggest that you re-notice the Rule 12(b)(6) Motion
> hearing for a later date pursuant to LR 7-7.

8.      Mr. Rafat appeared to agree to remand the case but insisted that a stipulation for an order of remand include unsatisfactory conditions such as Tvia waiving any right to seek costs and attorney's fees and this Court entering an order managing the docket of the Superior Court after the case is remanded. Although I specifically advised Mr. Rafat to re-notice his motion to dismiss as Tvia's opposition was due on May 16, 2008, he left the motion on the docket and filed a "Notice of Intent to Remand the Case." He did not attach and order taking the motion off the docket. Instead he submitting a proposed order remanding the case with each party to bear its own costs and fees. At this point, Tvia was forced to file an administrative motion on May 6, 2008. The response was not due until Friday, May 9, 2008, only one week before the opposition to the motion to dismiss was due.

9.      Mr. Rafat caused Tvia to incur additional fees. On May 7, 2008, he filed an affidavit stating that he would only agree to remand the case if the order included provisions managing the state court docket and forcing each side to bear its own fees. Tvia objected to the issue as it properly

Campeau Goodsell Smith
A Law Corporation
San Jose, California

felt that this Court not should enter orders managing the docket of the Superior Court.

10.    As noted, I have been practicing law in federal courts since 1992 and have substantial experience.  I am admitted to the following federal courts: United States Supreme Court, United States Court of Appeals for the Fifth Circuit, United States Court of Appeals for the Ninth Circuit, United States District Court for the Eastern District of Louisiana, United States District Court for the Western District of Louisiana, Unites Stated District Court for the Middle District of Louisiana, United States District Court for the Eastern District of California, United States District Court for the Northern District of California, United States District Court for the Central District of California, United States District Court for the Southern  District of California, and United States District Court for the Northern District of Illinois.  I have been admitted to the following courts on a *Pro HacVice* basis: United States District Court for the District of Oregon, United States District Court for the District of Arizona, and United States District Court for the Southern District of New York.

11.    My hourly rate in this matter is $350.00 which is commensurate with partner level attorneys that have my experience in this community.

12.    Although the Defendants and Mr. Rafat could have resolved this matter on May 2, 2008 without resort to expensive motion practice, they imposed impermissible and frivolous conditions upon a stipulation for order of remand.  Given the multiple issues raised by the defective notice, preparation of the motion papers required substantial effort.  Additionally, I had conduct substantial research debunking Mr. Rafat's legal theories that allegedly create subject matter jurisdiction.  The fact that the Defendants and Mr. Rafat made deliberate misstatements of fact to this Court, admit that no case law supports their pre-emption argument, and refused to resolve this matter amicably only increased fees to remand this case.  Each issue needed to be addressed.

13.    The following chart details the time to prepare each pleading or communication.  The time was billed at my hourly rate.

| Activity | Time | Fees |
|---|---|---|
| Review of NOR and legal research regarding the defective NOR. | 3.1 | $1,085.00 |
| Drafted correspondence to opposing counsel regarding Defective NOR. | 1.8 | $630.00 |

Campeau Goodsell Smith
A Law Corporation
San Jose, California

| | | |
|---|---|---|
| Preparation of Administrative Motion, points and authorities, supporting papers, Certificate of Service; and proposed order. | 2.5 | $875.00 |
| Legal research, Preparation of Motion to Remand, points and authorities, supporting papers, Certificate of Service and proposed order. | 3.9 | $1,365.00 |
| Legal research, Preparation of Motion for Sanctions, points and authorities, supporting papers, Certificate of Service and proposed order. | 4.25 | $1,487.50 |
| **Total** | | **$5,442.50** |

14.    Based upon my experience with respect to federal motion practice, Tvia will more likely than not incur the following attorney's fees with respect to the pending Motion to Remand and Motion for Sanctions.

| Activity | Time | Fees |
|---|---|---|
| Review and analysis of opposition papers.  Preparation of reply papers regarding Motion to Remand. | 2.5 | $875.00 |
| Review and analysis of opposition papers.  Preparation of reply papers regarding Motion for Sanctions. | 3.5 | $1,225.00 |
| Preparation for hearings and Court appearance for hearings. | 2 | $700.00 |
| **Total** | | **$2,800.00** |
| **Grand Total** | | **$8,242.50** |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 9th day of May, 2008 at San Jose, California.


         /Gregory J. Charles

**Exhibit 1**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jefferson T. Stamp, Esq.    SBN# 187975<br>15650-A Vineyard Blvd., #146<br>Morgan Hill, CA 95037<br><br>TELEPHONE NO.: 408-327-8020    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | *(ENDORSED)*<br>FILED<br><br>MAR 13 08<br>Nguyen<br>KIRI TORRE<br>CHIEF EXEC. OFFICER/CLERK<br>SUPERIOR COURT OF CA<br>COUNTY OF SANTA CLARA<br>DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara | |
|---|---|
| STREET ADDRESS: 191 N. First St<br>MAILING ADDRESS: 191 N. First St<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: Civil | |
| PLAINTIFF/PETITIONER: Tvia, Inc. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Silva,et al | 108 CV 104728 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

    a. [X] summons

    b. [X] complaint First Amended

    c. [ ] Alternative Dispute Resolution (ADR) package

    d. [ ] Civil Case Cover Sheet *(served in complex cases only)*

    e. [ ] cross-complaint

    f. [X] other *(specify documents):* Civil Lawsuit Notice, ADR Information Sheet

3. a. Party served *(specify name of party as shown on documents served):* Matthew McKee, an individual

    b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 2350 Mission College Blvd., #925, Santa Clara, CA 95054

5. I served the party *(check proper box)*

    a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*

    b. [X] **by substituted service.** On *(date):* 3/10/2008 at *(time):* 4:44 p.m. I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):* by serving Benjamin Silva, co-defendant/coworker, apparently in charge

        (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 3/11/2008 from *(city):* San Jose    or [ ] a declaration of mailing is attached.

        (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure, § 417.10 |
|---|---|---|---|

| | |
|---|---|
| PLAINTIFF/PETITIONER: Tvia, Inc. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Silva, et al | 108 CV 104728 |

5.   c. [ ]   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

  (1)  on *(date):*                                    (2) from *(city):*
  (3) [ ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
        to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)
  (4) [ ]  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. [ ]   **by other means** *(specify means of service and authorizing code section):*

   [ ]   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [X]   as an individual defendant.
  b. [ ]   as the person sued under the fictitious name of *(specify):*
  c. [ ]   as occupant.
  d. [ ]   On behalf of *(specify):*
      under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ]  416.10 (corporation) | [ ]  415.95 (business organization, form unknown) |
| [ ]  416.20 (defunct corporation) | [ ]  416.60 (minor) |
| [ ]  416.30 (joint stock company/association) | [ ]  416.70 (ward or conservatee) |
| [ ]  416.40 (association or partnership) | [ ]  416.90 (authorized person) |
| [ ]  416.50 (public entity) | [ ]  415.46 (occupant) |
| | [ ]  other: |

7.   **Person who served papers**
  a. Name: Carlos Aguirre, County Process Service Inc.
  b. Address: 31 E. Julian St., San Jose, CA 95112
  c. Telephone number: 408-297-6070
  d. **The fee** for service was: $   75.00
  e. I am:
   (1) [ ]  not a registered California process server.
   (2) [ ]  exempt from registration under Business and Professions Code section 22350(b).
   (3) [X]  registered California process server:
      (i) [ ] . owner   [X] employee   [ ] independent contractor.
      (ii)  Registration No.: 885
      (iii)  County: Santa Clara

8. [X]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9. [ ]   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: March 12, 2008     CARLOS AGUIRRE
                          SANTA CLARA COUNTY #885

Carlos Aguirre                                          ►
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)              (SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jefferson T. Stamp, Esq.    SBN# 187975<br>15650-A Vineyard Blvd., #146<br>Morgan Hill, CA 95037<br><br>TELEPHONE NO.: 408-327-8020    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)* Plaintiff | ENDORSED<br>FILED<br>MAR 13 08<br>KIRI TORRE<br>CHIEF EXEC. OFFICER/CLERK<br>SUPERIOR COURT OF CA<br>COUNTY OF SANTA CLARA<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First St
MAILING ADDRESS: 191 N. First St
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Civil

| | |
|---|---|
| PLAINTIFF/PETITIONER: Tvia, Inc.<br><br>DEFENDANT/RESPONDENT: Silva,et al | CASE NUMBER:<br>108 CV 104728 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint First Amended
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* Civil Lawsuit Notice, ADR Information Sheet

3. a. Party served *(specify name of party as shown on documents served):* Diane Bjorkstrom, an individual

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 530 Lakeside Drive, Suite 140, Sunnyvale, CA 94085

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*          (2) at *(time):*
   b. [X] **by substituted service.** On *(date):* 3/10/2008 at *(time):* 4:15 p.m. I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):* by serving, Jane Doe, coworker, apparently in charge, (thirtyish, 5"4",135 pounds, brown hair, female, Asian)
      (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 3/11/2008 from *(city):* San Jose        or [ ] a declaration of mailing is attached.
      (5) [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Legal Solutions Plus

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Tvia, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Silva, et al | 108 CV 104728 |

5.  c.  [  ]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1)  on *(date):*         (2) from *(city):*

      (3)  [  ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)*  (Code Civ. Proc., § 415.30.)

      (4)  [  ]  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

    d.  [  ]  **by other means** *(specify means of service and authorizing code section):*

       [  ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [X]  as an individual defendant.
    b.  [  ]  as the person sued under the fictitious name of *(specify):*
    c.  [  ]  as occupant.
    d.  [  ]  On behalf of *(specify):*
       under the following Code of Civil Procedure section:

| | |
|---|---|
| [  ] 416.10 (corporation) | [  ] 415.95 (business organization, form unknown) |
| [  ] 416.20 (defunct corporation) | [  ] 416.60 (minor) |
| [  ] 416.30 (joint stock company/association) | [  ] 416.70 (ward or conservatee) |
| [  ] 416.40 (association or partnership) | [  ] 416.90 (authorized person) |
| [  ] 416.50 (public entity) | [  ] 415.46 (occupant) |
| | [  ] other: |

7.  **Person who served papers**
    a.  Name: Carlos Aguirre, County Process Service Inc.
    b.  Address: 31 E. Julian St., San Jose, CA 95112
    c.  Telephone number: 408-297-6070
    d.  **The fee for service was: $**  75.00
    e.  I am:
      (1)  [  ]  not a registered California process server.
      (2)  [  ]  exempt from registration under Business and Professions Code section 22350(b).
      (3)  [X]  registered California process server:
        (i)  [  ] owner  [X] employee  [  ] independent contractor.
        (ii)  Registration No.: 885
        (iii)  County: Santa Clara

8.  [X]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [  ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: March 12, 2008    CARLOS AGUIRRE
                   SANTA CLARA COUNTY #885

Carlos Aguirre            ▶                              
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)            (SIGNATURE)

## Declaration Regarding Diligence
## To Effect Personal Service

In the _____Superior_____ Court,    County of    Santa Clara

(ENDORSED)
FILED

Case Title: Tvia v Silva, et al.    Case #: 108 CV 104728    MAR 13 08

Person to be served: Diane Bjorkstrom, an individual    Time served: 4:15 p.m.

