GREGORY CHARLES, ESQ., BAR NO. 208583
CAMPEAU GOODSELL SMITH
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408.295.9555
Facsimile: 408.852.0233
gcharles@campeaulaw.com

*Counsel for Tvia, Inc.*

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TVIA, INC.<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN SILVA, TSU HSIEN "STEVE" WANG, MATTHEW MCKEE, DIANE BJORKSTROM MICHAEL BUTTRICK, YK SYNNET, A JAPANESE CORPORATION AND DOES 1 TO 100, INCLUSIVE | Case No. 08-cv-01908-SC<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR SANCTIONS**<br><br>Judge: Hon. Samuel Conti<br>Hearing: July 11, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 1 |

This matter came before the Court on a Motion for Sanctions by Plaintiff Tvia, Inc. ("Tvia") seeking monetary sanctions from Benjamin Silva ("Silva"), Tsu Hsien "Steve" Wang, Matthew McKee ("Mckee"), and Matthew Rafat, Esq. in the amount of $8,172.50.

FINDINGS OF FACT

Based upon these findings of fact, the Court concludes that the removal of this case from the Superior Court was objectively unreasonable.

1. Defendants Silva, Wang, and McKee removed this case from the Superior Court for the State of California on April 9, 2008 citing "Diversity Jurisdiction and Preemption Under Securities Laws" as a bases for subject matter jurisdiction;

2. Tvia and at least three of the Defendants are residents of the State of California;

3. The First Amended Complaint, which the Defendants did not attach to the Notice of

1. Removal, only asserts causes of action arising under state law;
2. Only three of the Defendants joined in the Notice of Removal;
3. The Defendants did not attach "all process, pleadings, and orders" served on the Defendants to the Notice of Removal;
4. Silva, Wang, McKee and Mr. Rafat misrepresented the residency of Wang in the Notice of Removal;
5. Tvia provided actual notice to the Defendants and Mr. Rafat that the Notice of Removal was defective and this Court lacked subject matter jurisdiction on May 2, 2008, but the Defendants refused to stipulate to an order remanding the case unless (1) Tvia waived all claims for costs and attorneys fees and (2) this Court entered an order setting deadlines to file responsive pleadings in state court;
6. The attorney's fees incurred by Tvia to obtain remand of this case are reasonable.

## CONCLUSIONS OF LAW

The Court also finds that Private Securities Litigation Reform Act of 1995 (PSLRA) and the Securities Litigation Uniform Standards Act of 1998 (SLUSA) do not preempt the state law causes of action asserted by Tvia, as an individual plaintiff, against these defendants. *U.S. Mortg., Inc. v. Jensen,* 494 F.3d 833, 841 (9th Cir. 2007); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit,* 126 S. Ct. 1503, 1514 (2006). Therefore, the assertion of a federal question was objectively unreasonable. Wang, Silva, Mckee, and Mr. Rafat are subject to sanctions pursuant to 28 U.S.C. §1446(a). Additionally, Mr. Rafat is subject to sanctions pursuant to 28 U.S.C. §1927.

## ORDER

Accordingly, the Motion for Sanctions is GRANTED and Benjamin Silva, Tsu Hsien "Steve" Wang, Matthew McKee, and Matthew Rafat, Esq. are ordered to pay Tvia, Inc. $8,172.50. This payment shall be tendered within fifteen days of the entry of this order.

IT IS SO ORDERED.

Dated: _____   _____
Hon. Samuel Conti
United States District Judge