1  MATTHEW RAFAT (SBN 221577)
   PO Box 111351
2  Campbell, CA 95011-1351
   408-871-2899
3

4  Attorney for Defendants
   Benjamin Silva, Matthew McKee,
5  and Tsu Hsien "Steve" Wang

6

7                    NORTHERN DISTRICT OF CALIFORNIA

8                         SAN FRANCISCO DIVISION

9  TVIA, INC., a Delaware Corporation,        CASE NO: C 08 01908 SC

10        Plaintiff,
                                              MATTHEW RAFAT'S DECLARATION IN
11 vs.                                        SUPPORT OF DEFENDANTS' SILVA,
                                              MCKEE, AND WANG's OPPOSITION TO
12                                            PLAINTIFF TVIA'S MOTION TO
   BENJAMIN SILVA, an individual TSU          REMAND
13 HSIEN "STEVE WANG", an individual;
   MATTHEW MCKEE, an individual;              July 11, 2008
14 DIANE BJORKSTROM, an individual;           9:00AM
   MICHAEL BUTTRICK, an individual;           Hon. Judge Samuel Conti
15 YK SYNNET, a Japanese Corporation;         Courtroom 1
   AND DOES 1 to 50, inclusive,
16
        Defendants.
17

18

19

20

21

22

23

24

25

26

27

28
                                        1

The undersigned, Matthew Rafat, being first duly sworn, declares as follows:

1. I am over 18 years old, am competent to testify, am basing my statements on personal knowledge, and if called to testify, I will do so willingly.

2. My mailing address is PO Box 111351, Campbell, CA 95011-1351. My office is located at 28 N 1st St., Suite 305, San Jose, CA 95113. I represent Mr. McKee, Wang, and Silva.

3. Attached as Exhibit 1 is a true and accurate copy of an email I sent to Mr. Gregory Charles on May 6, 2008, stating, "[Y]our motion to remand must focus on securities law…I do not contest that defendants lack diversity jurisdiction."

4. Attached as Exhibit 2 is a true and accurate copy of the first three pages of Defendant's Notice of Removal.

5. I spoke with Defendant Diane Bjorkstrom's counsel and informed him of the removal to federal court. He did not indicate to me that he opposed the removal to federal court.

6. Attached as Exhibit 3 is the SEC letter and subpoena received by my firm. Similar letters were sent to Defendants McKee and Silva. I spoke with the SEC attorney assigned to the case. He knew Jefferson "Jeff" Stamp, Plaintiff's counsel, and indicated that Plaintiff had requested the SEC's involvement. During Defendant "Steve" Wang's deposition in another state court case, Jeff Stamp led a process server into the room, whereupon the SEC papers were served on Mr. Wang. Right before effectuating service, Mr. Stamp took the SEC subpoena out of the envelope and put it directly in Mr. Wang's range of eye-sight. Mr. Stamp did not inform me about the SEC subpoena so I could agree to accept service on my client's behalf after his state court deposition.

The undersigned hereby declares under penalty of perjury that the foregoing is true and correct under the laws of the State of California and executes this Declaration on June 19, 2008 in San Jose, CA.

Dated: June 19, 2008            /sd/ Matthew Rafat
                                LAW OFFICE OF MATTHEW RAFAT

Dec of Rafat in Support of Plaintiff's Motion to Remand            TVIA, Inc. v. Silva., et al.

I declare that:

I am and was at the time of service of the papers herein a resident of the State of California and over the age of eighteen years and am not a party to this action; my business address is PO Box 111351, Campbell, California 95011. On **June 20, 2008**, I caused to be served the following document(s):

1. MATTHEW RAFAT'S DECLARATION IN SUPPORT OF DEFENDANTS' SILVA, MCKEE, AND WANG's OPPOSITION TO PLAINTIFF TVIA'S MOTION TO REMAND

    [X] **BY EMAIL (parties agreed to accept service)**

    Stephanie O. Sparks
    60 South Market Street, Suite 1400
    San Jose, CA  95113-2396
    SOS@hogefenton.com

    Brad Jones, Esq.
    Needham, Davis, Kepner & Young, LLP
    1960 THE ALAMEDA STE 210
    SAN JOSE CA  95126-1451
    bjones@ndkylaw.com

    [X]    **BY E-FILING: to all other parties**

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **June 20, 2008** at San Jose, California.


