GREGORY CHARLES, ESQ., BAR NO. 208583
CAMPEAU GOODSELL SMITH
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408.295.9555
Facsimile: 408.852.0233
gcharles@campeaulaw.com

*Counsel for Tvia, Inc.*

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TVIA, INC.<br><br>              Plaintiff,<br><br>       vs.<br><br>BENJAMIN SILVA, TSU HSIEN "STEVE" WANG, MATTHEW MCKEE, DIANE BJORKSTROM MICHAEL BUTTRICK, YK SYNNET, A JAPANESE CORPORATION AND DOES 1 TO 100, INCLUSIVE | Case No. 08-cv-01908-SC<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND**<br><br>Judge: Hon. Samuel Conti<br>Hearing: July 11, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 1 |

**INTRODUCTION**

This matter is before the Court on a Motion to Remand ("Motion") filed by the Plaintiff, Tvia, Inc. ("Tvia"). The opposition to the Motion is a confused effort reflecting a complete misunderstanding of subject matter jurisdiction and the narrow circumstances in which a case may be removed from state court. Notably, the Defendants concede that diversity jurisdiction does not exist but attempt to offer evidence in violation of the Well-Pleaded Complaint Rule. Although the First Amended Complaint ("Complaint") only states causes of action under California law, the Defendants utterly ignore this consideration and strenuously argue that Tvia asserts claims arising under United States law. While the Notice of Removal ("NOR") is facially defective, the Defendants argue that equitable considerations somehow govern this statutory remedy. Consequently, the Motion should be granted, and an order should issue remanding this case to state court.

**ARGUMENT**

**A. The Defendants consented to the entry of an order remanding this case.**

The Defendants removed this case in bad faith and mask their actions by attacking the Plaintiff and its Counsel. The unfortunate conduct, however, continues effectively wasting limited judicial resources and delaying the effective administration of justice. Notably, the Defendants filed the following notice in this proceeding on May 1, 2008.

> PLEASE TAKE NOTICE that DEFENDANTS SILVA, WANG, AND MCKEE will voluntarily remand this action back to state court, where they will file a demurrer against PLAINTIFF TVIA, INC (Doc. No. 9).

Given this unequivocal statement, the Defendants' opposition to the Motion is entirely inexplicable. More importantly, Judicial Estoppel precludes the Defendants from now asserting a contrary position. In fact, the doctrine is applied in *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033 (9th Cir. 2003), a case upon which the Defendants place much reliance.

> [T]he district court erred in denying Lippitt's motion to remand. During oral argument, Lippitt's counsel stated that his client would not amend the complaint to add a federal claim upon remand of the action to state court. We remand in reliance that Lippitt will adhere to this promise, as well as to the characterization of the complaint which he offered to us, since judicial estoppel "bars a party from taking inconsistent positions in the same litigation." *United States v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1147 (9th Cir. 1998). *Id*. at 1046.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

1

1  Here, the Defendants promised to "voluntarily remand this action back to state court." On

2  this basis alone, the Motion should be granted.

### B. The Defendants concede the inapplicability of 28 U.S.C. §1332.

Notwithstanding the assertion to the contrary in the NOR, the Defendants now concede lack of diversity.

> On May 6, 2008, after several attempts to get Plaintiff's counsel, Gregory Charles, to voluntarily remand to state court failed, Defendants' counsel informed Mr. Charles the basis for removal was securities law: "On a moving forward basis, if you continue to refuse to do what you promised on May 1, 2008 [i.e., sign a proposed stipulation or offer your own], and not sign and return to me the stipulation…your motion to remand must focus on securities law…I do not contest that defendants lack diversity jurisdiction" (Doc. 30, p. 6:4-10).

