GREGORY CHARLES, ESQ., BAR NO. 208583
CAMPEAU GOODSELL SMITH
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408.295.9555
Facsimile: 408.852.0233
gcharles@campeaulaw.com
*Counsel for Tvia, Inc.*

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TVIA, INC.<br><br>           Plaintiff,<br><br>   vs.<br><br>BENJAMIN SILVA, TSU HSIEN "STEVE" WANG, MATTHEW MCKEE, DIANE BJORKSTROM MICHAEL BUTTRICK, YK SYNNET, A JAPANESE CORPORATION AND DOES 1 TO 100, INCLUSIVE | Case No. 08-cv-01908-SC<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. §§ 1927 AND 1446(a), FRCP 11, AND, LR7-8**<br><br>Judge: Hon. Samuel Conti<br>Hearing: July 11, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 1 |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

i

## INTRODUCTION

This matter is before the Court on a Motion for Sanctions ("Motion") filed by the Plaintiff, Tvia, Inc. ("Tvia") arising out of the Defendants and their Counsel's patently improper removal of this case from state court. Tvia also seeks sanctions for vexatious conduct occurring after removal. The opposition to the Motion (Doc. 36) is a desperate effort attempting to justify the Defendants' nefarious conduct. Although the Defendants claim that they have "strong incentive to cooperate … to minimize attorneys' fees," the record of this proceeding demonstrates repeated vexatious conduct. When confronted with these undisputed considerations, the Defendants cite their lack of resources as a basis to deny the Motion. The Defendants, however, had the resources to remove this case, prepare a lengthy motion to dismiss, and oppose the Motion to Remand *after* filing a notice agreeing to remand the case. Since the attorney's fees incurred by Tvia are directly related to the Defendants' specious use of these resources, their arguments certainly rings hollow.

Moreover, the Defendants' Counsel (1) ignored the express procedural provisions of the removal statute; (2) misrepresented Defendant Steve Wang's residency; (3) falsely certified that the parties were diverse; (4) did not obtain joinder of all defendants in the Notice of Removal; (5) made numerous misstatements of fact; (6) falsely claimed that a federal question existed on the face of the First Amended Complaint ("Complaint"), and (7) asserted legal arguments that lack any credible basis. Consequently, Mr. Rafat should bear personal responsibility for the fees sought by Tvia in this matter. To the extent that the Defendants relied on their Counsel's improper recommendations with respect to each vexatious event in this proceeding, such an order would certainly be a just result. Consequently, the Court should enter an order sanctioning the Defendants and their Counsel in the amount of $11,742.50.

## ARGUMENT

**A. Tvia is not seeking sanctions pursuant to Rule 11.**

The Defendants and their counsel mistakenly assert that Tvia seeks sanctions pursuant to Fed. R. Civ. Pro. ("Rule") 11. The Motion, however, seeks sanctions pursuant to 28 U.S.C. §§ 1927, 1446(a), and 1447(a). § 1927 states in pertinent part:

> Any attorney or other person admitted to conduct cases in any court of the United

States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Obviously, § 1927 contains no counterparts to the safe harbor and separate motion requirements of Rule 11. Several Circuits recognize this fact in reported cases. *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997); *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997); *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006)[1]

While §1446(a) expressly incorporates the Rule 11 *standard*, the safe harbor provision is absent from the statute. In fact, a motion to remand "must be made within 30 days after the filing of the notice of removal." §1446(c). The Defendants and their Counsel fail to cite (and the Plaintiff has not found) any authority conditioning sanctions after remand upon a showing that the moving party complied with the safe harbor provisions of Rule 11.

**B. Equitable considerations do not preclude sanctions.**

Since the Defendants and their Counsel ignored basic statutory procedures governing removal of cases and this Court lacks subject matter jurisdiction, the opposition papers cry for equity. The Defendants and their Counsel, however, constantly deny responsibility for the circumstances of their own making.

