GREGORY CHARLES, ESQ., BAR NO. 208583
CAMPEAU GOODSELL SMITH
440 North First Street, Ste. 100
San Jose, California 95112
Telephone: 408.295.9555
Facsimile: 408.852.0233
gcharles@campeaulaw.com

*Counsel for Tvia, Inc.*

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TVIA, INC.<br><br>      Plaintiff,<br><br>vs.<br><br>BENJAMIN SILVA, TSU HSIEN "STEVE" WANG, MATTHEW MCKEE, DIANE BJORKSTROM MICHAEL BUTTRICK, YK SYNNET, A JAPANESE CORPORATION AND DOES 1 TO 100, INCLUSIVE | Case No. 08-cv-01908-SC<br><br>**MOTION TO STRIKE DEFENDANTS' SILVA, MCKEE, AND WANG's OPPOSITION TO PLAINTIFF TVIA'S MOTION TO REMAND (DOC. 30) AND DECLARATION OF MATTHEW RAFAT (DOC. NO. 31)**<br><br>Judge: Hon. Samuel Conti<br><br>Hearing: July 11, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 1 |

## MOTION

Tvia, Inc. ("Tvia") hereby moves to strike the Opposition to Tvia's Motion to Remand (Doc. 30) and Declaration of Matthew Rafat (Doc. No. 31). This motion is predicated upon the following considerations:

1. Silva, Wang, and McKee ("Defendants") removed this case from the Superior Court for the State of California on April 9, 2008.

2. Tvia moved to remand the case on May 8, 2008 ("Motion") (Doc. No. 20).

3. Since jurisdiction must be disclosed on the face of the complaint, the Defendants' effort to introduce testimony and exhibits in opposition to the Motion is improper.

Consequently, the opposition the Motion (Doc. 30) and Declaration of Matthew Rafat (Doc. No. 31)

should be stricken.

## POINTS AND AUTHORITIES

**A. Since "Section A" of the Defendants' Opposition to the Motion improperly attempts to offer evidence in violation of the "Well Pleaded Complaint Rule," it should be stricken.**

The Defendants concede that diversity jurisdiction is not present (Doc. 30, p. 6:9-10). When federal question is cited as a basis of removal, the question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. Nat'l Bank in Meridian*, 299 U.S. 109, 112-13, 81 L. Ed. 70, 57 S. Ct. 96 (1936) (noting that the federal question cannot be "merely a possible or conjectural one"). Thus, the rule enables the plaintiff, as "master of the complaint," to "choose to have the cause heard in state court" by eschewing claims based on federal law. *Calif. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 839 (9th Cir. 2004). The First Amend Complaint ("Complaint") in this matter asserts no federal claims (R.J.N., Ex. 1).

Here, Section A of the opposition cites the "Declaration of Matthew Rafat, paragraph 3, Exhibit 1" (p. 6:10). It also cites "Declaration of Matthew Rafat, Ex. 1" (*Id*. at 28). Consequently, Section A improperly relies on materials outside of the Complaint and must be stricken.

**B. Since "Section B" of the Defendants' Opposition to the Motion improperly attempts to offer evidence in violation of the "Well Pleaded Complaint Rule," it should be stricken.**

Likewise, Section B relies on materials extraneous to the Complaint. For example, the Defendants state, "Plaintiff TVIA is a publicly traded company. The ticker symbol is 'TVIA' and it trades as a 'pink sheet' company. See http://finance.yahoo.com/q?s=TVIA.PK" (p. 7:9-11). Consequently, this portion of the opposition relies on materials outside of the Complaint and must be stricken.

**C. Since "Section D" of the Defendants' Opposition to the Motion improperly attempts to offer evidence in violation of the "Well Pleaded Complaint Rule," it should be stricken.**

Likewise, Section D relies on materials extraneous to the Complaint. For example, the Defendants claim that, "They filed in the District Court of the United States a Notice of Removal signed pursuant to Rule 11 of the Fed. Rules of Civ. Proc. containing a short and plain statement of the grounds for removal, along with a copy of all process, pleadings, and orders served upon such

1  defendant or defendants in such action. See Declaration of Matthew Rafat Exhibit 2" (p. 12:12-15).

2  Later, Mr. Rafat offers hearsay testimony supporting the Defendants' argument that all of the

3  defendants did not have to join in the removal:

> The plain language of 28 U.S.C. Section 1446 allows even a single defendant to remove the case. 'A defendant … desiring to remove any civil action.' 28 U.S.C. 1446(a). Bjorkstrom does not oppose the request for removal. See Declaration of Rafat, paragraph 5. Plaintiff is arguing form over substance in an attempt to deprive Defendants of the protection of federal court and Congress' aim in reducing frivolous securities litigation" (p. 12:13-28).

8  Consequently, these portions of the opposition rely on materials outside of the Complaint and must

9  be stricken.

    **D. Since "Section E" of the Defendants' Opposition to the Motion improperly attempts to offer evidence in violation of the "Well Pleaded Complaint Rule," it should be stricken.**

12  Likewise, Section E relies on materials extraneous to the Complaint.  Mr. Rafat offers

13  hearsay testimony supporting the Defendants' equitable argument:

> During Defendant 'Steve' Wang's deposition in a separate state case filed by Plaintiff, Mr. Jefferson Stamp, Plaintiff's original lead counsel on this case, led a process server into the deposition and served Defendant Wang with an SEC subpoena. Conversations with the SEC attorney assigned to the case establish Plaintiff has asked the SEC to get involved in this matter because of an allegation of insider trading. See Declaration of Matthew Rafat, paragraph 6 (p. 13:8-13).

18  Consequently, this portion of the opposition relies on materials outside of the Complaint and must

19  be stricken.

    **E. Since "Section F" of the Defendants' Opposition to the Motion improperly attempts to offer evidence in violation of the "Well Pleaded Complaint Rule," it should be stricken.**

22  Likewise, Section F relies on materials extraneous to the Complaint.  The Defendants state,

23  "Plaintiff had clear notice that securities preemption was the key issue in removal. See Declaration

24  of Matthew Rafat, paragraph 3 and Exhibit 1" (p. 15:22-24).  Consequently, this portion of the

25  opposition relies on materials outside of the Complaint and must be stricken.

    **F. The Declaration of Matthew Rafat and its exhibits should be stricken.**

27  The Defendants' efforts to offer testimony in violation of the Well Pleaded Complaint Rule

28  are patently improper.  Consequently, the Declaration of Matthew Rafat and its exhibits should be

Campeau Goodsell Smith
A Law Corporation
San Jose, California

1  stricken.

2  Dated: June 27, 2008                    CAMPEAU GOODSELL SMITH
                                           A Law Corporation
3

4
                                           By:   /Gregory J. Charles
5                                                GREGORY J. CHARLES
                                                 Attorneys for Plaintiff