KIRI TORREA
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
Y_____ DEPUTY

Person substituted: Jane Doe, ( thirtyish, 5'4", 135 pounds, brown hair, female, Asian )    Date Served: March 10, 2008

Relationship:    coworker, apparently in charge

At:    Home address:

Business address: 530 Lakeside Drive, Suite 140, Sunnyvale, CA 94085

Or within the judicial district in which the address specified is situated, as enumerated below:

On February 29, 2008 , at 4:28 p.m. , I attempted to serve the defendant at the ( ) home (x) business address shown above, but could not serve the defendant personally because: (x) There was no answer. ( ) The business was closed. ( ) I was informed the defendant Was not in.

On March 3, 2008 , at 4:40 p.m. , I attempted to serve the defendant at the ( ) home (x) business address shown above, but could not serve the defendant personally because: (x) There was no answer. ( ) The business was closed. ( ) I was informed the defendant Was not in.

On March 10, 2008 , at 4:15 p.m. , I attempted to serve the defendant at the ( ) home (x) business address shown above, but could not serve the defendant personally because: ( ) There was no answer. ( ) The business was closed. (X) I was informed the defendant Was not in.

I talked with, explained the general nature of the papers to, and left the papers with Jane Doe who is over the age of eighteen years and (x) a person apparently in charge ( ) a competent member of the household. I asked that they be given to the defendant.

**Date of mailing, first class postage prepaid:** March 11, 2008

The substituted service was initiated under provisions of the CCP Sec. 415.20. I declare under the penalty of perjury the preceding statement is true and correct, and that I am at least eighteen years of age, and not a party to this action.

Executed on March 12, 2008 at San Jose, California.

Santa Clara County, Registration #885
**County Process Service inc.**
Licensed & Bonded
31 East Julian Street
San Jose, California 95112
Phone (408) 297-6070  Fax 297-6160

Carlos Aguirre

CARLOS AGUIRRE
SANTA CLARA COUNTY #885

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Jefferson T. Stamp, Esq.   SBN# 187975
15650-A Vineyard Blvd., #146
Morgan Hill, CA 95037

TELEPHONE NO.: 408-327-8020    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

*ENDORSED*
*FILED*

MAR 13 08

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First St
MAILING ADDRESS: 191 N. First St
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Civil

PLAINTIFF/PETITIONER: Tvia, Inc.

DEFENDANT/RESPONDENT: Silva,et al

CASE NUMBER:
108 CV 104728

Ref. No. or File No.:

## PROOF OF SERVICE OF SUMMONS

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a. [X] summons
    b. [X] complaint  First Amended
    c. [ ] Alternative Dispute Resolution (ADR) package
    d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
    e. [ ] cross-complaint
    f. [X] other *(specify documents):* Civil Lawsuit Notice, ADR Information Sheet

3.  a. Party served *(specify name of party as shown on documents served):* Benjamin Silva, an Individual

    b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served: 2350 Mission College Blvd., #925, Santa Clara California

5.  I served the party *(check proper box)*
    a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* March 10, 2008   (2) at *(time):* 4:44 p.m.
    b. [ ] **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

        (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Legal<br>Solutions<br>℞ Plus | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Tvia, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Silva,et al | 108 CV 104728 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1)  on *(date):*                (2) from *(city):*

     (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

     (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

     ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☒  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☐  On behalf of *(specify):*
     under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
   a. Name: Carlos Aguirre, County Process Service Inc.
   b. Address: 31 E. Julian St., San Jose, CA 95112
   c. Telephone number: 408-297-6070
   d. **The fee for service was:** $ 97.50
   e. I am:
     (1)  ☐  not a registered California process server.
     (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
     (3)  ☒  registered California process server:
       (i)  ☐  owner  ☒  employee  ☐  independent contractor.
       (ii)  Registration No.: 885
       (iii)  County: Santa Clara

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 12, 2008     CARLOS AGUIRRE
                   SANTA CLARA COUNTY #885

Carlos Aguirre
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          ▶               (SIGNATURE)

## Declaration Regarding Diligence
## To Effect Personal Service

In the _____ Superior _____ Court,    County of    Santa Clara

(ENDORSED)
FILED

Case Title: Tvia v Silva, et al.    Case #    108 CV 104728    MAR 13 08

Person to be served: Matthew McKee, an individual    Time served: 4:44 p.m.

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA

Person substituted:  Benjamin Silva    Date Served: March 10, 2008 SANTA CLARA

BY _____ DEPUTY

Relationship:    codefendant/coworker, apparently in charge

At:  Home address:

Business address: 2350 Mission College Blvd., #925, Santa Clara, CA 95054

Or within the judicial district in which the address specified is situated, as enumerated below:

On _February 29, 2008_, at _4:28 p.m._, I attempted to serve the defendant at the ( ) home
(x) business address shown above, but could not serve the defendant personally because:
(x) There was no answer. ( ) The business was closed. ( ) I was informed the defendant
Was not in.

On _March 3, 2008_, at _4:40 p.m._, I attempted to serve the defendant at the ( ) home
(x) business address shown above, but could not serve the defendant personally because:
(x) There was no answer. ( ) The business was closed. ( ) I was informed the defendant
Was not in.

On _March 10, 2008_, at _4:44 p.m._, I attempted to serve the defendant at the ( ) home
(x) business address shown above, but could not serve the defendant personally because:
( ) There was no answer. ( ) The business was closed. (x) I was informed the defendant
Was not in.

I talked with, explained the general nature of the papers to, and left the papers with _Benjamin Silva_ who is
over the age of eighteen years and (x) a person apparently in charge ( ) a competent member of the household. I
asked that they be given to the defendant.

**Date of mailing, first class postage prepaid:** March 11, 2008
The substituted service was initiated under provisions of the CCP Sec. 415.20. I declare under the penalty of perjury
the preceding statement is true and correct, and that I am at least eighteen years of age, and not a party to this
action.

Executed on _March 12, 2008_ at San Jose, California.

Santa Clara County, Registration #885
**County Process Service inc.**
Licensed & Bonded
31 East Julian Street
San Jose, California 9512
Phone (408) 297-6070  Fax 297-6160

Carlos Aguirre

CARLOS AGUIRRE
SANTA CLARA COUNTY #885

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jefferson T. Stamp, Esq.    SBN# 187975<br>15650-A Vineyard Blvd., #146<br>Morgan Hill, CA 95037<br><br>TELEPHONE NO.: 408-327-8020    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name)* Plaintiff | ENDORSED FILED<br><br>08 MAR 27 AM 11: 13<br><br>CHIEF EXECUTIVE CLERK<br>SUPERIOR COURT OF CA.<br>COUNTY OF SANTA CLARA<br>BY G. Duarte DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First St
MAILING ADDRESS: 191 N. First St
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Civil

| PLAINTIFF/PETITIONER: Tvia, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Silva,et al | 108 CV 104728 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a.  [X] summons
    b.  [X] complaint  First Amended
    c.  [ ] Alternative Dispute Resolution (ADR) package
    d.  [ ] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] cross-complaint
    f.  [X] other *(specify documents):* Civil Lawsuit Notice, ADR Information Sheet

3.  a.  Party served *(specify name of party as shown on documents served):* Tzu Hsien "Steve" Wang, an Individual
    b.  [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served: 13225 Via Grande Court, Saratoga, CA 95070

5.  I served the party *(check proper box)*
    a.  [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                (2) at *(time):*
    b.  [X] **by substituted service.** On *(date):* 3/25/2008   at *(time):* 1:35 p.m. I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):* by serving, Jane Doe, co-occupant, female, Asian
        (1)  [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2)  [X] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3)  [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4)  [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 3/25/2008 from *(city):* San Jose    or [ ] a declaration of mailing is attached.
        (5)  [X] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Tvia, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Silva, et al | 108 CV 104728 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
       address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                              (2)  from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
       to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d.  ☐  by other means *(specify means of service and authorizing code section):*

        ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  ☒  as an individual defendant.
    b.  ☐  as the person sued under the fictitious name of *(specify):*
    c.  ☐  as occupant.
    d.  ☐  On behalf of *(specify):*
        under the following Code of Civil Procedure section:

        ☐  416.10 (corporation)                ☐  415.95 (business organization, form unknown)
        ☐  416.20 (defunct corporation)         ☐  416.60 (minor)
        ☐  416.30 (joint stock company/association)   ☐  416.70 (ward or conservatee)
        ☐  416.40 (association or partnership)     ☐  416.90 (authorized person)
        ☐  416.50 (public entity)             ☐  415.46 (occupant)
                                         ☐  other:

7.  **Person who served papers**
    a.  Name:  Michael R. Mezzetti, County Process Service Inc.
    b.  Address: 31 E. Julian St., San Jose, CA 95112
    c.  Telephone number: 408-297-6070
    d.  **The fee for service was:** $ 75.00
    e.  I am:
        (1) ☐  not a registered California process server.
        (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒  registered California process server:
            (i) ☐  owner   ☒  employee   ☐  independent contractor.
            (ii)  Registration No.: 1002
            (iii)  County: Santa Clara

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: March 26, 2008

                       **MICHAEL MEZZETTI**
                    **SANTA CLARA COUNTY #1002**

Michael R. Mezzetti                         ▶
_____              _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         (SIGNATURE )

## Declaration Regarding Diligence
## To Effect Personal Service

In the _____ Superior _____ Court,    County of _Santa Clara_

Case Title: _Tvia, Inc. v Silva, et al._    Case # _108 CV 104728_

Person to be served: Tzu Hsien " Steve " Wang, an individual    Time served: 1:35 p.m.

Person substituted: Jane Doe, female, Asian    Date Served: March 25, 2008

Relationship:    co-occupant

At: Home address: 13225 Via Grande Court, Saratoga, CA 95070

Business address:

Or within the judicial district in which the address specified is situated, as enumerated below:

On _March 11, 2008_, at _9:55 p.m._, I attempted to serve the defendant at the (x) home ( ) business address shown above, but could not serve the defendant personally because: (x) There was no answer. ( ) The business was closed. ( ) I was informed the defendant Was not in.

On _March 24, 2008_, at _8:55 p.m._, I attempted to serve the defendant at the (x) home ( ) business address shown above, but could not serve the defendant personally because: (x) There was no answer. ( ) The business was closed. ( ) I was informed the defendant Was not in.

On _March 25, 2008_, at _1:35 p.m._, I attempted to serve the defendant at the (x) home ( ) business address shown above, but could not serve the defendant personally because: ( ) There was no answer. ( ) The business was closed. (x) I was informed the defendant Was not in.

I talked with, explained the general nature of the papers to, and left the papers with _Jane Doe_ who is over the age of eighteen years and ( ) a person apparently in charge (x) a competent member of the household. I asked that they be given to the defendant.

**Date of mailing, first class postage prepaid:** March 25, 2008

The substituted service was initiated under provisions of the CCP Sec. 415.20. I declare under the penalty of perjury the preceding statement is true and correct, and that I am at least eighteen years of age, and not a party to this action.

Executed on _March 26, 2008_    at San Jose, California.