/sd/ Matthew Rafat
Matthew Rafat

# EXHIBIT 1

# YAHOO! MAIL

**RE: Remand**

From: "Matthew Rafat" <willworkforjustice@yahoo.com>
To: "Greg Charles" <gcharles@campeaulaw.com>, "'Jefferson Stamp'" <jtstamp2002@yahoo.com>

Tuesday, May 6, 2008 3:40 PM

Mr. Charles:

I want to ensure that you understand that the original notice of removal cited the PSLRA, a federal statute, as the basis for removal. As stated in the papers filed today by defendants, it appears that the California Corporations Code may have a lower pleading standard than is allowed when suing on behalf of shareholders.

With respect to diversity jurisdiction, defendants included that basis as a secondary item when realizing that a Japanese Corporation was added to the Complaint.

On a moving forward basis, if you continue to refuse to do what you promised on May 1, 2008 and not sign and return to me the stipulation and proposed order I have drafted and emailed you, your motion to remand must focus on securities law. More specifically, it must refute defendants' basis for subject matter jurisdiction under federal law. TVIA is alleging shareholder diminution in stock price value, and the PSLRA and securities law appear to pre-empt such claims when Plaintiff alleges insider trading that affects the public marketplace and public shareholders. I do not contest that defendants lack diversity jurisdiction.

You raised an issue of a lack of signature. I am unclear which notice I did not sign. In federal court, documents are typically e-filed with an e-signature. In any case, chambers copies are usually sent with a written signature, which is what I have been doing in this case. I hope that clears that issue so we can focus on federal securities pre-emption.

Sincerely,
Matthew Mehdi Rafat, Esq.
PO Box 111351
Campbell, CA 95011
t-408-295-3367
t-408-871-2899
www.rafatlaw.com

# EXHIBIT 2

1  MATTHEW RAFAT (in pro per)
   PO BOX 111351
2  CAMPBELL, CA 95011-1351
   408-871-2899
3

4  Attorney for Steve Wang

ENDORSED

2008 APR 10  A 10: 08

A. Ilas

## STATE OF CALIFORNIA

## SANTA CLARA COUNTY SUPERIOR COURT

| | |
|---|---|
| TVIA, INC, | CASE No.: 1-08-CV104728 |
| Plaintiff, | NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT |
| vs. | **(DIVERSITY JURISDICTION AND PREEMPTION UNDER SECURITIES LAWS)** |
| BENJAMIN SILVA, an individual TSU HSIEN "STEVE WANG", an individual; MATTHEW MCKEE, an individual; DIANE BJORKSTROM, an individual; MICHAEL BUTTRICK, an individual; YK SYNNET, a Japanese Corporation; AND DOES 1 to 50, inclusive | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

TO PLAINTIFF TVIA AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Northern District of California on April 9, 2008. A copy of the said Notice of Removal is attached to this Notice, and is served and filed herewith.

Dated: April 9, 2008

MATTHEW RAFAT, Esq.

Notice of Removal

1

```
1  MATTHEW RAFAT (in pro per)
   PO BOX 111351
2  CAMPBELL, CA 95011-1351
   408-871-2899
3
4  Attorney for Ben Silva, Steve Wang,
   and Matthew McKee
5
6
7
8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10                   SAN JOSE DIVISION
11
12
13 TVIA, INC,                    )  Case No: C08 01908 SC
                                 )
14         Plaintiff,             )  NOTICE TO ADVERSE PARTY OF REMOVAL
                                 )  TO FEDERAL COURT
15                               )
       vs.                       )  (DIVERSITY JURISDICTION AND
16                               )  PREEMPTION UNDER SECURITIES LAWS)
   BENJAMIN SILVA, an individual; TSU )
17 HSIEN "STEVE WANG", an individual; )  DEMAND FOR JURY TRIAL
   MATTHEW MCKEE, an individual;  )
18 DIANE BJORKSTROM, an individual; )
   MICHAEL BUTTRICK, an individual; )
19 YK SYNNET, a Japanese Corporation; )
   AND DOES 1 to 50, inclusive    )
20                               )
           Defendant.             )
21                               )
22
23
24
25
26
27
28
```

Stamps: ORIGINAL; 08 APR -9 PM 3:52; ADR; E-FILING

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2  PLEASE TAKE NOTICE that Defendant(s) BENJAMIN SILVA, TZU HSIEN "STEVE"
3  WANG, and MATTHEW MCKEE hereby remove to this Court the state court action described
4  below.