Tvia has moved to strike this testimony and will address the merits of the argument in its reply papers in support of the Motion for Sanctions (Doc. No, 25). Obviously, the Defendants claim that the "motion to remand must focus on securities law" to avoid judicial scrutiny of the patently improper reliance on diversity jurisdiction. Despite the putative concession, however, Tvia properly established that the parties are not diverse. Had the Motion only "focus[ed] on securities law," the Defendants would have certainly ignored their prior concession and argued that the parties are diverse. In this context, the Defendants filed an opposition to the Motion after consenting to the entry of an order remanding the case. Thus, their willingness to abandon prior commitments is readily apparent.

### C. 15 U.S.C. § 78aa is entirely inapplicable to this proceeding.

In the Complaint, Tvia seeks damages of $2.4 million pursuant to Cal. Corp. Code § 25502.5, forfeiture of the $1 million in wrongfully obtained commissions and bonuses, and other damages arising from fraud, unjust enrichment, and breaches of fiduciary duty under California law (Complaint ¶14). The opposition to the Motion ignores the express allegations of the Complaint and argues that Tvia asserts claims under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and the Securities Exchange Act of 1934 ("Act"). The argument is utterly confused and entirely incorrect.

> Having disposed of the first three issues Plaintiff raises, Defendants address Issue #4: "The First Amended Complaint…only asserts causes of action arising under state law." This is the main contested issue between the parties.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

2

Section 27 of the Act, now codified at 15 U.S.C. § 78aa, provides in relevant part:

> The district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. [Emphasis added]

In short, Plaintiff's lawsuit is pre-empted by the 1934 Exchange Act, more specifically, Section 10(b) (see 15 U.S.C. §§ 78(j), 78i(e) and 78r(b)) if it accuses defendants of securities fraud. While there are no cases on point relating to whether California Corporations Code § 25402 is specifically pre-empted in all securities fraud cases, this broad issue is not before the Court. The only issue here is whether Plaintiff can allege securities fraud covered under Rule 10(b)-5, 15 U.S.C. §§ 78i(e) and 78r(b) without being subject to exclusive federal jurisdiction as stated in 15 USC § 78aa.

The federal courts have been consistent on the issue of exclusive jurisdiction. See *McClure v. Borne Chem. Co.*, 292 F.2d 824, 833 (3d Cir. 1961) ("That congress intended uniform enforcement of rights arising under The Securities Exchange Act of 1934 is indicated strongly by the fact that it gave exclusive jurisdiction to the United States courts of any suit brought to enforce the duties or liabilities created by the Act.") See Section 27, 1934 Securities Exchange Act, cited in full, *infra* (pp. 7:12-8:6).

Despite cavalier assertions to the contrary, the relationship between Cal. Corp. Code § 25402 and the Act is the central issue before the Court. Since the Act expressly *does not* preempt state law causes of action, the Defendants eschew this notion. Further, the absence of reported case law addressing this dispositive consideration is readily explained because the argument is not warranted by a plausible interpretation of existing law. Again, the Act expressly preserves state law claims.

> Except as provided in subsection (f), the rights and remedies provided by this title [15 USCS §§ 78a *et seq.*] shall be in addition to any and all other rights and remedies that may exist at law or in equity. 15 U.S.C. § 78bb.

Notably, *Lippitt, supra,* directly addresses this issue in the context of a California state law claim.

> On its face, § 28 preserves both common law and statutory authority over securities matters and thus reflects Congressional recognition of state competence in the securities field. See *Murphy v. Gallagher*, 761 F.2d 878, 885 (2d Cir. 1985) (recognizing that § 28 reflects Congress' cognizance of "the long-established state securities acts and the well-developed common law of fraud").

Therefore, Cal. Corp. Code § 25402 is not preempted by the Act.