> Once Defendants accepted Plaintiff's counsel's offer to remand "or" be faced with a fee request, equitable estoppel prevents Plaintiff from changing its position. As the United States Supreme Court noted, one "who, by his language or conduct, leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted." *Dickerson v. Colgrove*, 100 U.S. 578, 25 L. Ed. 618 (1879). See also: *Olson Distributing Systems, Inc. v. Glasurit America, Inc.*, 850 F.2d 295 (6th Cir. 1988).
>
> Once Defendants' counsel Gregory Charles accepted Defendants' agreement to voluntarily remand the action (saying, "Thank You"), Plaintiff waived any fees associated with the federal action (p. 3:9-19).

---

[1] Cf. *China Healthways Inst., Inc. v. Hsin Ten Enter. USA, Inc.*, 2003 U.S. Dist. LEXIS 16286, 48-49 (C.D. Cal. Mar. 12, 2003) ("Plaintiff's motion for sanctions under Federal Rule of Civil Procedure 11 is DENIED because Plaintiff failed to comply with the "safe harbor" procedures of Rule 11(c)(1)(A)(2) Plaintiff's motion for sanctions under 28 U.S.C. § 1927 is GRANTED based on Defendant's bad faith in knowingly raising a frivolous argument in opposing Plaintiff's motion to dismiss or transfer the New York Action").

Campeau Goodsell Smith
A Law Corporation
San Jose, California

1  The Defendants' argument, however, is premised upon their demonstrated inability to make
2  an accurate factual representation to this Court.  Mr. Rafat's Declaration (Doc. 37) plainly
3  establishes this consideration.  Exhibit 1 is an email to Mr. Rafat dated May 1, 2008 in which the
4  Plaintiff attempted to resolve this issue without judicial intervention.  Counsel for Tvia wrote.

> Mr. Rafat
>
> I am enrolling as counsel of record in the above referenced matter.  I write for several reasons.  Initially your notice of removal is defective and reflects a disregard of both procedural and substantive requirements for removal.  Unless you stipulate to a remand, we will be forced to file a motion which will subject you to costs and attorneys fees.
>
> If you are unwilling to stipulate to remand, then I ask that you agree to continue your motion to dismiss until the remand motion is adjudicated. We can file the motion next week.  When the court notices a lack of subject matter jurisdiction, it has no authority to dismiss the case 16-107 Moore's Federal Practice - Civil § 107.41.
>
> If we no do not hear from you by noon on Monday, May 5, 2008, we will assume that you refuse to continue the motion to dismiss, and we will file a motion pursuant to LR 6-3 and 7-11.  In that event, we will include in our request for fees the time associated with the aforementioned motion.
>
> Gregory J. Charles, Esq.

While Counsel for the Defendants claims that he accepted the offer to remand the case pursuant to stipulation, the argument is a misstatement of fact.  Specifically, Counsel for the Defendants conditioned a stipulation upon waiver of any claim for attorney's fees and costs.  Mr. Rafat includes the email as Exhibit 2 to his declaration.

> Mr. Charles:
>
> I have spoken with my clients.  We are amenable to voluntarily remanding this action to state court and filing a demurrer.  Therefore, we will remand this action.  However, at this time, Jeff Stamp is counsel of record, so I will deal with him directly.
>
> Defendants will voluntarily remand this action back to state court, and of course, since no filings have occurred, TVIA is not entitled to any attorneys' fees or costs.
>
> Sincerely,
> Matthew Mehdi Rafat, Esq.

Clearly, the Defendants did not agree to an unconditional remand of the case.

Further, the Defendants claim that Tvia agreed to waive any claim for fees and reference an email that is not included as an exhibit to Mr. Rafat's declaration.  The Defendants argue, "On May 2, 2008, at 1:32PM, Mr. Charles wrote back, saying, 'Thank You'" (Opp., p. 5:11).  "Thank You,"

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
3

however, was not an acceptance of the Defendants' proposal that Tvia waive any claim for attorney's fees. Moreover, in Exhibit 2, Mr. Rafat plainly refused to meet and confer with Mr. Charles stating that "Jeff Stamp is counsel of record, so I will deal with him directly." Consequently, Mr. Charles politely responded, "Thank You."

Next, the Defendants then make the following confused assertion in support of their equitable argument.

> [T]he only rational explanation for the adversarial stance after May 5, 2008, is that Plaintiff's in-house counsel did not want to be subject to a demurrer and decided to violate local state court rules (Opp., p. 6:5-7).