_____
Michael R. Mezzetti

Santa Clara County, Registration #1002
County Process Service Inc.
Licensed & Bonded
31 East Julian Street
San Jose, California 95112
Phone (408) 297-6070  Fax 297-6160

MICHAEL MEZZETTI
SANTA CLARA COUNTY #1002

**Exhibit 2**

**Greg Charles**

| | |
|---|---|
| **From:** | Matthew Rafat [willworkforjustice@yahoo.com] |
| **Sent:** | Tuesday, May 06, 2008 3:41 PM |
| **To:** | Greg Charles; 'Jefferson Stamp' |
| **Subject:** | RE: Remand |

Mr. Charles:

I want to ensure that you understand that the original notice of removal cited the PSLRA, a federal statute, as the basis for removal. As stated in the papers filed today by defendants, it appears that the California Corporations Code may have a lower pleading standard than is allowed when suing on behalf of shareholders.

With respect to diversity jurisdiction, defendants included that basis as a secondary item when realizing that a Japanese Corporation was added to the Complaint.

On a moving forward basis, if you continue to refuse to do what you promised on May 1, 2008 and not sign and return to me the stipulation and proposed order I have drafted and emailed you, your motion to remand must focus on securities law. More specifically, it must refute defendants' basis for subject matter jurisdiction under federal law. TVIA is alleging shareholder diminution in stock price value, and the PSLRA and securities law appear to pre-empt such claims when Plaintiff alleges insider trading that affects the public marketplace and public shareholders. I do not contest that defendants lack diversity jurisdiction.

You raised an issue of a lack of signature. I am unclear which notice I did not sign. In federal court, documents are typically e-filed with an e-signature. In any case, chambers copies are usually sent with a written signature, which is what I have been doing in this case. I hope that clears that issue so we can focus on federal securities pre-emption.

Sincerely,
Matthew Mehdi Rafat, Esq.
PO Box 111351
Campbell, CA 95011
t-408-295-3367
t-408-871-2899
www.rafatlaw.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If you have received this communication in error, please notify me immediately by e-mail and delete the original message. Please note that The Law Office of Matthew Rafat does NOT provide any tax advice.

If you have not signed a fee agreement with me, this email does not constitute an attorney-client relationship and should not create an expectation of an attorney-client relationship in the future. An attorney-client relationship is formed with me only when you and I sign a written contract.

**Exhibit 3**

GREGORY J. CHARLES, ESQ., SBN 208583
CAMPEAU GOODSELL SMITH
440 North First Street, Ste. 100
San Jose, California 95112
Telephone:  408-295-9555
Facsimile: 408-852-0233

**Attorneys for Plaintiff Tvia, Inc.**

ENDORSED

2007 APR 19  A 8: 32

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY _____
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA

A. FLORESCA

| | |
|---|---|
| TVIA, INC., A DELAWARE CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>NBG, LLC., A FLORIDA LIMITED LIABILITY COMPANY; BENJAMIN SILVA; MATTHEW MCKEE; TSU HSIEN "STEVE" WANG; WEI CHEN; YK SYNNET INCORPORATED, A JAPANESE CORPORATION; AND DOES 1-50<br><br>Defendants. | CASE NO: 107CV084211<br><br>**VERIFIED COMPLAINT FOR :**<br><br>1.  **Statutory Misappropriation of Trade Secrets;**<br><br>2.  **Common Law Misappropriation;**<br><br>3.  **Breach of Confidential Relationship;**<br><br>4.  **Inducing Breach of Contract and Intentional Interference with Economic Relationships;**<br><br>5.  **Statutory Unfair Competition & Trade Practices;**<br><br>6.  **Breach of Express Contract; and**<br><br>7.  **Permanent Injunction** |

Plaintiff alleges as follows:

## THE PARTIES

1.      Plaintiff Tvia, Inc. ("TVIA") is a corporation organized under the laws of the
State of Delaware.  It is authorized to do business in the State of California and maintains an
office in the County of Santa Clara.

Page 1

VERIFIED COMPLAINT

GREGORY J. CHARLES, ESQ., SBN 208583
CAMPEAU GOODSELL SMITH
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408-295-9555
Facsimile: 408-852-0233

Attorneys for Plaintiff Tvia, Inc.

ENDORSED

2007 APR 19 A 8: 32

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY_____
DEPUTY CLERK

A. FLORESCA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

TVIA, INC., A DELAWARE
CORPORATION

          Plaintiff,

vs.

NBG, LLC., A FLORIDA LIMITED
LIABILITY COMPANY; BENJAMIN
SILVA; MATTHEW MCKEE; TSU
HSIEN "STEVE" WANG; WEI CHEN;
YK SYNNET INCORPORATED, A
JAPANESE CORPORATION; AND
DOES 1-50

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO: 107CV084211

VERIFIED COMPLAINT FOR :

1.  **Statutory Misappropriation of Trade Secrets;**

2.  **Common Law Misappropriation;**

3.  **Breach of Confidential Relationship;**

4.  **Inducing Breach of Contract and Intentional Interference with Economic Relationships;**

5.  **Statutory Unfair Competition & Trade Practices;**

6.  **Breach of Express Contract; and**

7.  **Permanent Injunction**

Plaintiff alleges as follows:

## THE PARTIES

1.    Plaintiff Tvia, Inc. ("TVIA") is a corporation organized under the laws of the State of Delaware. It is authorized to do business in the State of California and maintains an office in the County of Santa Clara.

VERIFIED COMPLAINT

2.      Defendant NBG, LLC., ("NBG") is a Florida Limited Liability Company.  It is doing business in the State of California, but it is not authorized to do business in the State of California.

3.      Defendant Benjamin Silva ("SILVA") is a person of the full age of majority who resides in Fremont, CA.  SILVA is a former TVIA employee having entered into an employment agreement in the County of Santa Clara.

4.      Defendant Matthew McKee ("McKEE") is a person of the full age of majority who resides in Rocklin, CA.  McKEE is a former TVIA employee having entered into an employment agreement in the County of Santa Clara.

5.      Defendant Tsu Hsien "Steve" Wang ("WANG") is a person of the full age of majority who resides in Saratoga, CA.  WANG is a former TVIA employee having entered into an employment agreement in the County of Santa Clara.

6.      Defendant Wei Chen ("CHEN") is a person of the full age of majority who resides in the State of California.  CHEN is a former TVIA employee having entered into an employment agreement in the County of Santa Clara.

7.      Defendant YK SYNNET INCORPORATED ("SYNNET") is a Japanese Corporation.  It is doing business in the State of California, but it is not authorized to do business in the State of California.

8.      The true names or capacities whether or individual, corporate, associate, or otherwise, of the Defendants Does 1 through 50, inclusive, are not now known to Plaintiff, who therefore sue said Defendants by such fictitious names.

9.      Plaintiff is informed and believes and there upon alleges that each of the Defendants designated herein as a doe is legally responsible in some manner for the events and happenings referred to herein, and cause damages thereby to Plaintiff as alleged herein.  Does 1 through 50, inclusive, acted in an individual capacity and/or as the agents, representatives and/or employees of the Defendants named herein and/or has an interest in Defendants' business.

## FACTS COMMON TO ALL ALLEGATIONS

1    10.    TVIA is a fabless semiconductor company that designs produces and markets

2 display processors for the digital and interactive television market.

3    11.    TVIA offers a family of display processors to television manufacturers, creating

4 next-generation digital high-definition (HD) liquid crystal display (LCD) television, enhanced

5 definition (ED) progressive-scan cathode ray tube (CRT) televisions and interactive multimedia

6 display processors for interactive set top boxes.

7    12.    TVIA also manufactures and sells LCD televisions

8    13.    TVIA sells its products directly to original equipment manufacturers (OEMs).   It

9 also sells its products to a number of distributors.

10    **DEFENDANT NBG**

11    14.    NBG sells LCD and Plasma flat panel displays and accessories.

12    15.    NBG is a former customer of TVIA.

13    16.    Recently, NBG became a direct competitor of TVIA when it began

14 manufacturing flat panel television sets in Shenzhen, China.

15    17.    NBG falsely claims that its products bear Underwriters Laboratory ("UL")

16 certification and have been authenticated by the Federal Communications Commission

17 ("FCC").

18    18.    In reality, NBG is using TVIA's intellectual property to produce flat panel

19 televisions according to TVIA's specifications.

20    **DEFENDANT SILVA**

21    19.    Defendant SILVA joined TVIA as an employee on or about September 21, 2004.

22    20.    Defendant SILVA served as TVIA's Vice President of Worldwide Sales

23 reporting to Eli Porat, CEO of TVIA.

24    21.    As part of his job, Defendant SILVA had access to customer information,

25 customer list, pricing information, product specifications, material lists, plans, business plans,

26 marketing strategies and other proprietary information that was developed by TVIA.

27    22.    This proprietary information belongs to TVIA, is maintained in a confidential

28 manner, and is not known to either the general public or TVIA's competitors.

VERIFIED COMPLAINT

23.   Defendant SILVA used his position of trust and responsibility to misappropriate the Plaintiff's trade secrets and confidential information.

24.   Defendant SILVA is using the Plaintiff's trade secrets and confidential information to unfairly compete with TVIA.

25.   Defendant SILVA was terminated as a TVIA employee effective January 18, 2007.

26.   Defendant SILVA is now employed by, working for, and/or associated with NBG.

### DEFENDANT WANG

27.   Three days after Defendant SILVA joined the company, Defendant WANG joined TVIA as an employee on or about September 27, 2004.

28.   Defendant SILVA served as General Manager of Sales, Greater China (Territory defined as: China, Hong Kong and Taiwan) reporting to Defendant SILVA.

29.   As part of his job, Defendant WANG had access to customer information, customer list, pricing information, product specifications, material lists, plans, business plans, marketing strategies and other proprietary information that was developed by TVIA.

30.   This proprietary information belongs to TVIA, is maintained in a confidential manner, and is not known to either the general public or TVIA's competitors.

31.   Defendant WANG used his position of trust and responsibility to misappropriate the Plaintiff's trade secrets and confidential information.

32.   Defendant WANG is using the Plaintiff's trade secrets and confidential information to unfairly compete with TVIA.

33.   When the plaintiff determined that Defendant WANG was conspiring with the other defendants and selling or attempting to sell counterfeit goods utilizing TVIA's trade secrets and TVIA's UL Certifications and FCC Authentications, the plaintiff terminated WANG as a TVIA employee effective April 15, 2007.

34.   Defendant WANG is now employed by, working for, and/or associated with NBG.

VERIFIED COMPLAINT

**DEFENDANT McKEE**

35.    Defendant McKEE joined TVIA as Sales Manager of USA and Europe Territory reporting to Defendant SILVA on March 4, 2005.

36.    As part of his job, Defendant McKEE had access to customer information, customer list, pricing information, product specifications, material lists, plans, business plans, marketing strategies and other proprietary information that was developed by TVIA.

37.    This proprietary information belongs to TVIA, is maintained in a confidential manner, and is not known to either the general public or TVIA's competitors.

38.    While employed by TVIA, Defendant McKEE serviced the NBG account.

39.    He used this position of trust and responsibility to misappropriate the Plaintiff's trade secrets and confidential information.

40.    Defendant McKEE is using the Plaintiff's trade secrets and confidential information to unfairly compete with TVIA.

41.    Defendant McKEE was terminated as a TVIA employee effective April 13, 2007.

42.    Defendant McKEE is now employed by, working for, and/or associated with NBG.

**DEFENDANT CHEN**

43.    Defendant CHEN served as TVIA's Application S/W Manager.

44.    As part of his job, Defendant CHEN had access to customer information, customer list, pricing information, product specifications, material lists, plans, business plans, marketing strategies and other proprietary information that was developed by TVIA.