5  On February 8, 2008, 2006 an action was commenced in the Superior Court of the State of
6  California in and for the County of Santa Clara, with the same heading as see in the caption above.
7  See attached Complaint, case number 1-08 CV104728 as Exhibit "A."

8  Plaintiff claims to have served Steve Wang, a resident of China, by substitute service in
9  California. However, Steve Wang is a resident of China and lives in China. Plaintiff knew that Mr.
10 Wang resided in China, because a declaration had been served on Plaintiff before. See Exhibit "B."

11 This action is a civil action of which this Court has jurisdiction under the pre-emption
12 doctrine as well as diversity jurisdiction (through Steve Wang) and as a result, is one which may be
13 removed to this Court by defendant(s) pursuant to the provisions of in that it arises under SLUSA
14 and PSLRA (federal statutes).

15 To defendants' knowledge, no other defendant has answered this complaint and/or been
16 properly served. The appropriate joinders will be filed if necessary at a later date.

17                          **DEMAND FOR JURY TRIAL**

18 Defendants SILVA, WANG, AND MCKEE demand a trial by jury on all claims alleged
19 above.

20

21 Dated: April 9, 2008



22                                              MATTHEW RAFAT, Esq.

Notice of Removal

# EXHIBIT 3



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**SAN FRANCISCO REGIONAL OFFICE**
44 Montgomery Street
SUITE 2600
SAN FRANCISCO, CALIFORNIA 94104

DIRECT DIAL: (415) 705-2460
FAX NUMBER: (415) 705-2501

May 19, 2008

*Via Personal Service & Federal Express*

Tzu Hsien "Steve" Wang
13225 Via Grande Court
Saratoga, CA 95070

Re: In the Matter of Tvia, Inc. (SF-3245)

Dear Mr. Wang:

The staff of the Securities and Exchange Commission is conducting an investigation in the matter identified above. The enclosed subpoena has been issued to you as part of this investigation. The subpoena requires you to give us documents and provide sworn testimony.

Please read the subpoena and this letter carefully. This letter answers some questions you may have about the subpoena. You should also read the enclosed SEC Form 1662. You must comply with the subpoena. You may be subject to a fine and/or imprisonment if you do not.

## Producing Documents

*What materials do I have to produce?*

The subpoena requires you to give us the documents described in the attachment to the subpoena. You must provide these documents by **June 9, 2008**. The attachment to the subpoena defines some terms (such as "document") before listing what you must provide.

Please note that if copies of a document differ in any way, they are considered separate documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the clean copy and the one with notes.

If you prefer, you may send us photocopies of the originals. The Commission cannot reimburse you for the copying costs. The copies must be identical to the originals, including even faint marks or print. If you choose to send copies, you <u>must</u> keep the originals in a safe place. The staff will accept the copies for now, but may require you to produce the originals later.

If you <u>do</u> send us photocopies, please put an identifying notation on each page of each document to indicate that it was produced by you, and number the pages of all the documents submitted. (For example, if Jane Doe sends documents to the staff, she may number the pages JD-1, JD-2, JD-3, etc., in a blank corner of the documents.) Please make sure the notation and

Tzu Hsien "Steve" Wang
May 19, 2008
Page 2

number do not conceal any writing or marking on the document. If you send us originals, please <u>do</u> <u>not</u> add any identifying notations.

*Do I need to send anything else?*

You should enclose a list briefly describing each item you send. The list should state which paragraph(s) in the subpoena attachment each item responds to.

Please include a cover letter stating whether you believe you have met your obligations under the subpoena by searching carefully and thoroughly for everything called for by the subpoena, and sending it all to us.

*What if I do not send everything described in the attachment to the subpoena?*

The subpoena requires you to send <u>all</u> the materials described in it. If, for any reason -- including a claim of attorney-client privilege -- you do not produce something called for by the subpoena, you should submit a list of what you are not producing. The list should describe each item separately, noting:

- its author(s);
- its date;
- its subject matter;
- the name of the person who has the item now, or the last person known to have it;
- the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents; and
- the reason you did not produce the item.