Moreover, the opposition papers either ignore or misunderstand an important consideration. The existence of similar remedies under California and United States law does not *ipso facto* allow a defendant to remove a complaint alleging state law claims. The plaintiff, as "master of the

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

3

complaint," can "choose to have the cause heard in state court." *Calif. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 839 (9th Cir. 2004).  Further, under the Well-Pleaded Complaint Rule, a federal preemption defense is ordinarily insufficient to confer subject matter jurisdiction. *Falkowski v. Imation Corp.*, 2002 U.S. App. LEXIS 28037 (9th Cir. 2002) citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 3-4, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983).  Since preemption does not confer removal jurisdiction, the Defendants should have demurred in state court based upon their incorrect belief that the Act preempts Cal. Corp. Code § 25402.

### D. The Complaint does not assert a cause of action under Section 10(b).

Section 10(b) prohibits, in pertinent part, "any person, directly or indirectly, … [t]o use or employ, in connection with the purchase or sale of any security … any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe." 15 U.S.C. § 78j(b).  To implement § 10(b), the Securities Exchange Commission ("SEC") promulgated Rule 10b-5, 17 CFR § 240.10b-5.  Rule 10b-5 is composed of three parts that describe the type of conduct prohibited by § 10(b).  Here, Tvia only asserts causes of action under state law.  Therefore, this Court does not have subject matter jurisdiction.

### E. The Doctrine of Complete Preemption is not applicable.

Again, while the Defendants spend much time discussing *Lippett*, they ignore its express holding that mandates remand of this case to state court.   There, the plaintiff sued various brokerage firms in state court asserting claims under California law.  Like the Defendants in this matter, the firms removed the action to this Court.

> As both parties correctly recognize, the Exchange Act does not completely preempt or occupy the field of securities regulation. See 516 U.S. at 383 ("Congress plainly contemplated the possibility of dual litigation in state and federal courts relating to securities transactions.").  Because the Act contains an explicit savings clause at § 28, and an exclusive federal jurisdiction clause at § 27, we arrive at the following question: Does § 27 trump § 28, or vice versa, or can they both be given effect? 340 F.3d at 1037.

The Ninth Circuit then held that jurisdiction depended on the cause of action asserted by the plaintiff.

> To be sure, if Lippitt were asserting a violation of an SRO rule, then, as the parties both agree, this would be a matter of exclusive federal jurisdiction, and therefore removal would be proper. *Id.*; see also 15 U.S.C. § 78aa (exclusive jurisdiction, under

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
4

1  Section 27 of the Exchange Act, is for actions "brought to enforce any liability or
2  duty created by this chapter or the rules and regulations thereunder"). But because Lippitt challenges conduct solely under state law -- irrespective of whether it is legal under SRO rules -- his claims do not fit under Section 27. 340 F.3d at 1042.

3 Like the plaintiff in *Lippitt*, Tvia "challenges conduct solely under state law." Thus, the case could

4 not be removed to this Court. Again, Tvia is the master of its complaint.

**F. The Defendants' arguments regarding procedural defects noted in the Motion are directly contrary to well settled law.**

7 In addition to the lack of subject matter jurisdiction, Tvia timely asserted several procedural

8 defects that the Defendants cannot overcome. The Defendants acknowledge that they did not attach

9 the Complaint to the notice of removal but argue that Tvia suffered no prejudice (p. 12:16-20). The

10 Defendants' excuse for their sloppy actions, however, ignores the rationale underpinning the express

11 conditions of 28 U.S.C. § 1446.

> [T]he removing party is required to furnish the court, at the time of removal, with "a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). "This is necessary so the court has some idea what has transpired in the state court action that is being removed, and the federal court can ascertain the current procedural posture of the removed proceeding." *California v. Blackwelder,* 2007 U.S. Dist. LEXIS 46971 (E.D. Cal. June 28, 2007) quoting *Albertson v. United States*, No. CV 07-529-PA, 2007 U.S. Dist. LEXIS 28781, 2007 WL 1170632, at *1 (D. Or. Apr. 7, 2007).