The Defendants, however, filed a Rule 12(b)(6) motion in this proceeding on April 25, 2008 (Doc. Nos. 6-7). Thus, Tvia was already facing the functional equivalent of a state law demurrer in this Court.[2] Moreover, the refusal to waive a claim for attorney's fees in conjunction with voluntary remand of the case does not preclude a demurrer in state court.

In this context, the Defendants' plea to this Court regarding litigation resources certainly rings hollow.

> Defendants are individuals. They are not a corporation that has a litigation budget set aside, and no insurance policy is covering their attorneys' fees in this case. As a result, Defendants' counsel had and has a strong incentive to cooperate with Plaintiff's counsel to minimize attorneys' fees. It is Plaintiff's prerogative if it wants to file unnecessary motions. It apparently has the funds to do so. But to transfer their unwise choice to Defendants does not comport with notions of fair play (Opp., p. 7:3-8).

If this consideration were true, the Defendants would have immediately stipulated to remand the case, once advised that the notice of removal was defective and this Court lacked subject matter jurisdiction. At that point, the attorney's fees were insignificant as Tvia properly tried to resolve this issue without resort to expensive motion practice. Further, if "Counsel had and has a strong incentive to cooperate with Plaintiff's counsel to minimize attorneys' fees," he would have re-noticed the Motion to Dismiss pursuant to LR 7-7, but he forced Tvia to incur attorney's fees opposing the motion.

---

[2] A demurrer under California law is equivalent to a Rule 12(b)(6) motion. *11601 Wilshire Assocs. v. Grebow*, 64 Cal. App. 4th 453, 457 (Cal. App. 2d Dist. 1998).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

4

1   Finally, the Defendants' vexatious conduct is epitomized by the notice filed in this

2   proceeding on May 1, 2008.

> PLEASE TAKE NOTICE that DEFENDANTS SILVA, WANG, AND MCKEE will voluntarily remand this action back to state court, where they will file a demurrer against PLAINTIFF TVIA, INC (Doc. No. 9).

Given this unequivocal statement, the Defendants' should have filed a Notice of Non-opposition to the Motion to Remand. The Defendants and their Counsel, however, filed a *nineteen* page opposition to the remand motion (Doc. 30) relying on arguments that are not warranted by plausible interpretation of existing law. Consequently, the Defendants and their Counsel needlessly forced Tvia to incur additional attorney's fees preparing reply papers.

### C. The claim that Tvia is attempting to "manufacture attorneys' fees" is based upon misstatements of fact.

Given the previously discussed undisputed considerations, the Defendants' claim that Tvia is forcing the parties to incur unnecessary fees is quite astonishing.

> Plaintiff had not expended 1,000 dollars on May 1, 2008 when it sent its email offering a stipulation, or even by May 5, 2008, when a total of six one page emails had been sent back and forth between [sic] counsels. The mere fact that by May 6, 2008, Plaintiff was suddenly demanding 1000 dollars and is now demanding over 8,000 dollars should indicate that these motions before the Court were filed to manufacture attorneys' fees. Defendants cannot tell Plaintiff how to spend its money—but Defendants should not be liable for fees not wisely spent. Plaintiff's counsel never spent the five minutes it would have required to draft a stipulation to remand this case back to state court. See Declaration of Matthew Rafat, paragraph 12. Had either of Plaintiff's [sic]counsels drafted a stipulation including the terms of their offer to voluntarily remand to state court on May 1, 2008, none of these motions before the Court would have been necessary (p. 7:17-28).

The Defendants' assertions, however, are once again premised upon additional misstatements of fact. By May 5, 2008 well more than "six one page emails" had been sent back and forth between Counsel. For example, Tvia sent correspondence to Counsel for the Defendants citing seven specific considerations demonstrating the patently improper removal of the case on May 5, 2008 (Doc. 26, Ex. 5). Notably, the correspondence concludes with the following admonition.