45.    This proprietary information belongs to TVIA, is maintained in a confidential manner, and is not known to either the general public or TVIA's competitors.

46.    He used this position of trust and responsibility to misappropriate the Plaintiff's trade secrets and confidential information.

47.    A review of CHEN's TVIA employee calendar demonstrates that he spent much of recent time at TVIA working for NBG.

VERIFIED COMPLAINT

02/22/07

1. NBG or requirement? What kind of company, the future, products and business model .

2. Working method in the future? ( already talked) When will it start? (Now)

3. position, salary, etc

4. Title, and how to work, how to build up team

03/01/07

1. Company entity, business model (organization entity, SZ office, Hiring step)

2. Future of product

3. H/W plan?

4. My title, Salary?

5. My MBO, severance pay -6 months?

48.    On March 5, 2007, CHEN listed theft of trade secrets as a "to do" item on his calendar.

03/05

1. Copy useful disks

49.    Defendant CHEN is using the Plaintiff's trade secrets and confidential information to unfairly compete with TVIA.

50.    Defendant CHEN is now employed by, working for, and/or associated with NBG.

**THE AGREEMENT**

51.    As a condition of employment, Defendants SILVA, WANG, McKEE, and CHEN agreed to abide by TVIA's Standard Employee Proprietary Information Agreement (the "AGREEMENT").

52.    The AGREEMENT is governed by the laws of the State of California, and Defendants SILVA, WANG, and McKEE consented to the jurisdiction of the courts of this State.  Paragraph 11(a) states.

This Agreement will be governed by the laws of the State of California. I hereby

**VERIFIED COMPLAINT**

1  expressly consent to the personal jurisdiction of the state and federal courts
   located in California for any lawsuit filed there against me by the Company
2  arising from or relating to this Agreement.

3      53.    In the AGREEMENT, Defendants SILVA, WANG, McKEE, and CHEN

4  acknowledged their obligation to maintain TVIA's trade secrets and confidential information.

5  Paragraph 2(a) states.

6      I agree at all times during the term, of my employment- and thereafter, to hold in
       strictest confidence, and not to use, except for the benefit of the Company, or to
7      disclose to any person, firm or corporation without written authorization of the
       Board of Directors of the Company, any Confidential Information of the
8      Company. I understand that "Confidential Information" means any Company
       proprietary information, technical data, trade secrets or know-how, including, but
9      not limited to, research, product plans, products, services, customer lists and
       customers (including, but not limited to customers of the Company on whom I
10     called or with whom I become acquainted during the term of my employment),
       markets, software, developments, inventions, processes, formulas, technology,
11     designs, drawings, engineering, hardware configuration information, marketing,
       finances or other business information disclosed to me by the Company either
12     directly or indirectly in writing, orally or by drawing or observation of parts or
       equipment. I further understand that Confidential Information does not include
13     any of the foregoing items which has become publicly known and made
       generally available through no wrongful act of mine.
14

15     54.    In the AGREEMENT, Defendants SILVA, WANG, McKEE, and CHEN agreed

16  that during the term of their employment they would not work for a company in any capacity

17  that competes with TVIA.  Paragraph 4 states.

18     I agree that, during the term of my employment with the Company, I will not
       engage in any other employment, occupation, consulting or other business
19     activity directly related to the business in which the Company is now involved or
       becomes involved during the term of my employment, nor will I engage in any
20     other activities that conflict with my obligations to the Company.

21     55.    In the AGREEMENT, Defendants SILVA, WANG, McKEE, and CHEN agreed

22  to return any company data upon the termination of their employment.  Paragraph 5 states.

23     I agree that, at the time of leaving the employ of the Company, I will deliver to
       the Company, ( and will not keep in my possession, recreate or deliver to anyone
24     else) any and all devices, records, data, notes, reports, proposals, lists,
       correspondence, specifications, drawings, blueprints, sketches, materials,
25     equipment, other documents or property, or reproductions of any aforementioned
       items developed by me pursuant to my employment with the Company or
26     otherwise belonging to the Company, its successors or assigns. In the event of
       the termination of my employment, I agree to sign and deliver the "Termination
27     Certification" attached hereto as Exhibit C.

28     56.    In the AGREEMENT, Defendants SILVA, WANG, McKEE, and CHEN agreed

VERIFIED COMPLAINT

1    that they would not solicit any TVIA employees for one year after the termination of their

2    employment. Paragraph 7 states.

3        I agree that for a period of twelve (12) months immediately following the
         termination of my relationship with the Company for any reason, whether with

4        or without cause, I shall not either directly or indirectly solicit, induce, recruit or
         encourage any of the Company's employee to leave their employment, or take

5        away such employee, or attempt to solicit, induce, recruit, encourage or take
         away employees of the Company, either for myself or any other person or entity.

6

7                                        **THE CODE**

8        57.    As a condition of employment, Defendants SILVA, WANG, McKEE, and

9    CHEN agreed to abide by TVIA's Code of Ethics and Business Conduct for Employees,

10   Officers and Directors ("CODE").

11       58.    The CODE, *inter alia*, addresses employee liability, honesty, and company

12   property.

13       Tvia, Inc. (the "Company") expects the highest possible ethical conduct from its
         employees, officers and directors. You are expected to participate in and foster a

14       culture of transparency, integrity and honesty in the Company. Each director,
         officer and employee is required to review this Code and be aware of the

15       applicable laws that are important to the Company's business.

16

17       This Code provides rules and procedures to help the Company's employees,
         officers and directors recognize and respond to situations that present ethical

18       issues. For guidance with respect to issues not addressed in this Code,
         employees are directed to the Manual of SEC Compliance Procedures and

19       Guidelines which sets forth the Company's policies on a wide range of issues that
         arise in the course of service with the Company or to Eli Porat, the Company's

20       Ethics Officer. Your full compliance with this Code is mandatory and those who
         violate the standards in this Code will be subject to disciplinary action.

21       59.    The CODE also requires employees to avoid conflicts of interest and report any

22   conflicts of interest to TVIA.

23       As an employee, director or officer of the Company, it is imperative that you
         avoid conflicts of interest. A conflict of interest arises when an employee takes

24       action or enters into relationships that oppose the interests of the Company or
         that interfere with the employee's performance or independent judgment when

25       carrying out his or her duties. You may not exploit your position or relationship
         with the Company for personal gain. Employees shall take every reasonable step

26       to promptly disclose to a supervisor or the Ethics Officer any business or
         financial interest or relationship of any employee which might interfere with the

27       ability of the employee to pursue the best interests of the Company.

28       60.    In the CODE, Defendants SILVA, WANG, McKEE, and CHEN also agreed to

                                    **VERIFIED COMPLAINT**

1  safeguard TVIA's property.

2      Every employee must safeguard the Company's property from loss or theft, and
       may not take such property for personal use. Company property includes
3      confidential information, software, computers, office equipment and supplies.
       You must appropriately secure all Company property within your control to
4      prevent its unauthorized use.

5      61.    In the CODE, Defendants SILVA, WANG, McKEE, and CHEN also agreed to

6  protect TVIA's customer and vendor Information.

7      You may not use or reveal Company, customer or vendor confidential or
       proprietary information to others. Additionally, you must take appropriate steps
8      - including securing documents, limiting access to computers and electronic
       media, and proper disposal methods - to prevent unauthorized access to such
9      information. Proprietary and/or confidential information, among other things,
       includes: business methods, pricing and marketing data, strategy, computer code,
10     screens, forms, experimental research, information about, or received from, the
       Company current, former and prospective customers, vendors and employees.
11

12     62.    In the CODE, Defendants SILVA, WANG, McKEE, and CHEN also agreed to

13  report any violations by other employees.

14     Your conduct can reinforce an ethical atmosphere and positively influence the
       conduct of your fellow employees. If you are powerless to stop suspected
15     misconduct or discover it after it has occurred, you must report it to the
       appropriate level of management at your location. Misconduct cannot be
16     excused because it was directed or requested by another. In this regard, you are
       expected to alert management whenever an illegal, dishonest or unethical act is
17     discovered or suspected.

18                          **DEFENDANT SYNNET**

19     63.    On October 1, 2005, TVIA and SYNNET entered into an Independent

20  Contractor Services Agreement. (the "CONTRACT").

21     64.    Pursuant to the CONTRACT, SYNNET generated sales in Japan, Korea, and

22  other areas in Asia.

23     65.    As part of the CONTRACT, Defendant SYNNET had access to customer

24  information, customer list, pricing information, product specifications, material lists, plans,

25  business plans, marketing strategies and other proprietary information that was developed by

26  TVIA.

27     66.    This proprietary information belongs to TVIA, is maintained in a confidential

28  manner, and is not known to either the general public or TVIA's competitors.

**VERIFIED COMPLAINT**

67.    In Paragraph 8.3 of the CONTRACT, SYNNET acknowledged that the CONTRACT is governed by California Law. Further, SYNNET consented to the jurisdiction of the courts of this State. The CONTRACT states.

> This Agreement shall be governed in all respects by the laws of the United States of America and by the laws of the State of California, as such laws are applied to agreements entered into and to be performed entirely within California between California residents. Each of the parties irrevocably consents to the exclusive personal jurisdiction of the federal and state courts located in California, as applicable, for any matter arising out of or relating to this Agreement, except that in actions seeking to enforce any order or any judgment of such federal or state courts located in California, such personal jurisdiction shall be nonexclusive.

## TVIA's PRODUCTS ARE CERTIFIED BY UL

68.    American consumers and businesses have entrusted their property and personal safety to UL for more than a century.

69.    The company and its integrity are instantly recognizable by its certification mark, the letters UL inside a circle.



70.    This well-known symbol is seen on billions of new products each year.

71.    Products undergo rigorous testing by UL engineers in conjunction with certification. A product bearing the certification is free from risk of fire, electric shock, and related hazards.

72.    UL certification marks are registered with the U.S. Patent and Trademark Office and recorded with U.S. Customs, which gives the marks the same protection against counterfeit imports that recorded trademarks have.

73.    Products on the market that bear counterfeit UL marks are a threat to the health and safety of the American public.

74.    TVIA, through its Chinese subsidiary, holds three UL certifications. These include.

VERIFIED COMPLAINT

| Certificate Number | Products |
|---|---|
| 20070326- E309472C | 42" LCD Color TV  LC-42US, TL4256A, PLTV -42HW56 |
| 20070326- E309472A | 37" LCD TV TL3756A, PLTV -37HW56 |
| 20070326-E309472B | 32" LCD TV TL3256A.PLTV-32HW56 |

75.    To obtain these UL certifications, TVIA spent $348,210.56.

**TVIA'S PRODUCTS ARE VERIFIED BY THE FCC**

76.    The FCC Rules and Regulations, Title 47, Part 15, Subpart B regulate "unintentional radio-frequency devices."

77.    Almost every product that employs a microprocessor including televisions, workstations, personal computers, point-of-sale terminals, printers, modems, and electronic games fall within this category.

78.    It is illegal to sell or advertise for sale any products regulated under Part 15, Subpart B until their radiated and conducted emissions have been measured and found to be in compliance.