If you withhold anything on the basis of a claim of attorney-client privilege or attorney work product protection, you should also identify the attorney and client involved.

*Where should I send the materials?*

Please send the materials to:

> Sahil W. Desai
> U.S. Securities and Exchange Commission
> Division of Enforcement
> 44 Montgomery Street, Suite 2600
> San Francisco, CA 94104

**Testifying**

*Where and when do I testify?*

The subpoena requires you to come to the Commission's San Francisco offices at 44 Montgomery Street, Suite 2600, San Francisco, CA 94104 at **9:30 a.m. on July 21, 2008** to testify under oath in the matter identified on the subpoena.

Tzu Hsien "Steve" Wang
May 19, 2008
Page 3

### Other Important Information

*May I have a lawyer help me respond to the subpoena?*

Yes. You have the right to consult with and be represented by your own lawyer in this matter. Your lawyer may also advise and accompany you when you testify. We cannot give you legal advice.

*What will the Commission do with the materials I send and the testimony I provide?*

The enclosed SEC Form 1662 includes a List of Routine Uses of information provided to the Commission. This form has other important information for you. Please read it carefully.

*Has the Commission determined that anyone has done anything wrong?*

This investigation is a non-public, fact-finding inquiry. We are trying to determine whether there have been any violations of the federal securities laws. The investigation and the subpoena do not mean that we have concluded that you or anyone else has broken the law. Also, the investigation does not mean that we have a negative opinion of any person, entity or security.

*Important Policy Concerning Settlements*

Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

*I have read this letter, the subpoena, and the SEC Form 1662, but I still have questions. What should I do?*

If you have any other questions, you may call me at (415) 705-2460. If you are represented by a lawyer, you should have your lawyer contact me.

Sincerely,

Sahil W. Desai
Attorney, Division of Enforcement

Enclosures:   Subpoena (w/ attachment)
              SEC Form 1662



# SUBPOENA
# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

### In the Matter of Tvia, Inc. (SF-3245)

To:  Tzu Hsien "Steve" Wang
     13225 Via Grande Court
     Saratoga, CA 95070

☑ **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date, and time specified below.

> Attention: Sahil W. Desai, Staff Attorney
> U.S. Securities and Exchange Commission
> 44 Montgomery Street, Suite 2600
> San Francisco, California 94104
> Production deadline: 5:00 p.m., June 9, 2008

☑ **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below.

> U.S. Securities and Exchange Commission
> 44 Montgomery Street, Suite 2600
> San Francisco, California 94104
> July 21, 2008, 9:30 a.m.

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By: _____   Date: 5/12/08
    Sahil W. Desai, Staff Attorney
    U.S. Securities and Exchange Commission, San Francisco Regional Office
    44 Montgomery Street, Suite 2600, San Francisco, California 94104  Phone: (415) 705-2460

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.

NOTICE TO WITNESS: If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

## ATTACHMENT TO MAY 19, 2008 SUBPOENA
## TO TZU HSIEN "STEVE" WANG
*In the Matter of Tvia, Inc.*
*File No. SF-3245*

### I. DEFINITIONS AND INSTRUCTIONS

A. "DOCUMENT" and "DOCUMENTS" mean any and all records, whether drafts or final versions, originals or annotated or non-identical copies, however and by whomever created, produced, or stored (manually, mechanically, electronically, or otherwise), including, but not limited to, books, papers, files, notes, account statements, confirmations, reports, correspondence, letters, memoranda, reports, electronic files, computer records, computer programs, e-mail, Internet sites, World Wide Web pages, ledger sheets, telegrams, telexes, telephone bills, messages or logs, handwritten notes, minutes of conversations or meetings, contracts, agreements, calendars, datebooks, diaries, records of billings, checks, receipts, wire transfers, drafts for money, records of payment, data, magnetic tape, tape recordings, disks, diskettes, diskpacks or other electronic media, back-up tapes, microfilm, microfiche, and other storage devices. "DOCUMENT" and "DOCUMENTS" shall also include all "writings," "recordings," and "photographs" as defined by Rule 1001 of the Federal Rules of Evidence and all "books," "documents," and "tangible things" as those terms are used in Rules 26 and 34 of the Federal Rules of Civil Procedure.