17 In the Motion, Tvia also noted that all defendants must join in the notice of removal and

18 cited *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998). The opposition papers disregard the

19 express holding of this case and merely assert, "The plain language of 28 U.S.C. Section 1446

20 allows even a single defendant to remove the case" (p. 12:23-24). Further, the Defendants concede

21 that Defendant Bjorkstrom was served with process prior to the removal of the case but dismissively

22 claim (through inadmissible hearsay testimony) that she "does not oppose the request for removal"

23 (p. 12:25).

24 Like every other aspect of the opposition to the Motion, however, the instant arguments

25 disregard well settled and basic notions of federal jurisdiction and procedure. All defendants must

26 join in a removal petition. *Parrino, supra; Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir.

27 1986); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Abrego Abrego v.

28 Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006). Since the Defendants are incapable of citing

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
5

Campeau Goodsell Smith
A Law Corporation
San Jose, California

1  the law correctly, their papers evidence nothing but frivolity.  As such, each representation of fact is

2  dubious, and each argument is suspect.

### G. The Defendants' estoppel argument is directly contrary to the Well-Pleaded Complaint Rule and simply incorrect.

When federal question is cited as a basis of removal, the question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112-13, 81 L. Ed. 70, 57 S. Ct. 96 (1936).   Here, the Defendants offer irrelevant and inadmissible evidence in violation of the Well-Pleaded Complaint Rule.

> During Defendant "Steve" Wang's deposition in a separate state case filed by Plaintiff, Mr. Jefferson Stamp, Plaintiff's original lead counsel on this case, led a process server into the deposition and served Defendant Wang with an SEC subpoena.  Conversations with the SEC attorney assigned to the case establish Plaintiff has asked the SEC to get involved in this matter because of an allegation of insider trading. See <u>Declaration of Matthew Rafat, paragraph 6</u>.  It is contradictory for the same company to ask the SEC to get involved in an insider trading case and then on the other hand, deny that their insider trading claims are at least partly federal in nature (p. 13:8-18).

Tvia has moved to strike this inadmissible evidence.  Further, the Defendants offer no substantiation for the assertion that Tvia "ask[ed] the SEC to get involved in an insider trading case."  Finally, Tvia notes that Cal. Corp. Code § 25502.5(b) expressly protects the Defendants from duplicative liability under the Act and California law.

> The amounts recoverable under this section by the issuer shall be reduced by any amount paid by the defendant in a proceeding brought by the Securities and Exchange Commission with respect to the same transaction or transactions under the federal insider Trading Sanctions Act of 1984 (15 U.S.C. Secs. 78a, 78c, 78o, 78t, 78u, and 78ff) or any other act regardless of whether the amount was paid pursuant to a judgment or settlement or paid before or after the filing of an action by the plaintiff against the defendant. If a proceeding has been commenced by the Securities and Exchange Commission but has not been finally resolved, the court shall delay entering a judgment for the plaintiff under this section until that proceeding is resolved.

While the Defendants may certainly face civil liability and criminal prosecution under federal law, Tvia is plainly asserting causes of action under California law, and an investigation of Defendant Wang by the SEC does not create subject matter jurisdiction.  Again, "Congress plainly contemplated the possibility of dual litigation in state and federal courts relating to securities transactions" *Lippitt*, 340 F.3d at 1037.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

6

**H. The instant action is not "covered class action" within the meaning of 15 U.S.C. §78bb(f)(2).**

The Defendants final, and perhaps most egregious argument, relates to the completely unfounded notion that the instant proceeding involving one plaintiff asserting state law causes of action on its own behalf is a class action.

> Under 15 U.S.C. Ch 2B, § 78bb(f)(5)(B)(II), the PSLRA applies to a "covered class action." A covered class action is any single lawsuit in which "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members."
>
> Nowhere in Plaintiff's Complaint does it specifically list damages suffered only by the Plaintiff. The only damages specified in the Complaint involved an estimate of all shareholder loss as a result of alleged fraud. Plaintiff's Complaint is essentially a motion asking that it be named the lead representative in its action relating to securities fraud. Plaintiff will no doubt argue that it is seeking damages only on behalf of the corporation, not on behalf of public shareholders; however, where a plaintiff alleges damages based on fraud that caused a diminution in a company's stock price, the plaintiff is necessarily alleging a securities fraud action where it seeks "to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated" (p. 17:13-27).