> Since I have taken the time to explain most, but not all, of your defective efforts to remove the case, I trust that you will promptly stipulate to remand of the matter. I will not go through the effort to prepare a stipulation absent your written representation that all parties agree to the remand.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

5

While counsel for the Defendants claims that Defendant Bjorkstrom "does not oppose the request for removal" (Doc. 30 p. 12:25), he never represented in writing that she agreed to remand the case. Further, Mr. Rafat never agreed in writing on behalf of his clients to remand the case, absent a waiver of any claim for attorney's fees. Thus, the assertion that "Plaintiff's counsel never spent the five minutes it would have required to draft a stipulation to remand this case back to state court" is another misstatement of fact.

### D. Counsel's explanation for his misrepresentation of Mr. Wang's residency is based upon another misstatement of fact.

In support of the Motion, Tvia demonstrated that Counsel for the Defendants deliberately misrepresented the residency of Mr. Wang when he removed the case. Like every other aspect of the opposing papers, the purported explanation of this vexatious conduct is based upon a misstatement of fact.

> Plaintiff cites a state discovery ruling that required Defendant Wang to travel from China to California for his deposition. First, the basis for Mr. Wang's residency was supported by his own earlier declaration, which was attached as "Exhibit B" to the Notice of Removal. This declaration stated that Mr. Wang lived in China. See Exhibit 2 attached to Decl of Rafat, "I am currently in China." Second, the state court found residency in the state of California for purposes of a deposition appearance. Prior to signing with The Law Office of Matthew Rafat, Mr. Wang had been *pro se*. While *pro se*, he listed a Santa Clara County, California address to receive papers as a courtesy to Plaintiff. The state court interpreted that courtesy as evidence that Mr. Wang had sufficient contacts with California to order him to travel from China to California for his deposition (p. 9:19-10:2).

Mr. Rafat is counsel for Defendant Wang in *Tvia, Inc. v. NBG, et al.* (Case No. 1-07-CV-084211) pending in the Superior Court. The complaint in that case alleges that Mr. Wang is a resident of California (Doc. 26, Ex. 3, ¶¶3-5). The answer that Mr. Wang filed *while represented by counsel* admits the allegations of residency (Doc. 26, Ex. 4, ¶3). Thus, the argument regarding Mr. Wang's "courtesy address" is simply a confabulation.

### E. The admitted ongoing conduct of the Defendants and their Counsel justifies the imposition of sanctions.

As noted, each aspect of the opposition papers is predicated upon either a misstatement of fact or a misapplication of law. Further, the following undisputed considerations mandate remand of this case and imposition of sanctions.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

6

1. Although the Notice of Removal cites diversity of citizenship, Tvia, Silva, Wang, and Mckee are residents of California (Doc. 26, Exs. 3-4).

2. On May 6, 2008, Counsel for the Defendants admitted that the parties are not diverse (Doc. 26, Ex. 2).

3. Counsel for the Defendants did not attach the Complaint to the Notice of Removal (Doc. No. 1).

4. The Defendants and their Counsel concede that Defendant Bjorkstrom was served with process but did not join in the Notice of Removal.

5. The Complaint only asserts causes of action under California law (Doc. 22, Ex. 1).

6. Although 15 U.S.C. § 78bb expressly preserves state law causes of action, the Defendants and their Counsel assert that jurisdiction is established by "a good faith belief that federal securities laws pre-empt a state court complaint" (Doc. No. 17, ¶18).

7. Even if a preemption defense existed, which it does not, that consideration does not confer subject matter jurisdiction.

8. Although Tvia brought this action against the Defendants seeking redress for harm that it suffered, the Defendants and their Counsel claim that this proceeding is a "class action of one" within meaning of the Private Securities Litigation Reform Act of 1995 (PSLRA) and the Securities Litigation Uniform Standards Act of 1998 (SLUSA).

9. The Defendants and their Counsel insisted upon a waiver of seek costs and attorney's fees as a condition of voluntary remand.

10. The Defendants and their Counsel insisted upon this Court entering an order managing the docket of the Superior Court as a condition of voluntary remand.

11. Cognizant of the Plaintiff's refusal to waive its claim, the Defendants and their Counsel sought an *ex parte* order adjudicating Tvia's claim for attorney's fees (Doc. No. 9).

12. After stating that they "will voluntarily remand this action" (Doc. No. 9), the Defendants and their Counsel refused to remove their motion to dismiss from the docket forcing Tvia to incur attorney's fees preparing an opposition.