79.    Products that are regulated by the FCC must have the following label displayed in a prominent manner.



80.    All of TVIA's products are verified by the FCC.

81.    Obtaining FCC verification of its flat panel television sets cost TVIA $110,450.00

**THE DEFENDANTS' COUNTERFEIT GOODS AND**

**MISAPPROPRIATION OF TRADE SECRETS**

82.    Each of the individual defendants is employed by or associated with NBG.  The Defendants have conspired to and actually have misappropriated TVIA's trade secrets.

83.    The Defendants also used their positions of trust as employees of the company to

1    divert business to NBG.

2        84.    Finally, and most egregiously, the Defendants have affixed counterfeit UL

3    certifications and FCC verifications belonging to TVIA to their products in violation of federal

4    law and regulations endangering the health and safety of the American Public.

5        85.    This conduct is not only unlawful, it also causes irreparable harm to TVIA as its

6    valuable certifications and verifications are now associated with unregulated counterfeit goods.

7        86.    The conspiracy began as early as January, 2007. After being terminated, SILVA

8    contacted Synnet on January 20, 2007 and obtained confidential TVIA information from

9    Michael Buttrick, a Synnet employee. After being reprimanded and reminded of his obligations

10   under the CONTRACT, Mr. Buttrick stated.

11       I now understand the confidential nature of all communications with former Tvia
         employees and I will assure you that I will not provide Tvia's confidential
12       information to Ben Silva or any individual who is not authorized to have the
         information.
13

14       87.    The Defendants then used their positions as employees of TVIA to

15   misappropriate TVIA trade secrets and proprietary information.

16       88.    On January 22, 2007, Qibee, Inc. ("QIBEE") signed a purchase contract for the

17   sale of 8,160 "LC-42 US 42" HD LCD TV with ATSC, 1366 x 768 panel" flat panel

18   televisions.

19

20
                                    Purchase Contract
21                                                                     Number: QT6981278
                                                                       Date: Jan 22nd, 2007
22   | Buyer : Qibee, Inc.                      | (Seller) : Tvia, Inc.                   |
     | Address:                                 | Address:                               |
     | 3700 South El Camino Real                | 4001 Burton Drive                      |
23   | San Mateo, CA. 94403.U.S.A.              | Santa Clara, CA  95054. U.S.A.         |
     | Telephone: 1-650-200-8052                | Telephone: 1-408-982-8585              |
24
     This contract is made by and between the Buyer and Seller whereby the Buyer agree to buy and the Seller agree to
25   sell the under-mentioned product according to the terms and conditions stipulated below:

26   | Item No. | Product Specifications | Unit | Qty | Unit Price | Total Amount |
     |---|---|---|---|---|---|
     |  |  |  |  | FOB CHINA , Freight Collect |  |
27   | LC-42 US | 42" HD LCD TV with ATSC 1366 x 768 p. ne SEE ATTACHED SPECIFICATION | SETS | 8,160 | USD 35. ,010 | USD $ 8,241,600 |
28
     SAID TOTAL US DOLLARS EIGHT MILLION TWO HUNDRED FORTY ONE THOUSAND SIX HUNDRED ONLY.SAID FOB CHINA

Page 12

The sale price totaled US$8,241,600.

89.    Thereafter, the Defendants who were still employed by TVIA used their positions of trust and responsibility to divert this QIBEE sale from TVIA to NBG.

90.    On March 22, 2007, WANG's administrative assistant used a TVIA computer to send a pro forma invoice to QIBEE for 8,160 flat panel televisions totaling US$8,225,280.00. The products are described as "LC-42 US 42" HD LCD TV with ATSC, 1366 x 768 panel, UL, FCC approved."

Form No: NBG254795

NBG TV
2325 Ulmerton Road, Suite 20
Clearwater FL 33762 USA
T: +1 727 388 5699
F: +1 727 572 8342

**PROFORMA INVOICE**

To: Qibee Inc.                                    INVOICE NO: NG0701

3708 South El Camino Real,
San Mateo, CA 94403
U.S.A.                                            DATE: March 25, 2007
Tel: 650-200-8332
Fax:650-3571188

| Model # | DESCRIPTION OF GOODS | UNIT PRICE (USD) | QUANTITY (PCS) | TOTAL AMOUNT (USD) |
|---|---|---|---|---|
| LC-42 US | 42" HD LCD TV with ATSC,1366x 768 Panel, UL, FCC approved | US$1,008.00 | 8,160 | US$8,225,280.00 |
| | | | Total Amount: | US$8,225,280.00 |

91.    Except for the price, which is $16,320.00 lower than the price QIBEE agreed to pay TVIA, the invoices are identical.

92.    The LC-42 US, however, is a TVIA product that bears UL certification number 20070326- E309472C.  Consequently, the Defendants are actually selling and planning to sell TVIA's own products to QIBEE.

93.    Moreover, the Defendants are attaching counterfeit UL and FCC certifications to the products.  WANG  admitted as much in an email to Paul Bullard, NBG's COO, on April 14, 2007.

Paul:

We still use Tvia FCC and UL until NBG's ready.  (sic) No way Tvia know

Page 13

about it. I am very careful! We must be very low profile without let anyone else know about it.

Are 110 units ready to do now?

I will ask FuChong send a P.I. so a P.O. can be issued by next Monday, we can (sic) done 110 unist of 42" in 21 days from now but need to execute immediately.

Steve

94.    Wang was terminated the following day.

### URGENT NEED FOR INJUNCTIVE RELIEF

95.    In addition to the 110 units mentioned in the email, TVIA has recovered a NBG purchase order from WANG's Computer for 540 units that were shipped in early April, 2007 to Los Angeles, CA. Based on the email, these televisions bear counterfeit UL Certifications and FCC Authentications belonging to TVIA.

96.    Sale of these products in the United States is unlawful and the counterfeit certifications and authorizations present a significant risk to the health and safety of others.

97.    Upon information and belief, these televisions were manufactured according to specifications and plans belonging to TVIA, both of which constitute the plaintiff's trade secrets and proprietary information.

98.    On March 29, 2007, QIBEE issued a purchase order to NBG for 8,160 flat panel televisions totaling $8,225,280.00. The products are described as "LC-42 US 42" HD LCD TV with ATSC, 1366 x 768 panel, UL, FCC approved."

99.    Since the LC-42 US is a TVIA product, the Defendants plan to sell TVIA's products to QIBEE.

100.    Upon information and belief, the Defendants will attach counterfeit UL and FCC certifications to the products.

### CONSENT TO INJUNCTIVE RELIEF AND SPECIFIC PERFORMANCE

101.    In the AGREEMENT, Defendants SILVA, WANG, McKEE, and CHEN consented to the issuance of injunctive relief prohibiting the violation of (or threatened violation of) the AGREEMENT. Defendants SILVA, WANG, McKEE, and CHEN also agreed that an

VERIFIED COMPLAINT

1    injunction could be issue without bond.  They further agreed to an order mandating specific

2    performance of the AGREEMENT.  Paragraph 10(b) states.

3        I agree that it would be impossible or inadequate to measure and calculate the
         Company's damages from breach of the covenants set forth in Sections 2, 3, and
4        5 herein. Accordingly, I agree that if I breach any of such Sections the Company
         will have available, in addition to any other right or remedy available, the right
5        to obtain an injunction from a court of competent jurisdiction restraining such
         breach or threatened breach and to specific performance of any such provision of
6        this Agreement. I further agree that no bond or other security shall be required in
         obtaining such equitable relief and I hereby consent to the issuance of such
7        injunction and to the ordering of specific performance.

8        102.    In the CONTRACT, Defendant Synnet consented to the issuance of injunctive

9    relief prohibiting the violation of (or threatened violation of) the CONTRACT.   Paragraph 8.6

10   states.

11       Contractor's obligations under this Agreement are of a unique character that
         gives them particular value; Contractor's breach of any of such obligations will
12       result in irreparable and continuing damage to Company for which there will be
         no adequate remedy at law; and, in the event of such breach, Company will be
13       entitled to injunctive relief and/or a decree for specific performance, and such
         other and further relief as may be proper (including monetary damages if
14       appropriate).

15                          **RETURN OF TVIA'S PROPERTY**

16       103.    Since his termination, Defendant SILVA has retained in his possession, custody,

17   or control an external hard drive that belongs to TVIA.  SILVA has refused to return this

18   property to TVIA.

19       104.    Defendant Synnet also has not returned two laptop computers belonging to

20   TVIA.

21       105.    Upon information and belief, the other defendants have in their possession,

22   custody, or control property belonging to TVIA.

23                          **FIRST CAUSE OF ACTION**
                      **Statutory Misappropriation of Trade Secrets**
24                              **(All Defendants)**

25       106.    Plaintiff incorporates herein by this reference each and every allegation

26   contained in the foregoing paragraphs as though fully set forth herein.

27       107.    TVIA's customer information, customer lists, customer leads, bids,

28   specifications, material lists, business plans, marketing strategies and other proprietary

**VERIFIED COMPLAINT**

information have independent economic value, are not generally known to the public or to other persons who can obtain economic value from its disclosure or use, are subject of efforts that are reasonable under the circumstances to maintain their secrecy, and therefore are trade secret protectable under the Uniform Trade Secrets Act, California Civil Code § 3426 *et seq*. (the "Act").

108.    Defendants, and each of them, misappropriated TVIA's trade secrets by, among other things, engaging in the following conduct:

(A)    Copying, extracting, downloading, and/or otherwise unlawfully obtaining and then utilizing customer information, possessing customer information, customer lists, customer leads, bids, specifications, material lists, plans, business plans, marketing strategies and/or other proprietary information for their own use and purpose, and retaining such information all in violation of the duty of loyalty and confidentiality;

(B)    Soliciting TVIA's employees with the express and/or implied understanding that they would violate their confidences and divulge TVIA's trade secrets;

(C)    Using the TVIA's trade secrets in competition with TVIA;

(D)    Interfering with TVIA's business;

(E)    Soliciting business primarily from TVIA's customers; and

(F)    Using confidential, proprietary and/or trade secret information obtained by the Defendants to assist in procuring sales from TVIA's customers and other customers.

109.    As proximate result of Defendants' misappropriation of TVIA's trade secrets, Plaintiff has suffered actual damages in a sum to be ascertained at trial but believed to be not less than $1,000,000.00.

110.    As a further direct and proximate result of the misappropriation, Defendants have been unjustly enriched in that they obtained valuable trade secrets without paying the fair value for the use of such information. In the alternative, Plaintiff is entitled to a reasonable royalty of 100% of the profits of all sales made by Defendants to any of TVIA's customers

Page 16

1    and/or potential customers.

2         111.    Defendants' wrongful conduct as alleged herein, unless and until enjoined and

3    restrained by order of this Court, will result in the loss of customers and orders to TVIA which

4    will cause loss of TVIA's profits.

5         112.    The Act specifically authorizes injunctive relief, and TVIA has no adequate

6    remedy at law for the injuries being suffered and threatened in that Defendants, and each of

7    them, are unlikely to be financially able to pay all of the damages TVIA has sustained and/or

8    will sustain as a result of Defendants' conduct.

9         113.    TVIA is informed and believes, and thereon alleges, that Defendants engaged in

10   the aforementioned acts with full knowledge that they were violating the law, and with the

11   intent maliciously to injure TVIA.

12        114.    Defendants' conduct was malicious, oppressive, fraudulent, and despicable, and

13   TVIA is entitled to punitive damages, including punitive damages under Civil Code §

14   3426.3(c).