B. "COMMUNICATIONS" means any and all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any two or more persons or entities, including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, interviews, meetings, letters, e-mails, notations, telegrams, advertisements, and all other documents.

C. "TVIA" means Tvia, Inc. and its officers, directors, managers, employees, attorneys, accountants, agents, representatives, affiliates, parents, subsidiaries, predecessors, successors, and divisions and any other person or entity acting on behalf of any of the aforementioned.

D. "RELATE TO," "REFER TO," "REFERRING TO," and "RELATING TO" mean referring to, pertaining to, relating to, alluding to, bearing upon, commenting upon, touching upon, regarding, concerning, recording, evidencing, constituting, substantiating, supporting, contradicting, discussing, mentioning, including, showing, demonstrating, reflecting, or otherwise affecting (directly or indirectly).

E. "YOU" or "YOUR" mean Tzu Hsien "Steve" Wang, including, but not limited to, anyone acting on his behalf with express, implied or apparent authority to do so.

F. "Each," "any," and "all" are mutually interchangeable and are meant to encompass one another so as to make a request broadly inclusive rather than narrowly

exclusive. Similarly, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside its scope. Use of either the singular or the plural should not be deemed a limitation, and the use of the singular should be interpreted as including the plural form and vice versa.

## TIME PERIOD OF REQUESTS

Unless otherwise specified, these requests seek DOCUMENTS from January 1, 2005 through present.

## DOCUMENTS TO BE PRODUCED

1. All DOCUMENTS RELATING TO YOUR employment at TVIA, including, but not limited to, DOCUMENTS RELATING TO YOUR hiring, promotion, reassignment, resignation, termination, departure, severance or dismissal from TVIA.

2. All DOCUMENTS RELATING TO any agreement or contracts between YOU and TVIA.

3. All DOCUMENTS RELATING TO YOUR compensation from TVIA, including, but not limited to, base salary, bonuses, bonus plans, options, commissions, commission plans, and adjustments.

4. All DOCUMENTS RELATING TO any COMMUNICATIONS sent to or received from any current or former officer, director, employee or agent of TVIA, including, but not limited to, letters, facsimiles, memoranda, electronic mail (e-mail), telegrams, telexes, notes of telephone conversations, audiotapes of conversations or video tapes of videoconferences.

5. All DOCUMENTS RELATING TO the recording of revenue for TVIA, including, but not limited to, all financial statements, audits, compilations, journal entries, adjustments, and reconciliations.

6. All DOCUMENTS RELATING TO TVIA sales, revenue, income, allowances, or expenses, including, but not limited to, targets, quotas, goals, forecasts and projections.

7. All DOCUMENTS RELATING TO any COMMUNICATIONS with any audit firm retained by or on behalf of TVIA.

8. All DOCUMENTS RELATING TO any TVIA policies, trainings, practices or standards regarding internal controls and revenue recognition, including, but not limited to, any violations or potential violations of any such policies, practices or standards.

9. All DOCUMENTS RELATING TO any potential or actual misstated revenue by TVIA or any other actual or potential accounting irregularity involving TVIA.

10. All DOCUMENTS RELATING TO any restatement of revenue or potential restatement of revenue by TVIA, including, but not limited to, any transactions, contracts, or agreements restated or evaluated as potentially requiring restatement.

11. All DOCUMENTS maintained by YOU RELATING TO TVIA, including, but not limited to, handwritten notes, memos, calendars, diaries, journals, or business files.

12. All DOCUMENTS RELATING TO actual or potential customers, distributors, or middlemen of TVIA, including, but not limited to, communications between YOU and actual or potential customers, distributors, or of TVIA.

13. All DOCUMENTS RELATING TO any agreements, contracts, side letters, payments of deposits, or other understandings with actual or potential customers, distributors, or middlemen of TVIA.

14. All DOCUMENTS, including, but not limited to, account statements or transaction confirmations, that refer or relate to any purchase or sale of TVIA securities, including, but not limited to, all brokerage or 401k account statements in YOUR name, in which YOU have a beneficial interest, in which YOU have authority to effect transactions, and/or over which YOU exercise control.