Again, the Defendants are simply incapable of correctly citing the law and accurately representing the allegations of the Complaint that clearly enumerates actual damages suffered by Tvia including (1) damages of $2.4 million for violation of Cal. Corp. Code § 25502.5, (2) forfeiture of $1 million pursuant to *J.C. Peacock, Inc. v. Hasko, 196 Cal. App. 2d 353 (1961)*, and (3) damages of $1.5 million for costs incurred during the Audit Committee investigation (Complaint, ¶14).

The Defendants, however, implausibly claim that these damages somehow belong to Tvia's shareholders. Thus, the instant proceeding is really a quasi-class action.

> Plaintiff's stated source of damages is the difference in price of what all shareholders lost after alleged securities fraud. Plaintiff's Complaint lacks information relating a specific number of shares it owns or the basis (buy price) of stock, or any other information allowing a reader to ascertain what damages Plaintiff allegedly suffered. As a result, Plaintiff's own calculation of damages shows that Plaintiff intends to be a lead representative in a class action so it can recover the entire diminution in share price that all shareholders lost on the public market. There is no other way to arrive at the alleged loss of $594,062 without Plaintiff speaking on behalf of the class of investors that lost money on the public market. Nowhere in the Complaint does Plaintiff list how many shares it owns, or how many shares it traded on the day the alleged fraud caused its stock price to decline. Plaintiff expressly calculates damages as if it were stepping into the shoes of all public shareholders, seeking to recover all damages caused to them. It is contradictory to seek damages on behalf of all public

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

7

1  shareholders and yet claim not to be a class action representative. (p. 18:3-15).

2  The Defendants cite no authority for this fanciful proposition.  In fact, the argument is not

3  warranted by a plausible interpretation of existing law.  Notably, the California Supreme Court

4  spoke to this issue four months ago, but the consideration is not novel.

> The authority to manage the business and affairs of a corporation is vested in its board of directors, not in its shareholders (§ 300, subd. (a); *Granite Gold Min. Co. v. Maginness* (1897) 118 Cal. 131, 138).  This includes the authority to commence, defend, and control actions on behalf of the corporation (See generally 2 Ballantine & Sterling, Cal. Corporation Laws (4th ed. 2007) § 290, p. 14-6 (Ballantine & Sterling); e.g., *A. Paladini, Inc. v. Superior Court* (1933) 218 Cal. 114, 121).
>
> Because a corporation exists as a separate legal entity, the shareholders have no direct cause of action or right of recovery against those who have harmed it. The shareholders may, however, bring a derivative suit to enforce the corporation's rights and redress its injuries when the board of directors fails or refuses to do so. *Grosset v. Wenaas*, 42 Cal. 4th 1100, 1108 (Cal. 2008)

12  Here, Tvia brought this action against the Defendants seeking redress for harm that Tvia suffered.

13  Despite the Defendants' mischaracterization of these proceedings, Tvia is the *only* party with

14  standing to assert this claim.

> A stockholder may not maintain an action in his own behalf for a wrong done by a third person to the corporation on the theory that such wrong devalued his stock and the stock of the other shareholders. *Id*. at 1108.

17  Consequently, the Defendants' the assertion that this proceeding is a "covered class actions"

18  has no basis in either fact or law.

## CONCLUSION

For the foregoing reasons, this matter should be remanded to the Superior Court.

Dated: June 27, 2008            CAMPEAU GOODSELL SMITH
                                A Law Corporation


                                By:   /Gregory J. Charles
                                      GREGORY J. CHARLES
                                      Attorneys for Plaintiff

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
8