13. The Defendants and their Counsel attempted to offer evidence in support of their Rule 12(b)(6) motion.

14. After stating that they "will voluntarily remand this action" (Doc. No. 9), the Defendants and their Counsel filed a lengthy opposition to the Motion to Remand (Doc. No. 30).

15. The Defendants and their Counsel attempted to offer evidence in violation of the Well-Pleaded Complaint Rule (Doc. 31).

The instant dispute does not present difficult or unresolved issues. In this context, the Defendants and their Counsel cannot claim that they objectively acted contrary to the law but maintained subjective good faith. Imposition of this standard would allow outrageous conduct but preclude sanctions, if the offending party certified ignorance of the law. If a party or counsel are

Campeau Goodsell Smith
A Law Corporation
San Jose, California

ignorant of procedural and substantive considerations governing removal of a case and subject matter jurisdiction, then failure to gain competence before coming to this Court constitutes subjective bad faith.

**F. Silva, Mckee, Wang, and Mr. Rafat should be sanctioned $11,742.50.**

In support of the Motion, Tvia offered evidence that it incurred $5,442.50 in attorney's fees in conjunction with its efforts to remand the case (Doc. No. 20).  These fees include.

| Activity | Fees |
|---|---|
| Review of NOR and legal research regarding the defective NOR. | $1,085.00 |
| Drafted correspondence to opposing counsel regarding Defective NOR. | $630.00 |
| Preparation of Administrative Motion, points and authorities, supporting papers, Certificate of Service; and proposed order. | $875.00 |
| Preparation of Motion to Remand, points and authorities, supporting papers, Certificate of Service and proposed order. | $1,365.00 |
| Preparation of Motion for Sanctions, points and authorities, supporting papers, Certificate of Service and proposed order. | $1,487.50 |
| **Total** | **$5,442.50** |

Tvia further noted that it expected to incur $2,800.00 in fees relating to the preparation of reply papers.

The Defendants and their Counsel, however, forced Tvia to respond to the merits of the Motion to Dismiss and incur substantial attorney's fees preparing reply papers in support of the Motion to Remand.  Given the numerous misstatements of fact and law, the reply papers relating to the instant motion consumed considerable resources.  Consequently, as demonstrated by the Supplemental Declaration of Gregory J. Charles, Esq. filed concurrently herewith, Tvia has incurred the following attorney's fees after filing the Motion to Remand.

| Activity | Fees |
|---|---|
| Review and analysis of Rule 12(b)(6) Motion.  Preparation of opposition papers to motion to dismiss. | $2,100.00 |
| Review and analysis of opposition papers.  Preparation of reply papers regarding Motion to Remand. | $1925.00 |
| Review and analysis of opposition papers.  Preparation of reply papers regarding Motion for Sanctions. | $1,575.00 |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

8

| Activity | Fees |
|---|---|
| Preparation of Motion to Strike Declaration in support of 12(b)(6) motion | $350.00 |
| Preparation of Motion to Strike Declaration in opposition to Motion to Remand. | $350.00 |
| **Total** | **$6,300.00** |
| **Grand Total** | **$11,742.50** |

Before incurring any attorney's relating to motion practice, Tvia advised the Defendants in writing that this Court lacked subject matter jurisdiction and Counsel for the Defendants disregarded the removal statute.  Given the refusal to remand the case voluntarily, the Defendants cannot complain about the fees associated with the Motion to Remand.  Since the Defendants refused to remove their Motion to Dismiss from the docket, they cannot object to the fees incurred by Tvia responding to this frivolous motion.  Further, given the repeated misstatements of fact and reliance upon misrepresentations of the law, the Defendants are responsible for the fees sought relating to the instant Motion.

## CONCLUSION

For the foregoing reasons, the Motion should be granted.  Defendants Silva, Mckee, and Wang and Mr. Rafat should be sanctioned $11,742.50.

Dated: June 27, 2008                         CAMPEAU GOODSELL SMITH
                                             A Law Corporation


                                             By:   /Gregory J. Charles
                                                  GREGORY J. CHARLES
                                                  Attorneys for Plaintiff

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
9