15        115.    Because Defendants' conduct was willful and malicious, TVIA is entitled to

16   attorneys fees pursuant to Civil Code §3426.4.

17                              **SECOND CAUSE OF ACTION**
                               **Common Law Misappropriation**
18                                     **(All Defendants)**

19        116.    Plaintiff incorporates herein by this reference each and every allegation

20   contained in  the foregoing paragraphs as though fully set forth herein.

21        117.    TVIA has invested substantial time and money in development of its customer

22   information, customer lists, customer leads, bids, specifications, material lists, business plans,

23   marketing strategies and/or other proprietary information, which is its property.

24        118.    Defendants have appropriated TVIA's property without payment therefor.

25        119.    TVIA has been injured by Defendants' conduct.

26

27

28

**VERIFIED COMPLAINT**

1

**THIRD CAUSE OF ACTION**
Breach of Confidential Relationship

2

(Defendants Silva, Wang, Mckee, and Chen )

3          120.    Plaintiff incorporates herein by this reference each and every allegation

4    contained in the foregoing paragraphs as though fully set forth herein.

5          121.    Pursuant to California Labor Code § 2860, everything that Defendants SILVA,

6    WANG, McKEE, and CHEN acquired by virtue of their employment, except the compensation

7    which was due to them, belongs to TVIA, whether acquired lawfully or unlawfully, or during or

8    after the expiration of the term of their employment.

9          122.    Defendants SILVA, WANG, McKEE, and CHEN acquired knowledge of

10    customer information, customer lists, customer leads, bids, specifications, material lists,

11    business plans, marketing strategies and/or other proprietary information in confidence from

12    TVIA with the understanding that it not be disclosed to others, and was not to be used by them

13    for purposes other than in carrying out their duties while employees of TVIA without TVIA's

14    permission.

15          123.    Defendants SILVA, WANG, McKEE, and CHEN, aided and abetted by the other

16    Defendants, breached each and every one of their duties as aforesaid.

17          124.    As a result of this conduct, TVIA has been damaged in an amount to be proven

18    at trial.

19

**FOURTH CAUSE OF ACTION**
Inducing Breach of Contract and

20

Intentional Interference with Actual/Potential Economic Relationships
(All Defendants)

21

22          125.    Plaintiff incorporates herein by this reference each and every allegation

23    contained in the foregoing paragraphs as though fully set forth herein.

24          126.    TVIA had existing and potential relationships with actual and potential

25    customers ("Economic Relationships") containing probable future economic benefits to TVIA.

26          127.    Defendants knew of TVIA's Economic Relationships and the reasonable

27    probability of continued economic benefits which would be derived therefrom, and solicited

28    those customers with the intent to injure TVIA and divert the economic benefits from TVIA to

**VERIFIED COMPLAINT**

1    Defendants.

2        128.    The Defendants were unable to derive such economic benefits through their own

3    business contacts and, in order to destroy its competitor TVIA, engaged in the aforementioned

4    conduct as well as other unlawful conduct detailed in this complaint.

5        129.    As a result of Defendants' conduct, TVIA's relationships with its customers and

6    prospective customers have been disrupted, and TVIA has been damaged in an amount to be

7    proven at trial.

8                        **FIFTH CAUSE OF ACTION**
                 **Statutory Unfair Competition & Trade Practices**
9                              **(All Defendants)**

10       130.    Plaintiff incorporates herein by this reference each and every allegation

11   contained in the foregoing paragraphs as though fully set forth herein.

12       131.    In addition to the foregoing conduct, Defendants, and each of them, are

13   intentionally attempting to divert business from TVIA's customers and prospective customers to

14   Defendants.

15       132.    The Defendants are further utilizing TVIA bids, proposals, specifications and

16   other confidential information to produce counterfeit goods bearing false UL certifications and

17   FCC authorizations.

18       133.    Defendants' conduct is unlawful and unfair and a violation of California

19   Business and Professions Code, § 17200 as well as the California Unfair Practices Act,

20   Business and Professions Code § 17000, *et seq.*

21       134.    Defendants Silva, Wang, McKee, and Chen are equally liable and responsible as

22   aiders and abetters pursuant to California Business and Professions Code §17095.

23       135.    As a result of Defendants' conduct, TVIA is entitled to treble damages and

24   attorney's fees pursuant to California Business and Professions Code § 17082.

25                       **SIXTH CAUSE OF ACTION**
                       **Breach of Express Contract**
26            **(Defendants SILVA, WANG, McKEE, CHEN and Synnet)**

27       136.    Plaintiff incorporates herein by this reference each and every allegation

28   contained in  the foregoing paragraphs as though fully set forth herein.

**VERIFIED COMPLAINT**

137.    Pursuant to the AGREEMENT and the CODE, Defendants SILVA, WANG, McKEE, and CHEN were obliged to return all property of TVIA upon the termination of their employment.

138.    Defendants SILVA, WANG, McKEE, and CHEN have failed and/or refused to return customer information, customer lists, customer leads, bids, specifications, material lists, business plans, marketing strategies and/or other proprietary information belonging to TVIA and in their possession.

139.    Defendants SILVA, WANG, McKEE, and CHEN were obliged to report any conflict of interest to TVIA.

140.    Defendants SILVA, WANG, McKEE, and CHEN were obliged to report any violation of the CODE to TVIA.

141.    Defendants SILVA, WANG, McKEE, and CHEN were obliged to avoid any self dealing.

142.    Pursuant to the CONTRACT, Defendant Synnet was obliged to return all property of TVIA upon the termination of the CONTRACT.

143.    Defendant Synnet failed and/or refused to return customer information, customer lists, customer leads, bids, specifications, material lists, business plans, marketing strategies and/or other proprietary information belonging to TVIA and in their possession.

144.    As a result of this conduct, TVIA has been damaged in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**
**Permanent Injunction**
**(All Defendants)**

145.    Plaintiff incorporates herein by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

146.    The Defendants' violation of federal and state law, breaches of contract, interference with prospective economic advantage, misappropriation, as alleged above entitle TVIA to a permanent injunction.

147.    The wrongful actions by the Defendants were done with the intent to injure

**VERIFIED COMPLAINT**

1  TVIA. These despicable acts were done maliciously and oppressively and with a wanton
2  disregard of TVIA's rights.

3  148.   TVIA has no adequate remedy at law to compel the Defendants to cease their
4  wrongful and unlawful actions.  Unless restrained by this Court, the Defendants will continue to
5  do the acts complained of herein, all to TVIA's irreparable damage in that TVIA will loose
6  business as well as information which provides the Defendants with competitive advantage.  It
7  will be extremely difficult to ascertain the amount of compensation that will afford TVIA
8  adequate relief for these injuries.

9  149.   Unless this Court grants an injunction, TVIA will be compelled to prosecute a
10  multiplicity of actions, one for each time the Defendants commit the unlawful acts described
11  above.  In such prosecution, it will be extremely difficult to ascertain the amount of
12  compensation which will afford TVIA adequate relief.

13  150.   Further, TVIA has no adequate remedy at law for the injuries being suffered and
14  threatened in that Defendants, and each of them, are unlikely to be financially able to pay all of
15  the damages TVIA has sustained and/or will sustain as a result of Defendants' reprehensible
16  conduct.

## PRAYER FOR RELIEF

18  WHEREFORE, Plaintiff prays judgment against Defendants as follows:

19  1.   For a temporary restraining order, a preliminary injunction and a permanent
20  injunction enjoining Defendants from:

21  A.   Soliciting (e.g., asking for, appealing to, making petition to endeavoring
22  to obtain, awaking or inciting to action, inviting or otherwise trying to
23  obtain) any person or entity which is or was a customer or employee of
24  TVIA during the employment of any Defendant with TVIA;

25  B.   For a period of two (2) years from the date of this order, contacting,
26  communicating or corresponding with, in writing or orally, or attempting
27  to do so, any person or entity which is or was a customer of TVIA during
28  the employment of any Defendant with TVIA;

**VERIFIED COMPLAINT**

C.   Using any confidential or trade secret information of TVIA, including any customer information, customer lists, customer leads, bids, specifications, material lists, business plans, marketing strategies and/or other proprietary information obtained from any present or former TVIA employee, or otherwise belonging to TVIA;

D.   Communicating, transferring or divulging any confidential or trade secret information of TVIA, including any customer information, customer lists, customer leads, bids, specifications, material lists, business plans, marketing strategies and/or other proprietary information obtained from any current or former TVIA employee, or otherwise belonging to TVIA;

E.   Continuing to perform or engage in any manner whatsoever any of the wrongful acts alleged herein including misappropriating TVIA's trade secrets or customer lists, or engaging in unfair competition, or interfering TVIA's business, actual or prospective;

F.   Assisting, aiding or abetting any other person or business entity in engaging in any of the activities prohibited of them pursuant to the order requested herein or any other order;

G.   For an order directing Defendants to deliver up to Plaintiff to be retained *pendente lite* all property belonging to Plaintiff, or any goods, wares, and merchandise utilizing the name TVIA;

H.   Manufacturing any products that feature any UL certification held by TVIA;

I.   Selling any products that feature any UL certification held by TVIA;

J.   Manufacturing any products that feature any FCC authorization held by TVIA;

K.   Selling any products that feature any FCC authorization held by TVIA;

L.   Manufacturing any products according to TVIA's proprietary specifications; and

**VERIFIED COMPLAINT**

1        M.    Selling any products Manufactured according to TVIA's proprietary
2            specifications;

3    2.    For general damages and/or restitution in an amount to be ascertained at trial, but
4        not less than $1,000,000;

5    3.    For an accounting of and an order requiring the disgorgement of or return of any
6        gains, benefits, proceeds, profits, payments, revenue or other moneys or property
7        received by Defendants belonging to TVIA or as a result of Defendants'
8        improper trade practices, unfair trade practices, and/or misappropriation of
9        and/or improper utilization of customer information, customer lists, customer
10       leads, bids, specifications, material lists, business plans, marketing strategies
11       and/or other proprietary information belonging to TVIA;

12    4.    For the imposition of a constructive trust on the proceeds of any gains, benefits,
13       proceeds, profits, payments, revenue or other moneys or property received by
14       Defendants belonging to TVIA or as a result of Defendants' improper trade
15       practices, unfair trade practices, and/or misappropriation of and/or improper
16       utilization of customer information, customer lists, customer leads, bids,
17       specifications, material lists, business plans, marketing strategies and/or other
18       proprietary information belonging to TVIA;

19    5.    For reasonable royalties in an amount to be determined at trial;

20    6.    For punitive damages of not less than twice the amount of TVIA's actual
21       damages, in accordance with Civil Code Section 3426.3(c);

22    7.    For treble damages pursuant to California Business and Professions Code
23       Section 17082;

24    8.    For punitive damages in an amount to be ascertained at trial;

25    9.    For reasonable attorneys fees;

26    10.   For costs of suit incurred herein;

27

28

VERIFIED COMPLAINT

1         11.    For such other and further relief as the Court may deem just and proper.

2

3    Dated: April 7, 2007    CAMPEAU GOODSELL SMITH
                              A Law Corporation

4

5

6                         By:_____

7                            Gregory J. Charles
                              Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFIED COMPLAINT**

1

## VERIFICATION

2       I am an officer of TVIA, Inc., Plaintiff in the above-entitled action. I am authorized to make

3    this verification. I have read the foregoing.

4       **VERIFIED COMPLAINT FOR:**

5       **1.     Statutory Misappropriation of Trade Secrets;**

6       **2.     Common Law Misappropriation;**

7       **3.     Breach of Confidential Relationship;**

8       **4.     Inducing Breach of Contract and Intentional Interference with Economic**

9    **Relationships;**

10      **5.     Statutory Unfair Competition and Trade Practices;**

11      **6.     Breach of Express Contract; and**

12      **7.     Permanent Injunction**

13   and know the contents thereof; that the same is either true of my own knowledge or is available to

14   me because it is in the possession of my attorney or agents acting on my behalf, and as to those

15   matters, I believe them to be true.

16      I declare under penalty of perjury under the laws of the State of California that the foregoing

17   is true and correct and that this declaration was executed on April 18th, 2007.

18

19

20

21

22                           Eli Porat

23

24

25

26

27

28

**VERIFIED COMPLAINT**

**Exhibit 4**

1 | C. WILLIAM CRAYCROFT    SBN: 41211
ATTORNEY AT LAW
2 | 1741 Technology Drive, Suite 200
San Jose, CA 95110
3 | Telephone No.: (408) 961-4584
Fax No.: (408) 279-5845
4 |
Attorney for Defendants
5 | Benjamin Silva, Matthew McKee,
Wei Chen and TzuHsien Steven  Wang
6 |
7 |
8 |                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 |                         FOR THE COUNTY OF SANTA CLARA
10 | TVIA, INC., A DELAWARE CORPORATION,         CASE NO: 1-07-CV-084211
11 |         Plaintiff,
                                             ANSWER OF DEFENDANT'S BENJAMIN SILVA,
12 | vs.                                        MATTHEW MCKEE, TSUHSIEN STEVEN
                                             WANG, AND  WEI CHEN TO TVIA'S
13 | NBG, LLC., A FLORIDA LIMITED LIABILITY     COMPLAINT
    COMPANY; BENJAMIN SILVA; MATTHEW
14 | MCKEE; TSU HSIEN "STEVE" WANG;
    WEI CHEN; SYNNETT, A JAPANESE
15 | CORPORATION; AND DOES 1-50,
16 |         Defendants.

17 |      DEFENDANTS BENJAMIN SILVA, MATTHEW MCKEE, TSUHSIEN STEVEN WANG,

18 | AND WEI CHEN  (hereinafter "Defendants") answer TVIA'S Complaint as follows:

19 |         1.      Answering paragraph 1, Defendants admit the allegations of paragraph 1 of the

20 | Complaint.

21 |         2.      Answering paragraphs 2 and 7, Defendants are without information or belief

22 | sufficient to answer the allegations of paragraphs 2 and 7 of the Complaint and basing their

23 | denials on said grounds Defendants deny each and every allegation of said paragraphs 2 and 7

24 | of the Complaint.

25 |         3.      Answering paragraphs 3, 4, 5, and 6, Defendants admit that each is over 18

26 | years of age and each resides  where alleged and that each executed a "Confidential

27 | Information and Invention Assignment Agreement" while employed at TVIA and that each is a

28 | former employee of TVIA. Except as specifically admitted by the foregoing, Defendants deny

1  each and every allegation of paragraphs 3, 4, 5, and 6 of the Complaint.

2      4.      Defendants deny paragraphs 8 and 9 of the Complaint.

3      5.      Defendants admit paragraphs 10, 11, and 13 of the Complaint, but deny

4  paragraph 12 of the Complaint because TVIA had ceased manufacturing and selling LCD

5  Television sets.

6      6.      Defendants admit the allegations of paragraph14 of the Complaint but deny

7  paragraphs 15, 16, and 17 of the Complaint.

8      7.      Answering paragraph 18 of the Complaint Defendants admit that NBG is building

9  LCD TV sets using TVIA'S TV system design QR-2 and TVIA'S IC chips, as are all similar

10  customers of TVIA.  Except as specifically admitted by the foregoing, Defendants deny each

11  and every allegation of paragraph 18 of the Complaint.

12      8.      Answering paragraphs 19, 20, 21 and 22 of the Complaint; Defendants admit

13  paragraphs 19 and 20 of the Complaint and Defendants allege that Silva had access to

14  confidential 'proprietary information' of TVIA; except as specifically admitted by the foregoing,

15  Defendants deny each and every allegation of said paragraphs 21 and 22 of the Complaint.

16      9.      Defendants deny paragraphs 23 and 24 of the Complaint.

17      10.     Answering paragraphs 25 and 26 of the Complaint; Defendants admit the

18  allegations of paragraph 25 and that Silva had been a consultant to NBG after January 19,2007;

19  except as specifically admitted by the foregoing, Defendants deny each and every allegation of

20  paragraph 26 of the Complaint.

21      11.     Answering paragraphs 27, 28, 29, and 30 of the complaint, Defendants admit

22  that Defendant Wang was employed by TVIA commencing on or about September 27, 2004 as

23  a General Manager of Sales, Greater China, reporting to Silva and that Wang had access to

24  confidential proprietary information of TVIA; except as specifically admitted by the foregoing,

25  Defendants deny each and every allegation of said paragraphs 27, 28, 29, and 30 of the

26  Complaint.

27      12.     Defendants deny each and every allegation of paragraphs 31, 32, 33, and 34 of

28  the Complaint.

1      13.    Answering paragraphs 35, 36, 37, 38, 39, 40, 41, and 42; Defendants admit that

2   McKee was hired on or about March 4, 2005 by TVIA as a Sales Manager and initially reported

3   to Silva and was responsible for NBG being a customer of TVIA and that McKee had access to

4   confidential proprietary information of TVIA; except as specifically admitted by the foregoing,

5   Defendants deny each and every allegation of said paragraphs 35, 36, 37, 38, 39, 40, 41, and

6   42 of the Complaint.

7      14.    Answering paragraphs 43, 44, 45, 46, 47, 48, 49, and 50 of the Complaint:

8   Defendants admit that Wei Chen was hired as an Application Software Manager by TVIA;

9   except as specifically admitted by the foregoing, Defendants deny each and every allegation of

10   said paragraphs 43, 44, 45, 46, 47, 48, 49, and 50 of the Complaint.

11      15.    Answering paragraphs 52, 53, 54 55, and 56 of the Complaint; Defendants admit

12   that during the course of their employment with TVIA each of the defendants was required to

13   sign and did sign TVIA'S "Standard Employee Proprietary Information Agreement" ;and

14   Defendants further allege that said agreements terms and conditions are set for in full in the

15   agreements; except as specifically admitted by the foregoing, Defendants deny each and every

16   allegation of said paragraphs 52, 53, 54 55 and 56 of the Complaint.

17      16.    Answering paragraphs 57, 58, 59, 60, 61, and 62 of the Complaint; Defendants

18   admit that during the course of their employment with TVIA each of the Defendants was

19   required to sign and did sign TVIA'S "Code Of Ethics and Business Conduct for Employees,

20   Officers and Directors" and Defendants further allege that said documents terms are set forth in

21   full in the documents; except as specifically admitted by the foregoing, Defendants deny each

22   and every allegation of said paragraphs 57, 58, 59, 60, 61, and 62 of the Complaint.

23      17.    Defendants are without information and knowledge sufficient to answer

24   paragraphs 63, 64, 65, 66, and 67 of the Complaint and basing their denials on said grounds,

25   Defendants deny each and every allegation of said paragraphs 63, 64, 65, 66, and 67 of the

26   Complaint.

27      18.    Answering paragraphs 68, 69, 70, 71, 72, 73, 74, and 75 of the Complaint;

28   Defendants allege that said paragraphs set forth allegations of law which require no answer and

3

1  admit that TVIA holds some UL certifications; except as specifically admitted by the foregoing,

2  Defendants deny each and every allegation of fact of said paragraphs 68, 69, 70, 71, 72, 73, 74,

3  and 75 of the Complaint.

4      19.    Answering paragraphs 76, 77, 78, 79, 80, and 81; Defendants allege that said

5  paragraphs set forth allegations of law which require no answer and admit that TVIA holds some

6  FCC certifications; except as specifically admitted by the foregoing, Defendants deny each and

7  every allegation of fact of said paragraphs 76, 77, 78, 79, 80, and 81of the Complaint.

8      20.    Defendants deny each and every allegation of paragraphs 82, 83, 84, 85, 86, and

9  87 of the Complaint.

10     21.    Defendants admit paragraph 88 of the Complaint and further allege that the

11 alleged purchase contract sets forth other governing terms and conditions.

12     22.    Defendants deny each and every allegation of paragraphs 89, 90, 91, 92, 93, and

13 94 of the Complaint.

14     23.    Defendants deny each and every allegation of paragraphs 95, 96, 97, 98, 99 and

15 100 of the Complaint.

16     24.    Defendants deny each and every allegation of paragraphs 101, 102, 103, 104,

17 and 105 of the Complaint.

18     25.    Answering paragraphs 106, 116,120, 125, 130, 136 and 145 of the Complaint;

19 Defendants incorporates its answers to each of the paragraphs of the Complaint incorporated

20 into said paragraphs 106, 116, 120, 125, 130, 136 and 145 of the Complaint.

21     26.    Answering paragraphs 107, 108, 109, 110, 111, 112, 113, 114, and 115 of the

22 Complaint; Defendants deny each and every allegation of said paragraphs 107, 108, 109, 110,

23 111, 112, 113, 114, and 115 of the Complaint.

24     27.    Answering paragraphs 117, 118, and 119 of the Complaint; Defendants deny

25 each and every allegation of said paragraphs 117, 118, and 119 of the Complaint.

26     28.    Answering paragraphs 121, 122, 123, and 124 of the Complaint; Defendants

27 deny each and every allegation of said paragraphs 121, 122, 123, and 124 of the Complaint.

28     29.    Answering paragraphs 126, 127, 128, and 129 of the Complaint; Defendants

1  deny each and every allegation of said paragraphs 126, 127, 128, and 129 of the Complaint.

2      30.    Answering paragraphs 131, 132, 133, 134, and 135 of the Complaint;

3  Defendants deny each and every allegation of said paragraphs 131, 132, 133, 134, and 135 of

4  the Complaint.

5      31.    Answering paragraphs 137, 138, 139, 140, 141, 142, 143, and 144 of the

6  Complaint; Defendants deny each and every allegation of said paragraphs 137, 138, 139, 140,

7  141, 142, 143, and 144 of the Complaint.

8      32.    Answering paragraphs 146, 147, 148, 149, and 150 of the Complaint;

9  Defendants deny each and every allegation of said paragraphs 146, 147, 148, 149, and 150 of

10  the Complaint.

11  -----------------------------------------------------o-----0-----o--------------------------------------------------------

12  ### FIRST AFFIRMATIVE DEFENSE

13  The Complaint, and each alleged cause of action therein, does not state facts sufficient to

14  constitute a cause of action against these answering defendants.

15  ### SECOND AFFIRMATIVE DEFENSE

16  Plaintiff's claim of trade secret misappropriation was made in bad faith, thereby, entitling

17  Defendants to cost, legal expenses and attorneys' fees under California Civil Code Section 3426.4

18  ### THIRD AFFIRMATIVE DEFENSE

19  Plaintiff's claims for relief are barred in whole or in part by the doctrine of unclean hands.

20  ### FOURTH AFFIRMATIVE DEFENSE

21  Plaintiff's claims for relief are barred in whole or in part by the doctrine of estoppel.

22  ### FIFTH AFFIRMATIVE DEFENSE

23  Plaintiff's claims and any damages, which damages are denied, are barred in whole or in part

24  by  Plaintiff's failure to exercise reasonable care.

25  ### SIXTH AFFIRMATIVE DEFENSE

26  Plaintiff's Complaint, and each cause of action therein, does not state facts on which an

27  award of attorneys fees may be based.

28

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to minimize and/or mitigate its damages, and its recovery, if any must accordingly be reduced or barred.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to join necessary parties in this action.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff, by its actions and inactions, has waived any right to relief.

## TENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the Supremacy Clause of the U. S. Constitution, Article VI, Clause 2, and/or on the grounds that Plaintiff's claims seek to impose an unreasonable and/ or undue burden on interstate commerce in violation of Article I, Section 8, Clause 3 of the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction of this action as exclusive and primary jurisdiction over Plaintiff's claims that foreign made goods are being imported into the United States in violation of Plaintiff's trade secrets and intellectual property rights are vested in the International Trade Commission, an arm of the United States government, by 19 United States Code Section 1337.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims to the extent that Plaintiff seeks exemplary or punitive damages, violate Defendants' rights to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the Constitution of the State of California.

## FOURTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this action would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution on numerous separate grounds, including inter alia, (1) the standards of liability for punitive damages in California are unduly vague

6

1    and subjective and permit retroactive, random ,excessive, disproportionate, arbitrary and capricious

2    punishment that serves no legitimate government interest ;  (2) California's post-verdict review

3    procedures do not provide a meaningful constraint on the discretion of juries to impose punishment;

4    and (3) California law does not require that Defendants had a malicious intent to cause harm to

5    Plaintiff .

### FIFTEENTH AFFIRMATIVE DEFENSE

7    The imposition of punitive damages and /or compensatory damages in this action to punish

8    Defendants for conduct that occurred outside of California in Asia would violate the  Due Process

9    Clause of the Fourteenth Amendment to the United States Constitution as well as the Commerce

10   Clause of the United States Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

12   The imposition of punitive damages in this action in the absence of the procedural

13   safeguards accorded defendants subject to punishment in criminal proceedings, including a

14   reasonable doubt standard of proof, would violate Defendants' rights under the Fourth, Fifth and

15   Sixth Amendments of the United States Constitution and the Due Process Clause of the Fourteenth

16   Amendment of the United States Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

18   The imposition of punitive damages in this action would be unconstitutional and in violation of

19   the excessive fines clause of the Eight Amendment of the United States Constitution, violate the Due

20   Process Clause of the Fourteenth Amendment of the United States Constitution and violate the

21   Constitution of the State of California.

### EIGHTEENTH AFFIRMATIVE DEFENSE

23   Defendants reserve the right to assert any separate and additional defense that are

24   supported by information or facts obtained through discovery or other means during this action and

25   expressly reserve the right to amend this Answer to assert such separate and additional defenses in

26   the future.

27   WHEREFORE, Defendants, Benjamin Silva, Matthew McKee, Wei Chen  and Tzuhsien

28   Steven Wang pray that plaintiffs take nothing by reason of their complaint on file herein and that said

7

1 | Complaint be dismissed with prejudice and that Defendants have judgment for their costs and

2 | expenses in defending this action, including their reasonable attorney fees; and for such other and

3 | further relief as the court may deem just and proper.

4

5                                                 Respectfully submitted,

6 | Dated: June 26, 2007.                  Law Office of C. William Craycroft

7

8                               By:

9                                  C. William Craycroft

10                                Attorney for Defendants
   BENJAMIN SILVA, MATTHEW MCKEE, WEI
   CHEN and TZUHSIEN STEVEN WANG

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT                                             TVIA, Inc. v. NBG, LLC., et al.

1

## PROOF OF SERVICE

2

3

4

5

I am employed in the County of Santa Clara and my business address is 1741 Technology Drive, Suite 200, San Jose, CA 95110-1355. I am over the age of 18 years and I am not a party to this action. I am readily familiar with the practices of LAW OFFICES OF C. WILLIAM CRAYCROFT for the collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

6

7

On the date indicated below, I served the foregoing document(s), bearing the title(s) on the interested parties in the action as follows:

8

9

**ANSWER OF DEFENDANTS BENJAMIN SILVA, MATTHEW MCKEE, TSUHSIEN STEVEN WANG, AND WEI CHEN TO TVIA'S COMPLAINT**

10

[x] by placing [] the original [X] a true copy thereof enclosed in a sealed envelope addressed as follows:

11

12

13

14

15

16

17

**Attorneys for Plaintiff**
**TVIA, Inc.**
Gregory J. Charles, Esq.
CAMPEAU GOODSELL SMITH
440 North First Street, Suite 100
San Jose, CA 95112
(408) 295-9555
Fax: (408) 852-0233

**Attorneys for Defendant**
**NBG, Inc.**
Emmet C. Stanton, Esq.
Michael A. Sands, Esq.
Joseph S. Belichick, Esq.
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
(650) 988-8500
Fax: (650) 938-5200

18

19

[x]      (BY MAIL SERVICE) I placed such envelopes for collection and to be mailed on this date following ordinary business practices.

20

21

[]      (BY PERSONAL SERVICE ) I caused to be delivered such envelope by hand to the office of the addressee.

22

23

24

[]      (BY FACSIMILE) The document stated herein was transmitted by facsimile transmission and the transmission was reported as complete and without error. A transmission report was properly issued by the transmitting facsimile machine and a copy of said transmission report is attached to the original proof of service indicating the time of transmission.

25

26

27

28

[]      (BY OVERNIGHT MAIL - NEXT DAY DELIVERY) The documents were enveloped, properly labeled, and caused to be deposited into an overnight delivery (Federal Express, United Parcel Service, etc.) receptacle or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or a package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the case and served on that person; otherwise, at that person's place of residence. As Indicated Below:

1

2  [x]    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

3

4  []    (Federal) I declare under penalty of perjury that I am employed by a member of the Bar of this Court, at whose direction this service is made.

5        Executed on June 26, 2007 at San Jose, California.

6

7                              Evangeline Sabado

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 5**

LAW OFFICES

# CAMPEAU GOODSELL SMITH
### A LAW CORPORATION

GREGORY J. CHARLES
gcharles@campeaulaw.com

440 NORTH FIRST STREET, STE. 100
SAN JOSE, CALIFORNIA 95112
TELEPHONE: (408) 295-9555
FACSIMILE: (408) 852-0233

May 2, 2008

Matthew Rafat, Esq.
P.O. Box 111351
Campbell, CA 95011-1351

Via Email
Willworkforjustice@yahoo.com

Re: *Tvia v. Silva, et al*
Case No. C 08 01908 SC

Dear Mr. Rafat:

Thank you for the prompt response to my email sent yesterday regarding the improper removal of the case. I am not trying to give you an unreasonable amount of time to respond to my demand that your clients stipulate to remand of the case. I am, however, concerned about the impending deadlines in the case. The opposition to your Rule 12(b)(6) Motion is due May 16, 2008. If I file an administrative motion on Monday, May 5, 2008, then your opposition to the motion would be due on Thursday, May 8. If the Court were to deny the motion on Thursday or Friday, then I would only have a week to prepare an opposition to the Rule 12(b)(6) Motion. Since you attached a declaration to the motion, it will be deemed a Rule 56 motion (Rule 12(d)), so our opposition necessarily would require substantially more effort than an ordinary motion to dismiss.

With respect to your request that I provide case law regarding complete preemption and the artful pleading rule, instead, I note that every aspect of your effort to remove this case is defective. Here are some but not all of your problems.

1. You did not sign the Notice of Removal which is a requirement under Rule 11. 28 U.S.C. § 1446(a).

2. You claim diversity of citizenship as a basis of removal but fail to state the residency of each party. Diversity jurisdiction is conferred on a federal court only if there is complete diversity. Complete diversity requires that none of the defendants be a citizen of the same state as the plaintiff. If the plaintiff and any defendant share citizenship of the same state, diversity is incomplete, and the federal court lacks jurisdiction. *Inecon Agricorporation v. Tribal Farms, Inc.*, 656 F.2d 498, 500 (9th Cir. 1981); *China Basin Props., Ltd. v. Allendale Mut. Ins. Co.*, 818 F. Supp. 1301, 1303 (N.D. Cal. 1992). While Tvia is a Delaware Corporation, its principal place of business is California, so it is also a resident of this state. Diversity in this case does not exist.

Matthew Rafat, Esq.                                                              Page 2
May 2, 2008

3. Even if there were diversity, a defendant cannot remove in his home state.

4. You filed the notice on behalf of three defendants. All defendants must join in the notice of removal. *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998).

5. "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file ... all process, pleadings, and orders served upon such defendant or defendants in such action." 28 USCS § 1446. You did not attach "all process, pleadings, and orders" served on the defendants to the Notice of Removal.

6. With respect to Federal Question Jurisdiction, I note that your clients have the burden to demonstrate subject matter jurisdiction. The removal right is strictly construed. *California v. United States*, 215 F.3d 1005, 1010-1014 (9th Cir. 2000); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir. 1984). A strong presumption exists against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only if a federal question is affirmatively and distinctly presented on the face of the plaintiff's properly pleaded complaint. *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934, 937 (9th Cir. 1993); *Clorox Co. v. United States Dist. Ct. for N. Dist.of Cal.*, 779 F.2d 517, 521 (9th Cir. 1985). Since you did not attach the First Amended Complaint to the Notice of Removal, there is nothing before the court indicating subject matter jurisdiction.

7. Since your clients were served with process more than 30 days ago, your time to correct the technical defects noted herein has lapsed. The substantive considerations, however, cannot be corrected.

Since I have taken the time to explain most, but not all, of your defective efforts to remove the case, I trust that you will promptly stipulate to remand of the matter. I will not go through the effort to prepare a stipulation absent your written representation that all parties agree to the remand. If you need more time to confer, then I suggest that you re-notice the Rule 12(b)(6) Motion hearing for a later date pursuant to LR 7-7. Since I am out of the office during the week of May 26, the earliest that you can re-notice the hearing is June 20, 2008.

Given the time frame noted above, I will file the administrative motion at noon on Monday. To justify the continuance, I will also attach to it the Motion to Remand. We will also notice a motion pursuant to LR 7-8 and 28 U.S.C. § 1447(c) on the same day as the Motion to Remand and attach to it this correspondence as proof that your clients refused to resolve this issue amicably despite expressly being told why that the removal was improper. Even if you re-notice the Rule 12(b)(6) Motion prior to noon on Monday, we still must file the Motion to Remand by Friday, May 9, 2008. If we are forced to undertake that effort, then we will not

Matthew Rafat, Esq.                                         Page 3
May 2, 2008

stipulate to a remand, absent your clients' agreement to pay all fees and costs associated with the
Motion to Remand.

Very truly yours,

CAMPEAU GOODSELL SMITH
A Law Corporation

By: _____
          Gregory J. Charles

cc: Jeff Stamp, Esq. *via* email
    Brad Jones, Esq, *via* facsimile